**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

SUNNY FRESH FOODS, INC.

Plaintiff,

vs.

MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,

Defendants.

Civil Action No. 00-CV-2117 (DSD/JMM)

**STIPULATED ORDER REGARDING FILING NOVEMBER 1, 1995 AGREEMENT IN THE PUBLIC RECORD**

Plaintiff, Sunny Fresh Foods, Inc., having moved for leave to file under seal the attached confidential, November 1, 1995 Agreement, and the parties having stipulated that the Agreement need no longer be maintained in confidence, it is HEREBY ORDERED THAT:

1. The November 1, 1995 Agreement shall be filed in the public record with this Order;

2. The November 1, 1995 Agreement no longer must be held in confidence by the Court or the parties; and

3. All briefings (or other documents, served but not yet filed) which were originally captioned to require filing under seal due to the disclosure of the Agreement therein may be amended and filed without such captions.

JAN 22 2001
CLERK
JUDGMENT

APPROVED AS TO FORM:

Dated: January 19, 2001

Steven C. Schroer (Minn. I.D. #97743)
Timothy E. Levstik
Philip T. Petti
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, #1600
Chicago, Illinois 60603-3406
(312) 577-7000

Brian B. O'Neill (Minn. I.D. #82521
Felicia J. Boyd
Lori A. Wagner
William L. Roberts
FAEGRE & BENSON
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000
Attorneys for Plaintiff

Dated: January 19, 2001

Geoffrey P. Jarpe (Minn. I.D. # 49761)
MASLON EDELMAN BORMAN & BRAND
330 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55420-4140
(612) 672-8200

James D. Myers
Richard P. Vitek
MYERS, BIGEL, SIBLEY & SAJOVEC, P.A.
P.O. Box 37428
Raleigh, NC 27627
(919) 854-1400
Attorneys for Defendants

SO ORDERED:

Date: 1/19/01

United States Magistrate Judge

CONFIDENTIAL

# AGREEMENT

This AGREEMENT is entered into on this the 1st day of November, 1995 by and between Michael Foods, Inc. ("Michael Foods"), North Carolina State University ("NCSU"), and Sunny Fresh Foods, Inc. ("Sunny Fresh") who are currently parties in a lawsuit pending in the Federal District Court for the District of Minnesota, Civ. Action No. 4-92 Civil 635 (the "Civil Action").

**WHEREAS**, Sunny Fresh has brought the Civil Action seeking a judgment that United States Patent Nos. 4,808,425 ("the '425 patent), 4,957,759 ("the '759 patent"), 4,994,291 (the "291 patent) and 5,019,408 ("the '408 patent") collectively the "patents in suit") which comprise numerous process claims directed to methods for the ultrapasteurization of liquid whole egg products are not infringed by Sunny Fresh, are invalid and are unenforceable;

**WHEREAS**, Michael Foods and NCSU have asserted that Sunny Fresh infringes the patents in suit and that the patents in suit are valid and enforceable;

**WHEREAS**, the patents in suit are currently involved in ongoing proceedings in the United States Patent and Trademark Office ("Patent Office") including a combined reissue/reexamination proceeding on the '408 patent (Control No. 08/016,985), a reexamination proceeding on the '425 patent (Control No. 90/003,755; 90/003,629), a reexamination proceeding on the '759 patent (Control No. 90/003,630) and a reexamination proceeding on the '291 patent (Control No. 90/003,631) (collectively the "Patent Office Proceedings");

**WHEREAS**, the Patent Office Proceedings involve issues related to the patents in suit which may affect the necessity for and the issues to be decided in the Civil Action;

**WHEREAS**, Michael Foods, NCSU and Sunny Fresh had agreed to stay the Civil Action until the Patent Office Proceedings are final as shown in the Stay Agreement attached hereto as Exhibit A;

**WHEREAS**, the Court denied the parties' joint request for a stay and indicated that it would entertain a joint dismissal of the action without prejudice;

**AND, WHEREAS**, Michael Foods, NCSU and Sunny Fresh all wish to accommodate the Court's needs and to dismiss the Civil Action without prejudice subject to the terms and conditions stated herein, it being the mutual intention of the parties to accomplish by this Agreement as nearly as possible what the parties sought to accomplish in the Stay Agreement.

Michael Foods, NCSU and Sunny Fresh AGREE as follows:

1. Michael Foods, NCSU and Sunny Fresh will jointly move the Court in the Civil Action for a dismissal without prejudice of all proceedings in the Civil Action in the form of the DISMISSAL ORDER attached to this AGREEMENT as Exhibit B until the Patent Office Proceedings are final.

2. Should the Court in the Civil Action enter the Dismissal Order, Sunny Fresh shall not now or hereafter be liable to Michael Foods or NCSU for damages, royalties, costs or expenses (including attorneys' fees) of any kind or nature related to any claims asserted in the Civil Action arising out of any Sunny Fresh activities whatsoever during the duration of the Dismissal Period as defined in paragraph 3 herein.

3. The Dismissal Period provided for herein shall commence upon execution of the Dismissal Order by the Court in the Civil Action and extend until all presently pending Patent Office Proceedings relating to the patents in suit (including the combined reissue/reexamination proceeding on the '408 patent (Control No. 08/061,985), a reexamination proceeding on the '425 patent (Control No. 90/003,755; 90/003,629), a reexamination proceeding on the '759 patent (Control No. 90/003,630) and a reexamination proceeding on the '291 patent (Control No. 90/003,631)) are final. "Final" shall include the mailing of notices of allowance in said proceedings or the conclusion of any and all appeals therefrom.

4. After the Patent Office Proceedings are final, Michael Foods and/or NCSU shall provide Sunny Fresh with written notice of the finality of the proceedings. Within fifteen (15) days after receipt of said notice, Sunny Fresh may either commence an action in the District Court of Minnesota for declaratory relief or may move to vacate the Dismissal Order pursuant to Federal Rule of Civil Procedure 60(b). Michael Foods and NCSU agree that during said fifteen (15) day period of time they shall not commence any action against Sunny Fresh related to the patents in suit or reissues thereof. In the event that Michael Foods and NCSU commence an action against Sunny Fresh as provided herein, the parties agree that such an action will be venued in the District of Minnesota.

5. The parties agree that in the event that Sunny Fresh commences an action or moves pursuant to Federal Rule of Civil Procedure 60(b) to vacate the Dismissal Order, or Michael Foods and NCSU commence an action against Sunny Fresh as provided in paragraph 4, the following covenants will control any claims later asserted by the parties (hereinafter referred to as the "Second Civil Action"):

a) All actions, causes of action, allegations, claims, counterclaims and defenses that have been asserted by any party against any other party in the Civil Action as of the date of the execution of the Dismissal Order by the Court in the Civil Action are preserved and shall not be affected by the parties' entry into this Agreement or agreement to the Dismissal Order. Subject to paragraph 2 hereof, all claims to any damages, royalties, costs or other expenses (including attorneys' fees) are likewise preserved pending the initiation of the Second Civil Action concerning the patents in suit or any reissues thereof:

b) Subject to paragraph 2 hereof, Michael Foods and NCSU agree not to assert or seek to apply the applicable statute of limitations against any action, allegation, claim, counterclaim or defense presently or hereafter asserted by Sunny Fresh upon the commencement of the Second Civil Action relating to the patents in suit or any reissues thereof. Sunny Fresh agrees not to assert or seek to apply the applicable statute of limitations against any action, allegation, claim, counterclaim or defense presently or hereafter asserted by Michael Foods or NCSU upon the commencement of the Second Civil Action relating to the patents in suit or any reissues thereof;

c) The parties agree that all materials discovered by the parties during the course of the Civil Action can be used in the Second Civil Action subject to any and all evidentiary objections; and

d) In the Second Civil Action, the parties agree not to duplicate discovery previously conducted by the parties in the Civil Action and shall limit discovery to new issues or matters arising after entry of the Dismissal Order.

**6.** The terms of this AGREEMENT shall be considered CONFIDENTIAL and not be disclosed by Michael Foods, NCSU or Sunny Fresh. Should either Michael Foods, NCSU or Sunny Fresh be subjected to any proceeding in any Court, or any other legal obligation which would seek to compel or require disclosure of the terms of this AGREEMENT, the affected party shall promptly advise the other party of such circumstances and provide the other party an opportunity to protect that party's interest in the confidentiality of this AGREEMENT before revealing the terms of this AGREEMENT.

**HEREBY AGREED TO:**

**On Behalf of Michael Foods & NCSU:**

James D. Myers, Esq.
BELL, SELTZER, PARK & GIBSON
3605 Glenwood Avenue
Suite 310
Raleigh, NC 27612

**On Behalf of Sunny Fresh:**

Lawrence C. Brown, Esq.
FAEGRE & BENSON

2200 Norwest Center
90 South Seventh
Minneapolis, MN 55402

MLL2CD83.WP5

# STAY AGREEMENT

This STAY AGREEMENT is entered into on this the 1st day of November, 1995 by and between Michael Foods, Inc. ("Michael Foods"), North Carolina State University ("NCSU"), and Sunny Fresh Foods, Inc. ("Sunny Fresh") who are currently parties in a lawsuit pending in the Federal District Court for the District of Minnesota, Civ. Action No. 4-92 Civil 635 (the "Civil Action").

**WHEREAS**, Sunny Fresh has brought the Civil Action seeking a judgment that United States Patent Nos. 4,808,425 ("the '425 patent), 4,957,759 ("the '759 patent"), 4,994,291 (the "291 patent) and 5,019,408 ("the '408 patent") collectively the "patents in suit") which comprise numerous process claims directed to methods for the ultrapasteurization of liquid whole egg products are not infringed by Sunny Fresh, are invalid and are unenforceable;

**WHEREAS**, Michael Foods and NCSU have asserted that Sunny Fresh infringes the patents in suit and that the patents in suit are valid and enforceable;

**WHEREAS**, the patents in suit are currently involved in ongoing proceedings in the United States Patent and Trademark Office ("Patent Office") including a combined reissue/reexamination proceeding on the '408 patent (Control No. 08/016,985), a reexamination proceeding on the '425 patent (Control No. 90/003,755; 90/003,629), a reexamination proceeding on the '759 patent (Control No. 90/003,630) and a reexamination proceeding on the '291 patent (Control No. 90/003,631) (collectively the "Patent Office Proceedings");

**WHEREAS**, the Patent Office Proceedings involve issues related to the patents in suit which may affect the necessity for and the issues to be decided in the Civil Action;

**AND, WHEREAS**, Michael Foods, NCSU and Sunny Fresh all wish to stay the Civil Action until the Patent Office Proceedings are final.

**Michael Foods, NCSU and Sunny Fresh AGREE as follows:**

**1.** Michael Foods, NCSU and Sunny Fresh will jointly move the Court in the Civil Action for a Stay of all proceedings in the Civil Action in the form of the CONSENT STAY ORDER attached to this STAY AGREEMENT until the Patent Office Proceedings are final.

**2.** Should the Court in the Civil Action enter the Stay, Sunny Fresh shall not now or hereafter be liable to Michael Foods or NCSU for damages, royalties, costs or expenses (including attorneys' fees) of any kind or nature related to any claims asserted in this action arising out of any Sunny Fresh activities whatsoever during the duration of the Stay as defined by the Consent Stay Order and paragraph 3 herein.

EXHIBIT A

3. The Stay provided for herein shall extend until all presently pending Patent Office Proceedings relating to the patents in suit (including the combined reissue/reexamination proceeding on the '408 patent (Control No. 08/061,985), a reexamination proceeding on the '425 patent (Control No. 90/003,755; 90/003,629), a reexamination proceeding on the '759 patent (Control No. 90/003,630) and a reexamination proceeding on the '291 patent (Control No. 90/003,631)) are final. "Final" shall include the mailing of notices of allowance in said proceedings or the conclusion of any and all appeals therefrom.

4. The terms of this STAY AGREEMENT shall be considered CONFIDENTIAL and not be disclosed by Michael Foods, NCSU or Sunny Fresh. Should either Michael Foods, NCSU or Sunny Fresh be subjected to any proceeding in any Court, or any other legal obligation which would seek to compel or require disclosure of the terms of this STAY AGREEMENT, the affected party shall promptly advise the other party of such circumstances and provide the other party an opportunity to protect that party's interest in the confidentiality of this STAY AGREEMENT before revealing the terms of this STAY AGREEMENT.

**HEREBY AGREED TO:**

**On Behalf of Michael Foods & NCSU:**

James D. Myers, Esq.
BELL, SELTZER, PARK & GIBSON
3605 Glenwood Avenue
Suite 310
Raleigh, NC 27612

**On Behalf of Sunny Fresh:**

Lawrence C. Brown, Esq.
Faegre & Benson
2200 Norwest Center
90 South Seventh
Minneapolis, MN 55402

MLL2CD12.WP5

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Sunny Fresh Foods, Inc.,

Plaintiff,

vs.

Michael Foods, Inc. and North Carolina State University,

Defendants.

---

Civil File No. 4-92-635

**STIPULATION AND ORDER FOR DISMISSAL WITHOUT PREJUDICE**

## I. STIPULATION

The parties, by and through their respective counsel of record, do hereby stipulate and agree to the dismissal of the above-captioned action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

DATED: November __, 1995

FAEGRE & BENSON
PROFESSIONAL LIMITED LIABILITY PARTNERSHIP

By______________________________
Lawrence C. Brown #12075
Steven C. Schroer #97743
Felicia J. Boyd #186168
William L. Roberts #212763
2200 Norwest Center
90 South Seventh Street
Minneapolis, MN 55402
612/336-3000

Attorneys for Plaintiff
Sunny Fresh Foods, Inc.

EXHIBIT B

DATED: November __ 1995

BELL, SELTZER, PARK & GIBSON

By______________________________
James D. Myers
3605 Glenwood Avenue
Suite 310
Raleigh, NC 27612

Attorneys for Defendants
Michael Foods, Inc. and North
Carolina State University

## II. ORDER

Based on the foregoing Stipulation, the above-captioned action is dismissed without prejudice.

DATED: November __, 1995

______________________________
Honorable James M. Rosenbaum
United States District Judge

MLL2CD8E.WP5

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

SUNNY FRESH FOODS, INC.,

Plaintiff,

Civil Action No. 4-92 Civil 635
Judge James Rosenbaum

v.

MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,

Defendants.

**CONSENT STAY ORDER**

Whereas Michael Foods, Inc. ("Michael Foods"), North Carolina State University ("NCSU") and Sunny Fresh Foods, Inc. ("Sunny Fresh") have agreed that the pending proceedings in the United States Patent and Trademark Office ("Patent Office") affecting United States Patent Nos. 4,808,425 ("the '425 patent), 4,957,759 ("the '759 patent"), 4,994,291 ("the '291 patent") and 5,019,408 ("the '408 patent")(collectively the "patents in suit") may affect the necessity for and the issues to be decided in this Civil Action and have, therefore, jointly requested that this Civil Action be stayed;

And Whereas this Court, based on the submittals of the parties finds that the interests of the parties and this Court are best served by staying this Civil Action in light of the pending Patent Office Proceedings;

IT IS HEREBY ORDERED that all proceedings in this Civil Action are stayed until all Patent Office Proceedings (including, but not limited to, the combined reissue/reexamination proceeding

on the '408 patent (Control No. 08/061,985), a reexamination proceeding on the '425 patent (Control No. 90/003,755; 90/003,629), a reexamination proceeding on the '759 patent (Control No. 90/003,630) and a reexamination proceeding on the '291 patent (Control No. 90/003,631)) are final, including any and all appeals therefrom.

United States District Judge
Judge James M. Rosenbaum

Consented to By:

On Behalf of Michael Foods and NCSU:

By its Counsel:
James D. Myers, Esquire
Bell, Seltzer, Park & Gibson
3605 Glenwood Avenue
Suite 310
Raleigh, North Carolina 27612

On Behalf of Sunny Fresh:

By its Counsel:
Lawrence C. Brown, Esquire
Faegre & Benson
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402

MLL2CD10.WP5