**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MINNESOTA
FOURTH DIVISION**

SUNNY FRESH FOODS, INC.

Plaintiff,

vs.

MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,

Defendants.

Civil Action No. 00CV2117 DSD/JMM
The Honorable David S. Doty
Magistrate Judge John M. Mason

# STIPULATION TO ENTRY OF PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereto, through their undersigned counsel, stipulate and agree as follows:

## RECITALS

1. The parties agree that information to be exchanged in connection with the above-referenced civil action, whether voluntarily or pursuant to formal discovery demands, includes trade secrets (such as proprietary information concerning the parties' processing methods and equipment, testing, etc.), confidential financial and marketing information (such as confidential sales, profit, and customer information) and other highly confidential business information.

2. The parties further agree that: (a) the disclosure of such confidential information to their competitors and the general public will cause serious injury to the parties; (b) the parties desire and agree to keep such information confidential, and (c) the parties agree such confidential information should be subject to explicit use and access restrictions.

FILED APR 16 2001

**STIPULATION**

By reason of the foregoing, the parties stipulate and agree as follows:

1. There is good cause within the meaning of Fed.R.Civ.P. 26(c) for the entry into a protective order in the form attached hereto as Exhibit 1

2. Pending entry by the Court of the proposed Stipulated Protective Order, the parties voluntarily agree to abide by the terms thereof, the breach of which shall be deemed a violation of the protective order upon its entry.

3. If the Court approves the proposed Stipulated Protective Order, then the Court may enter the attached Stipulated Protective Order upon this stipulation without further notice or appearance by the parties.

Dated: April 12, 2001

William L. Roberts

Brian B. O'Neill (Minn. I.D. #82521)
Felicia J. Boyd
Lori A. Wagner
William L. Roberts
**FAEGRE & BENSON**
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
T: (612) 336-3000
F: (612) 336-3026

Steven C. Schroer (Minn. I.D. #97743)
Timothy E. Levstik
Philip T. Petti
**FITCH, EVEN, TABIN & FLANNERY**
120 South LaSalle Street, #1600
Chicago, Illinois 60603
T: (312) 577-7000
F: (312) 577-7007

Attorneys for Plaintiff

Dated: April 12, 2001

Geoffrey P. Jarpe

Geoffrey P. Jarpe
**MASLON EDELMAN BORMAN & BRAND**
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
T: (612) 672-8382
F: (612) 672-8397

James D. Myers
Richard P. Vitek
**MYERS, BIGEL, SIBLEY & SAJOVEC**
111 Corning Road #250
Cary, NC 27511
T: (919) 854-1400
F: (919) 854-1401

Attorney for Defendants

**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

| | |
|---|---|
| SUNNY FRESH FOODS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,<br><br>Defendants. | Civil Action No. 00CV2117 DSD/JMM<br>The Honorable David S. Doty<br>Magistrate Judge John M. Mason<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and upon the stipulation of the parties, good cause having been shown, the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties, and others from whom information may be obtained in connection with this action, against disclosure or any improper use of confidential information produced (whether voluntarily or pursuant to discovery demands) or filed with this Court:

1. **Definition of "Confidential Information."** "Confidential Information," which may be designated as provided in paragraph 5 below, is defined as follows: trade secrets, manufacturing processes, non-public business or financial information (*e.g.*, customer lists, sales and profits information, sales projections); confidential research, development and commercial information; testing and test results; and confidential or private personal information.

2. **Use Limitations**. All Confidential Information produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business, patent prosecution (including but not limited to reissue applications, continuation applications and reexamination requests or prosecution), competitive, governmental, research, development, or other purpose whatsoever.

2.1 **Limitations On Disclosure Of Confidential Information.** Confidential Information shall not be given, shown, or made available or communicated in any way to anyone

APR 16 2001
CLERK

except persons specified in paragraph 6 below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph.

2.2 **Advice to Client Based on Confidential Information.** Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall bar or otherwise restrict any litigation attorney herein from rendering litigation advice to his/her client, and in the course thereof, referring to or relying upon the attorney's examination of designated information; provided, however, that in rendering such advice and in otherwise communicating with his/her client, the attorney shall not disclose the contents or the source of any designated information.

2.3 **Certain Specific Use Limitations**. Notwithstanding, and without limitation of, anything in paragraphs 2, 2.1, and 2.2 above, or paragraphs 6 through 6.4.4 below, any attorney receiving material produced by the opposing party and designated "Confidential" or "Confidential - Attorneys' Eyes Only" shall not participate in patent prosecution activities concerning extended shelf life liquid egg products for any client for a period of one year following the entry of a final judgment in this Civil Action and/or the issuance of a mandate in any appeal(s) taken from such final judgment after receiving such information.

3. **Scope of Protection/Disclosure of Confidential Information in Other Proceedings**. This Protective Order governs the handling of all Confidential Information, including documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced given, or filed during discovery and other proceedings in this action, including Confidential Information produced, given, or filed prior to the date of this Protective Order.

3.1 If any party to another legal proceeding, or a court or an administrative agency, through discovery, subpoenas, orders, or demands production of Confidential Information, the party receiving such demand for Confidential Information shall promptly, and before producing Confidential Information to such other party, court, or administrative agency, notify:

3.1.1 The requesting party, court, or administrative agency of this Protective Order;

3.1.2 The producing party hereto of the pendency of such discovery demand, subpoena, or order to produce; and

3.1.3 The producing party shall have the obligation of defending against such subpoena, order or demand, and the person or party receiving the subpoena, order or demand shall be entitled to comply with it except to the extent the producing party is successful in obtaining an order modifying or quashing the subpoena, order or demand.

4. **Confidential Information Produced by Third Parties.** This Protective Order shall apply to the parties to this action, and also to any other person producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Protective Order. Accordingly, as used herein, the term "Person" includes both the named parties in this civil action, and third parties who have agreed or been ordered to be bound by this Protective Order. If, in the course of this action, information is sought from a third party which would require such person to disclose and/or produce Confidential or Attorneys' Eyes Only information, such third party may obtain the protections of this Protective Order by agreeing in writing to produce information pursuant to this Protective Order and to be bound by it. No further order of this Court shall be necessary to extend the protections of this Order to third parties.

5. **Designation of Confidential Information**. Any Person who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in paragraph 1. All information previously produced in the case captioned *Sunny Fresh Foods, Inc. v. Michael Foods, Inc.*, No. 4-92 Civil 635 (D. Minn.) that was marked and maintained as "Confidential" or "Confidential—Attorneys' Eyes Only" information and that otherwise qualifies as "Confidential Information" under paragraph 1 shall be considered Confidential Information or Confidential—Attorneys' Eyes Only under this Protective Order without the need to redesignate such information.

5.1 **Designated "Confidential - Attorneys' Eyes Only."** A party that in good faith believes any particular Confidential Information is so sensitive that it should not be disclosed to an individual plaintiff or defendant, or to a director, officer, or employee thereof, may designate that Confidential Information as "Confidential—Attorneys' Eyes Only." Information which is designated "Confidential—Attorneys' Eyes Only" shall be used by the parties to this action solely for the purposes set forth in paragraph 2 above, and disclosed only to persons specified in paragraphs 6.1.1 and 6.1.3 through 6.1.6 below.

5.2 **Designation of Documents**. Documents may be designated as Confidential Information by stamping "Confidential" or "Confidential—Attorneys' Eyes Only" on each page prior to production.

5.3 **Designation of Deposition Testimony.** Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to bind the "Confidential" and "Confidential—Attorneys' Eyes Only" portions of the deposition transcript separately and to stamp the words "Confidential" or "Confidential—Attorneys' Eyes Only," as appropriate, on each transcript page so designated.

5.4 **Subsequent designations.** Documents, deposition transcripts, and other information may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" pursuant to to 5.3 above, after they have been produced without having been so designated only under the following conditions:

5.4.1 Persons to whom such documents, testimony, or other information, have been disclosed must be advised in writing, with affirmative acknowledgment of receipt in writing, of the new designation;

5.4.2 The new designation applies only as of the date and time of receipt of notice by each person notified;

5.4.3 Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in paragraph 5.4.1;

5.4.4 Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the designation; and

5.4.5 Subsequent confidentiality designations of deposition testimony not designated during the course of the deposition testimony shall be made within the time specified for review and signing of the transcript per Fed. R. Civ. P. 30(e).

6. **Persons to Whom Confidential Information May Be Disclosed**.

6.1 "**Confidential Information**". Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

6.1.1 Counsel of record for the parties in this action, in-house attorneys designated by the parties to assist counsel of record, and other attorneys, clerical, paralegal, and other staff employed by such counsel, and any independent experts or independent consultants who are assisting counsel in the prosecution or defense of this action;

6.1.2 Such officers, directors, or employees of the parties, as counsel, in good faith, requires to provide assistance in the prosecution or defense of this action, and for no other purpose; provided, however, that before access is given, each such officer, director, or employee shall have agreed in writing to be bound by this Protective Order by signing the form attached hereto as Exhibit A and advised that the violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) will constitute contempt of Court.

6.1.3 The Court (in the manner provided by paragraph 7 below) and court personnel;

6.1.4 Any other Person as to whom the producing Person agrees in writing;

6.1.5 Witnesses at deposition or trial qualified under paragraph 6.4.1 and 6.4.2; and

6.1.6 Court reporters employed in connection with this action.

6.2 **"Confidential—Attorneys' Eyes Only" Information**. Except as otherwise provided by this Protective Order, information designated as "Confidential—Attorneys' Eyes Only" shall be disclosed only to Persons described in paragraph 6.1.1 and 6.1.3 through 6.1.6 above who have been ordered or who have agreed to be bound by this Protective Order, by signing a copy of the acknowledgment form attached as Exhibit A.

6.3 **Disclosure of Confidential Transcripts to the Deponent**. Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the acknowledgment form attached as Exhibit A.

6.4 **Limited Exceptions**:

6.4.1 **Persons Previously Having Access To Confidential Information**. A producing party's Confidential Information to which a present or former employee, consultant or agent has had access during the period of his employment or association with the producing party may be disclosed to that present or former employee, consultant or agent.

6.4.2 **Authors/Addressees**. This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies.

6.4.3 **Witnesses**. If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source.

6.4.4 **Certain Information Not Subject to Scope of Order**. The restrictions of this Protective Order shall not apply to information which (a) was, is, or becomes public knowledge, not in violation of this Protective Order, or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party, or (c) the receiving party can establish was in its rightful and lawful possession at the time of disclosure or was developed independently by the receiving party without the use of Confidential Information.

7. **Court Filings and Proceedings Involving Confidential Information**. Applications, motions, and other papers filed with the Court in which a party submits or refers to Confidential Information, shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title and file number of this action, an indication of the nature of the contents or the sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> **This envelope is sealed pursuant to order of the Court, contains Confidential Information, and is not to be opened or the contents revealed except by authorized Court personnel.**

For applications, motions and other papers filed with the Court that refer to or include information designated "Confidential—Attorneys' Eyes Only," the words "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be substituted for, or used in conjunction with, the words "CONFIDENTIAL INFORMATION" in the above legend and statement.

7.1 Any Court hearing which refers to or describes "Confidential—Attorneys' Eyes Only" or "Confidential" information shall in the Court's discretion be *in camera*.

7.2 Notwithstanding the above, any party may apply to the Court for an order allowing the filing of papers containing confidential information, if that party believes the filing of the papers is necessary for a complete record. Any such papers shall be placed by the submitting party in a sealed envelope labeled as set forth in paragraph 7 above.

7.3 Any document or transcript designated as Confidential Pursuant to Court Order" or "Confidential" or "Confidential—Attorneys' Eyes Only" which is lodged or filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties, until further order of this Court.

8. **Resolution of Disputes**. Whenever a party objects to the treatment of a document or transcript as "Confidential" or "Confidential—Attorneys' Eyes Only," as defined in paragraphs 1 and 5 herein, it shall, in writing or on the record in any proceeding herein, so inform the party seeking "Confidential" treatment. The party seeking such treatment may thereafter, upon at least fifteen (15) days' written notice, apply to the court by motion for a ruling that the document or transcript shall be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" in the manner described in paragraphs 1 and 5 herein. Such motion shall be made within a reasonable period of time, but not greater than fifteen (15) days, after notice of the objection to a "Confidential" designation is given. Upon such application, the party asserting confidentiality bears the burden to establish same; the prevailing party upon such motion shall be entitled to recover attorneys' fees and costs unless the Court shall determine that the opposition was substantially justified. Until the Court enters an Order changing the designation of the document or transcript which is to be the subject of the application, it shall be afforded the "Confidential" or "Confidential—Attorneys' Eyes Only" treatment described in paragraphs 1 and 5 herein.

9. **Disposition of Confidential Information Following Conclusion of Litigation**. At the conclusion of this litigation (*i.e.*, upon its final dismissal), all copies of all documents or transcripts designated "Confidential" or "Confidential—Attorneys' Eyes Only," and any copies thereof, shall either be destroyed or returned to the party or person producing same. In addition, all summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential—Attorneys' Eyes Only" documents or transcripts, and all copies thereof, shall be either destroyed or returned to the party furnishing the same.

9.1 Notwithstanding any of the foregoing, a party may maintain a complete set of pleadings, deposition transcripts and exhibits, and trial transcripts and exhibits following conclusion of this litigation.

10. **Continuing Obligation/Retention of Jurisdiction**. This Order shall continue to be binding after the conclusion of this litigation, and the Court shall retain limited jurisdiction over the parties hereto for purposes of enforcing any obligations imposed hereby.

Dated: April 13, 2001

SO ORDERED:

The Honorable John M. Mason
United States Magistrate Judge

**Approved As To Form:**

Dated: ~~March~~ April 12, 2001

Steven C. Schroer (Minn. I.D. #97743)
Timothy E. Levstik
Philip T. Petti
FITCH, EVEN, TABIN & FLANNERY
Suite 1600
120 South LaSalle Street
Chicago, Illinois 60603-3406
(312) 577-7000

Brian B. O'Neill (Minn. I.D. #82521)
Felicia J. Boyd
Lori A. Wagner
William L. Roberts (Minn. I.D.#212763)
FAEGRE & BENSON
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
(612) 336-3000

Attorneys for Plaintiff

Dated: ~~March~~ april 12, 2001

Geoffrey P. Jarpe (Minn. I.D.#49761)
MASLON EDELMAN BORMAN & BRAND
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55420-4140
(612) 672-8200

James D. Myers
Richard P. Vitek
MYERS, BIGEL, SIBLEY & SAJOVEC
111 Corning Road #250
Cary, NC 27511
(919) 854-1400

Attorneys for Defendant

**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MINNESOTA
FOURTH DIVISION**

SUNNY FRESH FOODS, INC.

Plaintiff,

vs.

MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,

Defendants.

Civil Action No. 00CV2117 DSD/JMM
The Honorable David S. Doty
Magistrate Judge John M. Mason

**ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND**

________________________________________ states as follows:

1. That s/he resides at ______________________________ in the city and county of ______________________________________, and state of _______________________________________________;

2. That s/he has read and understands the protective order dated ______, entered in the above-captioned litigation;

3. That s/he

a. is engaged as a consultant or expert, or

b. has been interviewed by ____________________ on behalf of __________________________ in connection with the preparation and conduct of the litigation; or

c. is an employee of a party hereto, _________________, in the capacity of _________________________________.

4. That s/he agrees to comply with and be bound by the provisions of the protective order;

5. That counsel who has retained, consulted with, and/or interviewed her/him has explained the terms thereof;

6. That s/he will not divulge to persons other than those specifically authorized by the protective order, and will not copy or use, except solely for purposes of this

litigation, any confidential document or information as defined by the protective order, except as provided therein.

7. That s/he understands that disclosure of confidential information in violation of the protective order may constitute contempt of court.

______________________________
[Name of individual to whom disclosure will be made.]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.