UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SUNNY FRESH FOODS, INC.

Plaintiff,

v.

MICHAEL FOODS, INC. and
NORTH CAROLINA STATE UNIVERSITY,

Defendants.

CIVIL NO. 00-2117 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter came on for hearing before the undersigned on March 15, 2001 upon Plaintiff's Motion to Dismiss Counts 2-6 of Defendants' Counterclaim [Docket No. 19]. Steven Schroer, Esq., William Roberts, Esq., and Ronald Hunter, Esq. appeared on behalf of Plaintiff; Geoffrey Jarpe, Esq., Richard Kempf, Esq., and Richard Vitek, Esq. appeared on behalf of Defendants. Each party was given the opportunity to submit two supplemental memoranda. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Plaintiff's Motion to Dismiss Counts 2-6 of Defendants' Counterclaim [Docket No. 19] be denied.

**FINDINGS OF FACT/REPORT**

This case involves patents for a method of pasteurizing and packaging liquid whole egg products. The patents are owned by Defendant North Carolina State University ("NCSU"), and will be referred to collectively as the "NCSU patents".

APR 18 2001

The parties to this action have been in litigation previously in a dispute over the same patents. In July 1992, Plaintiff Sunny Fresh Foods, Inc. ("Sunny Fresh") filed a declaratory judgment action in this Court. Sunny Fresh Foods v. Michael Foods, Inc., No. 92-CV-635. In that action, Sunny Fresh sought a declaration that it was not infringing the NCSU patents, and that the NCSU patents were invalid and/or unenforceable. Before the case went to trial, on November 1, 1995, the parties entered a settlement agreement (the "Settlement Agreement"). The Settlement Agreement provided that, once the first case was dismissed:

> Sunny Fresh shall not now or hereafter be liable to Michael Foods or NCSU for damages, royalties, costs or expenses (including attorneys' fees) of any kind or nature related to any claims asserted in the Civil Action arising out of any Sunny Fresh activities whatsoever during the duration of [the "Dismissal Period"].

The Settlement Agreement defined the "Dismissal Period" as follows:

> The Dismissal Period provided for herein shall commence upon execution of the Dismissal Order by the Court in the Civil Action and extend until all presently pending Patent Office Proceedings relating to the patents in suit (including the combined reissue/reexamination proceeding on the '408 patent (Control No. 08/061,985), a reexamination proceeding on the '425 patent (Control No. 90/003,755; 90/003,629), a reexamination proceeding on the '759 patent (Control No. 90/003,630) and a reexamination proceeding on the '291 patent (Control No. 90/003,631)) are final. "Final" shall include the mailing of notices of allowance in said proceedings or the conclusion of any and all appeals therefrom.

**DISCUSSION**

Plaintiff instituted the instant case, a second declaratory judgment action regarding the NCSU patents, on September 13, 2000. The Complaint seeks a declaratory judgment that Plaintiff is not infringing the NCSU patents, and that the patents are invalid

and/or unenforceable. Defendants filed a Counterclaim, Count 1 of which alleges that Plaintiff infringes claims in Defendants' patents, and seeks the recovery of damages.

The existence of the Settlement Agreement adds atypical elements to what is otherwise a traditional patent case. Plaintiff's Complaint alleges that Plaintiff is not liable for claims which were not asserted in the earlier action, and that it is not liable for damages for any infringement during the Dismissal Period. Plaintiff also seeks a declaratory judgment as to the inclusive dates of the Dismissal Period. Counts 2 through 5 of Defendants' Counterclaim essentially seek a determination that the Settlement Agreement may not be enforced (and thus that Defendants are entitled to damages for a period greater than the Dismissal Period), and that they are not otherwise bound by the terms of the Settlement Agreement. The legal basis for this relief is set forth in Counts 2 through 5 of the Counterclaim, as follows: (2) breach of duty of good faith, (3) breach of contract, (4) fraud in the inducement, and (5) unfair competition in violation of North Carolina statutes.[1]

It is apparent that Counts 2 through 5 of the Counterclaim are in the nature of defenses to the non-patent allegations in Plaintiff's Complaint. They are also closely intertwined with the claim for damages in Count 1 of the Counterclaim.[2] If the Court were to conclude that Counts 2 through 5 of the Counterclaim must be dismissed upon the

---

1

Count 6 based upon unfair competition in violation of Minnesota common law has been voluntarily dismissed by Defendants.

2

At oral argument, counsel for Defendants acknowledged that if it was desired to pursue affirmative relief based upon the claims set forth in Count 4 of the Counterclaim, further amendment would be required.

grounds urged by Plaintiff, it is not at all clear what the impact of that decision would be on the other issues which would remain in the case.

At the hearing, the Court asked the parties to address the question of whether dismissal of Counts 2 through 5 would be appropriate at this time, taking into consideration questions of judicial economy, as well as the overlap of issues between Counts 2 through 5 and the other issues in the case. We conclude that these factors counsel against dismissal of Counts 2 through 5 at this time, and recommend that the Motion to Dismiss be denied.

Under similar circumstances, where central issues and theories of liability are intertwined, courts have declined to dispose of individual claims, in order to facilitate the progress of the entire case. See, e.g., Powell v. Radkins, 506 F.2d 763, 765 (5th Cir. 1975)("A court, in its discretion in shaping the case for trial, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation."); Taylor v. Rederi A/S Volo, 374 F.2d 545, 550 (3d Cir. 1967)("in light of the fact that plaintiff's original claim and defendant's third-party claim are intertwined factually, it is better that they be tried and determined as a whole and not be considered by a kind of shadow boxing *in vacuo*.")(citations omitted); Kollsman Instrument Corp. v. Astek Instrument Corp., 225 F. Supp. 534 (S.D.N.Y. 1964)(declining to grant summary judgment as to present patent infringement, because issues of past infringement and invalidity of patent would still remain). The Court of Appeals for the Eighth Circuit has also recognized that denial of a dispositive motion under these circumstances may be appropriate, noting that "the ultimate legal rights of the movant can always be protected in the course of or even after trial." Roberts v. Browning,

610 F.2d 528, 536 (8th Cir. 1979)(citation omitted).

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiff's Motion to Dismiss Counts 2-6 of Defendants' Counterclaim [Docket No. 19] be denied.

Dated: April 17, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 2, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **May 2, 2001**.