UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2117 (DSD/JMM)

Sunny Fresh Foods, Inc.,

Plaintiff,

v.

**ORDER**

Michael Foods, Inc., and
North Carolina State University,

Defendants.

This matter is before the court on plaintiff's objections to the report and recommendation of Magistrate Judge John M. Mason dated April 18, 2001, in which the magistrate judge recommended that plaintiff's motion to dismiss defendants' second through sixth counterclaims be denied.

Plaintiff has filed this action seeking a declaratory judgment of non-infringement and invalidity of defendants' egg processing patents. Defendants have filed a multi-count counterclaim, including a claim that plaintiff infringes defendants' patents. The parties have previously litigated a dispute over the same patents, Sunny Fresh Foods v. Michael Foods, Inc., Civ. No. 92-635, which culminated in the filing of a settlement agreement. That agreement relieved Sunny Fresh of liability for damages "of any kind or nature related to any claims asserted in the Civil Action

FILED 8-7-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

arising out of any Sunny Fresh activities during the duration of the [dismissal period]."

Plaintiff contends in the instant lawsuit that defendants' counterclaims for breach of duty of good faith (Count 2), breach of contract (Count 3), fraud in the inducement (Count 4) and unfair competition in violation of North Carolina statutes (Count 5) abrogate the terms of the settlement agreement by seeking damages for patent infringement during the stipulated dismissal period.[1] After hearing plaintiff's motion to dismiss, the magistrate judge concluded that Counts 2 through 5 are "in the nature of defenses to the non-patent allegations in Plaintiff's complaint" and are also "closely intertwined with the claim for damages in Count 1." As such, the magistrate judge recommends that the counterclaims should not be dismissed at this early stage of the litigation.

Plaintiff does not formally object to this recommendation, but reserves the right to reargue for dismissal after a discovery period on these claims. However, plaintiff does file a limited objection in which it urges dismissal of the fraud counterclaim (Count 4) as facially deficient under Fed. R. Civ. P. 9(b). Plaintiff notes that at the hearing on the motion to dismiss, defendants conceded that their claim for fraud was not pleaded with sufficient particularity to satisfy the requirements of Rule 9(b).

---

[1] Defendants have voluntarily dismissed Count 6 of their counterclaim for unfair competition in violation of Minnesota common law. (Doc. No. 15.)

Plaintiff argues that because the time period within which defendants might have sought leave to amend their counterclaims expired on March 1, 2001, any attempt to replead their fraud claim would be untimely.

Plaintiff suggests that the magistrate judge did not fully address this argument, however the magistrate judge did acknowledge that if defendants intended to proceed with Count 4, "further amendment would be required." See Report at p. 3 n.2. In light of the fact that: (1) no attempt had yet been made to amend the counterclaim at the time the report was issued and (2) the magistrate judge's overriding objective in his report was to preserve the counterclaims for later determination, the magistrate judge's brief statement regarding the status of Count 4 was proper.

Since that time, defendants have served and filed an amended counterclaim in an attempt to cure any Rule 9(b) deficiencies with respect to Count 4. Plaintiff now submits a supplemental objection, essentially asking this court to review the amended counterclaim and dismiss it as untimely under the scheduling order and defective under Rule 9(b). This supplemental objection is not authorized under the local rules of this district. See L.R. 72.1(c)(2) ("Any party objecting to a Magistrate Judge's proposed findings and recommendations shall file a brief within 10 days after being served with a copy of the recommended disposition. ... All briefs filed under this rule shall be limited to 10 pages.")

Moreover, the supplemental objection filed by plaintiff is not the appropriate procedural vehicle for plaintiff to obtain the requested relief. If plaintiff wishes further review of the amended counterclaim, it should file a renewed motion to dismiss and allow defendants the opportunity to fully respond to the arguments proffered therein.

Accordingly, based on a review of the file, record and proceedings herein, the magistrate judge's recommendation is adopted in its entirety and **IT IS HEREBY ORDERED** that plaintiff's motion to dismiss defendants' second through sixth counterclaims (Doc. No. 19) is denied.

Dated: August 7, 2001

David S. Doty, Judge
United States District Court