UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SUNNY FRESH FOODS, INC.,

Plaintiff,

v.

MICHAEL FOODS, INC. and
NORTH CAROLINA STATE UNIVERSITY,

Defendants.

CIVIL NO. 00-2117 (DSD/JMM)

ORDER ESTABLISHING FINAL PRETRIAL SCHEDULE

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3. **This Final Order supersedes the Scheduling Orders dated January 16, 2001 and July 20, 2001.**

Pleadings/Disclosures

February 1, 2001 - All pre-discovery disclosures required by Rule 26(a)(1)(A) and (D) shall be completed.

March 1, 2001 - All motions which seek to amend the pleadings or add parties must be served and filed.

Markman Issues

December 28, 2001 - Each Party shall simultaneously exchange a list of claim terms, phrases, or clauses which that Party contends should be construed by the Court.

Filed DEC 0 5 2001
Richard D. Sletten, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

**January 21, 2002** - Each Party shall simultaneously exchange a proposed construction of each claim term, phrase, or clause which any party has identified as requiring claim construction purposes. At the same time the Parties exchange their respective Proposed Claim Constructions, they shall each also provide a preliminary identification of intrinsic evidence (patents and file histories) and extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of fact and expert witnesses they contend support their respective claim constructions. The Parties shall identify each such item of intrinsic and extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, fact or expert, the Parties shall also provide a brief description of the substance of that witness' proposed testimony as well as expert witness reports.

**March 8, 2002** - The Parties shall complete all discovery of any kind relating to claim construction.

**March 22, 2002** - Each Party shall deliver and file an opening brief and any evidence supporting its claim construction. See Local Rule 7.1(b)(2)(A). The Parties shall also obtain a date for the hearing on said Motion, to be held as promptly as possible.

**April 5, 2002** - Each Party shall deliver and file its responsive brief and supporting evidence. See Local Rule 7.1(b)(2)(B).

**April 12, 2002** - Each Party shall deliver and file its Reply. See Local Rule 7.1(b)(2)(C).

<u>Discovery/Nondispositive Motions</u>

**June 28, 2002** - All non-expert discovery shall be commenced in time to be completed by this date.

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

**June 28, 2002** - By any Party as to any issue on which it has the burden of proof, and any other expert report not a response or a rebuttal.

**July 25, 2002** - By any Party desiring to present expert evidence in response to the expert reports of the party with the burden of proof.

**August 2, 2002** - By any Party desiring to present expert witnesses in rebuttal to the responsive expert reports.

August 30, 2002 - All discovery of any kind shall be commenced in time to be completed by this date.

September 6, 2002 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

October 28, 2002 - All dispositive motions shall be served and filed by the parties. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Connie Baker, (612) 664-5063. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than January 13, 2003. The Parties estimate that trial of this Jury matter will take one week.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Each party may depose no more than 6 experts.

Each party may call no more than 6 experts at trial.

Dated: December 5, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

This matter is again before the Court upon application of the Parties for a change in the Pretrial Scheduling Order. On January 16, 2001, the Court adopted the Parties' proposed Scheduling Order without change. On July 20, 2001, the Court again adopted the Schedule proposed by the Parties, extending the initial deadlines by four months. The only change the Court made was to insert the word FINAL prior to the phrase Pretrial Scheduling Order.

The Parties' current proposal would extend the deadlines by an additional 60 days. We have not fully adopted the suggestion of the Parties. As to the Markman issues, we are not persuaded that any additional time is required to specify the claims as to which judicial construction is sought. We are also not persuaded that discovery issues require a substantial change in the dates for the exchange of proposed construction of the claims, and related issues. As to the remaining items, we have attempted to strike a balance between the desire of the Parties for additional time for discovery, and the need to adhere to Pretrial Discovery Orders. We have considered the materials submitted in support of the motion, and are satisfied that the dates that we have adopted can be achieved. Adoption of meaningful Scheduling Orders is one of the means by which the Court assists the Parties in avoiding excessive pretrial costs and delays, while maintaining a predictable schedule.

J.M.M.