UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SUNNY FRESH FOODS, INC.,

Plaintiff,

v.

MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,

Defendants.

CIVIL NO. 00-2117 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on February 12, 2002 upon Plaintiff's Motion for Protective Order [Docket No. 59], Plaintiff's Motion to Compel [Docket No. 63] and Plaintiff's Motion to Compel Certain Discovery [Docket No. 66]. Steven C. Schroer, Esq. and William L. Roberts, Esq. appeared on behalf of Plaintiff; Richard P. Vitek, Esq., James D. Myers, Esq. and Geoffrey P. Jarpe, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Protective Order [Docket No. 59] is denied without prejudice;

2. Plaintiff's Motion to Compel [Docket No. 63] is denied without prejudice; and

3. Plaintiff's Motion to Compel Certain Discovery [Docket No. 66] is granted only as follows:

MAR 06 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a. No later than March 18, 2002, Defendant Michael Foods shall deliver to Plaintiff Answers to Interrogatory Nos. 10a, 10b, and 10c, signed under oath in the form required by the Federal Rules of Civil Procedure.

b. No later than March 18, 2002, Defendant North Carolina State University shall deliver to Plaintiff Answers to Interrogatory Nos. 9a, 9b, and 9c, signed under oath in the form required by the Federal Rules of Civil Procedure.

The Answers to each of these Interrogatories shall be separately stated and complete in themselves, and shall not incorporate other information by reference.

4. The remainder of the Motion [Docket No. 66] is denied without prejudice.

Dated: March 6, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

We have placed on the record our reasons for denying the Motions, Docket Nos. 59 and 63, without prejudice. Briefly, as to Docket No. 59, the Motion sought an Order that no discovery be had of EggSolutions, Inc. to avoid burden and expense. The Court concluded that alternative means were available to protect EggSolutions and the Parties' interests. As to Docket No. 63, the relief requested in the proposed Order was insufficiently related to the discovery devices served upon Defendants.

The remaining Motion seeks responses to Interrogatory No. 9 to Defendant NCSU, and Interrogatory No. 10 to Defendant Michael Foods. We have sustained the objection to Interrogatory No. 9d and 9e, and Interrogatory No. 10d and 10e, upon the ground that this information will be among the information provided as part of the expert witness disclosures, which will be provided no later than June 28, 2002. We have overruled the objection as to subparts a, b and c. These Interrogatories seek basic information material to the allegations by Defendant, essential to preparation of Plaintiff's case.

The Motion also seeks to compel the production of documents in response to Document Request No. 29. That Request reads as follows:

> 29. All documents relating to any contention or opinion of defendants, or those acting under defendants' direction, that Sunny Fresh (a) is or was, or (b) is not or was not directly infringing, or contributing to or inducing the infringement of the patents in suit, the reexamination certificates therefor, or any allowed claims in '408 reissue.

We have sustained the objection to this Request on the ground that it is overbroad, (particularly in its use of the phrase "relating to") and upon the ground that it is not sufficiently specific about what documents may be said to be documents "of defendants, or those acting under defendants' direction."

J.M.M.