UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SUNNY FRESH FOODS, INC.,

Plaintiff,

v.

MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,

Defendants.

CIVIL NO. 00-2117 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on April 16, 2002 upon Defendants' Motion to Compel [Docket No. 95] and Defendants' Motion to Realign [Docket No. 92]. Philip Petti, Esq. and William L. Roberts, Esq. appeared on behalf of Plaintiff; Richard P. Vitek, Esq. and Geoffrey P. Jarpe, Esq. appeared on behalf of Defendants.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that:

1. Defendants' Motion to Realign [Docket No. 92] is denied without prejudice.

2. Defendants' Motion to Compel [Docket No. 95] is denied without prejudice. Insofar as the Motion seeks to compel Plaintiff to produce documents and respond to Interrogatories required by discovery already served, Defendants may submit specific new Interrogatories and Document Requests, according to the following schedule:

a. Defendants may deliver said Interrogatories and Document

APR 17 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Requests to Plaintiff no later than 4:00 p.m., April 18, 2000.

b. Plaintiff's response to said requests shall be delivered to Defendants no later than May 3, 2002.

Dated: April 17, 2002

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

The Motion to Realign has as its objective a determination of the order in which the parties will proceed at trial. Each of the parties, Plaintiff in particular, places strong emphasis upon the parties' status as a Plaintiff or Defendant as a determining factor in resolving the question of the order of proof. We think this emphasis is misplaced. Local Rule 39.2 specifies that the party with the burden of proof shall open and close, but the question is ultimately committed to the discretion of the trial court, as the parties themselves acknowledge. E.g. Commercial Iron & Metal Co. v. Bache Halsey Stuart, Inc., 581 F.2d 246, 250 (10th Cir. 1978); Anheuser-Busch, Inc. v. John Labatt Limited, 89 F.3d 1339, 1344 (Fed.Cir. 1996). The necessity of judicial discretion as to this issue is substantiated by the facts of this case, where both Plaintiff and Defendant have the burden of proof as to some of the issues. While the District Court will no doubt take into consideration the status of one party or the other as the nominal Plaintiff, ultimately the decision will turn on other factors.

We conclude that the Motion to Realign should be denied at this time, but

without prejudice to the right of either party to submit a Motion In Limine to the trial court, after discovery is closed, and after the Court has ruled upon any Markman or other dispositive Motions which may be filed. At that time, the appropriate manner of proceeding may be more readily apparent. In this case for example, Defendants have the burden of proving that their patent is infringed, and Plaintiff has the burden of proving that the patent is invalid. If it is determined that one of these issues requires extensive evidence, and the other requires little trial time, it may be concluded that the shorter of these issues be tried first, particularly if the decision on that issue is likely to dispose of all of the issues in the case. The relevant information available to the parties and the Court at this time is not as complete as it will be when the issue is ripe for determination.

We have placed on the record our reasons for denying Defendants' Motion to Compel [Docket No. 95]. Briefly, the present state of the pleadings is such that it is not sufficiently clear what discovery Defendants seek to compel from Plaintiff, nor what discovery Plaintiff is unwilling to provide to Defendants.

J.M.M.