**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

SUNNY FRESH FOODS, INC.

Plaintiff,

vs.

MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,

Defendants.

Civil Action No. 00-CV-2117 (JMR/FLN)

# SUNNY FRESH'S RESUBMISSION OF BILL OF COSTS AND REQUEST FOR POST-JUDGMENT INTEREST

August 11, 2005

/s/ William L. Roberts
**FAEGRE & BENSON**
Brian B. O'Neill (Minn. I.D. #82521)
Felicia J. Boyd
William L. Roberts
Lori A. Wagner
Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
T: 612-766-1650
F: 612-766-1600

**FITCH, EVEN, TABIN & FLANNERY**
Steven C. Schroer (Minn. I.D. #97743)
Timothy E. Levstik
Philip T. Petti
Timothy P. Maloney
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603-3406
T: 312-577-7000
F: 312-577-7007

Attorneys for Plaintiff

Sunny Fresh Foods, Inc. ("Sunny Fresh") hereby resubmits Plaintiff's Bill of Costs, originally filed on December 22, 2003, but returned pending final resolution of Defendants' appeal of the judgment in favor of Sunny Fresh to the United States Court of Appeals for the Federal Circuit. The Federal Circuit affirmed the judgment, and the time for all other appeals has expired. Sunny Fresh, in addition, seeks statutory interest on its costs from the date of entry of judgment pursuant to 28 U.S.C. §1961.

**A. SUMMARY OF PROCEEDINGS**

A jury trial was held in this matter on June 30 through July 31, 2003. On August 7, 2003, the jury returned a verdict of non-infringement and no liability for damages or other relief in favor of Sunny Fresh. (Docket #328). The jury verdict also sustained the validity of the four patents in suit, which was the subject of an alternative (now moot) claim by Sunny Fresh. (*Id.*) Judgment was entered in favor of Sunny Fresh on August 21, 2003. (Docket #329).

Defendants filed a notice of appeal to the Court of Appeals For The Federal Circuit on October 28, 2003 seeking to reverse the judgment in favor of Sunny Fresh. (Docket #367). In response, Sunny Fresh conditionally cross-appealed on the issue of the validity of the patents only in the event of a reversal of the non-infringement verdict. (Docket #371).

As the prevailing party in this Court, Sunny Fresh submitted its Bill Of Costs on December 22, 2003. In response, Defendants submitted a Motion To Stay Proceedings On Plaintiff's Bill Of Costs Pending Appeal Of Judgment on December 30, 2003. Both the Bill Of Costs and Defendants' motion were returned by the Clerk of the Court. While not explicitly stated, the Clerk apparently followed its guidelines "Taxation Of Costs In A Civil Case In The United States District Court For The District Of Minnesota" stating that "Costs are not ordinarily taxed while an appeal is pending because of the possibility that the judgment may be reversed." (Guidelines, Sec. I.C.).

On April 15, 2005, the Court of Appeals for the Federal Circuit rejected Defendants' appeal, and affirmed the jury verdict and judgment that Sunny Fresh did not infringe the patents in suit. *Sunny Fresh Foods, Inc. v. Michael Foods, Inc.*, 2005 U.S. App. LEXIS 6318 (Fed. Cir. 2005). The Federal Circuit's judgment was filed in this Court on May 10, 2005. (Docket #377). The time for Defendants to file a petition for a writ of certiorari to review the Federal Circuit's judgment expired on July 14, 2005. S.Ct.R. 13.1. Thus, the Federal Circuit's decision is the final decision, and *res judicata*, on Sunny Fresh's claims and all of Defendants' counterclaims.

**B. SUNNY FRESH IS ENTITLED TO ITS COSTS UNDER FED.R.CIV.P. 54(d)**

Costs are awarded to the prevailing party "as of course" under Fed.R.Civ.P. 54(d). Therefore, Sunny Fresh is entitled to costs, and resubmits Plaintiff's Bill of Costs on form AO 133, along with the Declaration Of Philip T. Petti In Support Of Plaintiff's Bill Of Costs, originally filed with this court on December 22, 2003. As explained in Mr. Petti's declaration, Plaintiff's Bill Of Costs conforms carefully to the costs allowed in a virtually identical case, *Medtronic, Inc. v. Advanced Cardiovascular Systems, Inc. and Guidant Corp.*, Civ. No. 97-2459 (JMR/FLN).

**C. SUNNY FRESH IS THE "PREVAILING PARTY" IN THIS LAWSUIT UNDER CLEARLY ESTABLISHED FEDERAL CIRCUIT LAW, AND IS THEREFORE ENTITLED TO COSTS UNDER FED.R.CIV.P.54(d), DESPITE DEFENDANTS' ASSERTIONS TO THE CONTRARY**

Defendants alleged in their above mentioned motion to stay that Sunny Fresh was not the "prevailing party" in this case, and therefore was not entitled to costs under Fed.R.Civ.P. 54(d). The controlling authorities are to the contrary – there is no question that Sunny Fresh is the prevailing party and is entitled to its costs. The law of the Federal Circuit determines who is the "prevailing party" in patent cases. *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). The Federal Circuit interprets the meaning of "prevailing party" the same

in the context of either attorney fees or costs. *Id.* at 1181 n.1.; *Former Employees of Motorola Ceramic Prods. v. United States*, 336 F.3d 1360, 1364 (Fed. Cir. 2003).

The Federal Circuit holds that a party "'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties…" *Manildra,* 76 F.3d at 1182 (Fed. Cir. 1996)(citing *Farrar v. Hobby*, 506 US 103 (1992)). A party is the "prevailing party" ***if it "succeed[s] on any significant issue*** in litigation which achieves some of the benefit the parties sought in bringing the suit." *Gentry Gallery, Inc. v. Berkline Corp.,* 134 F.3d 1473, 1480 (Fed. Cir. 1998)(citing *Hensley v. Eckerhart*, 461 US 424, 433, n.7 (1983))(emphasis supplied).

Sunny Fresh prevailed on its cause of action seeking a declaration that it did not infringe Defendants' four patents in suit, and that Sunny Fresh need not pay damages to Defendants. Thus, Sunny Fresh is the "prevailing party" for purposes of Fed.R.Civ.P. 54(d). *See e.g. Brooks Furniture Mfg, Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1380-81 (Fed. Cir. 2005)(plaintiff was "prevailing party" for award of attorneys' fees when summary judgment of non-infringement granted but summary judgment of patent invalidity denied); *Lockformer Co. v. PPG Indus., Inc.*, 2005 U.S. App LEXIS 13026, *18 (Fed. Cir. June 30, 2005); *Inland Steel Co. v. LTV Steel Co.*, 364 F.3d 1318 (Fed. Cir. 2004). Sunny Fresh was not required also to succeed on its additional claim seeking to invalidate Defendants' patents. As the Federal Circuit recognized, that claim was mooted once Sunny Fresh's judgment of non-infringement was affirmed. *See Id.*

On the other hand, Defendants certainly are not the "prevailing parties." Defendants were unsuccessful on ***all*** of their affirmative counterclaims against Sunny Fresh alleging infringement of 39 separate claims of the four patents in suit. Indeed, Defendants sought well over $200 million in damages (plus trebling), but recovered nothing. The fact that Defendants appealed this Court's judgment establishes beyond question that they were ***not*** the prevailing parties.

## D. SUNNY FRESH IS ENTITLED TO POST-JUDGMENT INTEREST ON ITS COSTS

Sunny Fresh also is entitled to post-judgment interest on the award of costs. Interest accrues on cost awards, just as on any other money judgment, pursuant to 28 U.S.C. § 1961. *RWT v. Dalton*, 712 F.2d 1225, 1234-35 (8th Cir. 1983); *Georgia Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988). Under 28 U.S.C. § 1961, interest "shall be calculated from the date of the entry of the judgment..." The interest rate is set "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Id.*

Judgment was entered in this Court on August 21, 2003 (Docket # 329). Accordingly, the applicable interest rate on Sunny Fresh's costs is 1.29%, the average rate for the week ending August 15, 2003. This is reported at http://www.federalreserve.gov/releases/h15/20030818/ and on this Court's website. The interest for the post-judgment period is calculated using the formula P * (r/365) * d, where P is the principal, r is the annual interest rate, and d is the number of days for which interest is being calculated. As of today, (August 11, 2005), 721 days have elapsed since the entry of judgment on August 21, 2003. Therefore, the total interest due up to this date is:

$$486{,}858.14 * (0.0129/365) * 721 = \$12{,}406.08$$

For every day hereafter, $17.21 in interest should accrue (486,858.14 * (0.0129/365) = 17.21).

## E. CONCLUSION

For the foregoing reasons, Sunny Fresh respectfully requests that the Court grant it the costs enumerated in Plaintiff's Bill Of Costs filed herewith, along with post-judgment interest. Up to the date of this resubmission of costs (August 11, 2005), the costs plus statutory interest amount to $499,264.22. For every day subsequent to August 10, 2005, $17.21 should be added to this sum until full payment of the cost award.