**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DIVISION**

SUNNY FRESH FOODS, INC.,

Plaintiff,

vs.

MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,

Defendants.

**Civil Action No. 00-CV-2117 (JMR/FLN)**

**DECLARATION OF PHILIP T. PETTI IN SUPPORT OF PLAINTIFF'S BILL OF COSTS**

I, Philip T. Petti, state as follows:

1. I am an attorney admitted to practice before this Court, and I am a partner with the law firm of Fitch, Even, Tabin & Flannery of Chicago, Illinois, co-counsel for Sunny Fresh Foods, Inc.

2. This declaration is being submitted in support of Plaintiff's Bill of Costs pursuant to 28 U.S.C. § 1920 and Fed. R. Civ. P. 54(d) for those recoverable expenses incurred by Plaintiff, Sunny Fresh Foods, Inc. ("Sunny Fresh"), in the above captioned case ("Sunny Fresh II") and a previous related case, Sunny Fresh Foods, Inc. v. Michael Foods, Inc. and North Carolina State University, Civil Action No. 92-635 ("Sunny Fresh I").

3. Plaintiff's Bill of Costs, and this declaration, are submitted to conform carefully to the precedent of this Court as to allowable costs in patent litigation like the captioned action. Specifically, the items and amounts requested herein are based directly on this Court's precedent and costs allowed in Medtronic, Inc. v. Advanced Cardiovascular Systems, Inc. and Guidant Corporation, Civ. No. 97-2459 (JMR/FLN) ("Medtronic"). Judge Noel's Report and Recommendation in that case, dated February 4, 2002, which is attached hereto as Exhibit 212,

was subsequently adopted after *de novo* review by Chief Judge James M. Rosenbaum by order dated April 26, 2002, which is attached hereto as Exhibit 213.

4. Sunny Fresh respectfully, but urgently, submits that its costs should be awarded at this time, notwithstanding that an appeal from the jury verdict and judgment in Sunny Fresh's favor was taken by defendants to the United States Court of Appeals for the Federal Circuit (*see* paragraph 9, below). The reasons supporting adjudication of the cost petition at this time include the following:

(a) Federal Circuit Rule 33(a)(1) requires the parties to discuss settlement pending appeal, and to submit a certificate to the Court of Appeals to that effect. Because the amount of costs requested herein is substantial – exceeding $486,000 – meaningful settlement discussion will be problematic unless Defendants' liability for costs has been adjudicated, and can be taken into account in considering terms of a possible monetary settlement demand by Plaintiff pending appeal;

(b) Defendants' appeal is, at best, exceedingly weak, and may indeed be frivolous under Federal Circuit authority, since the appeal is from a jury verdict, since at trial the Court generally accepted Defendants' proposed claim constructions, proposed jury instructions and verdict form, and since the Court's evidentiary rulings were certainly not prejudicial to Defendants, given the record as a whole. See Munoz v. Strahm Farms, 69 F.3d 501, 504-05 (Fed. Cir. 1995);

(c) Although substantial in amount, the types of costs requested herein are based carefully on this Court's precedent in Medtronic (*see* paragraph 3, above, and Exhibits 212 and 213 hereto), and the amounts requested are evidenced by complete and indisputable documentary evidence (*see* Exhibits 2 to 211 hereto), by reason of which this application should not require significant attention or resources of the Court;

(d) If, notwithstanding Plaintiffs' plain entitlement to the costs requested herein, Defendants were to contest any part of this petition, acting on the petition now would avoid potential additional delays in the future, before the case can finally be resolved, thus unnecessarily keeping this matter on the Court's docket for an extended period;

(e) Fed. R. Civ. P. 54(d)(1) permits costs to be taxed notwithstanding the taking of an appeal, which can result in efficiencies in the event that costs are disputed, because an appeal regarding costs can potentially be consolidated with the main appeal;

(f) For all of the foregoing reasons, defendants would not be prejudiced if this cost petition were adjudicated now;

(g) Sunny Fresh also respectfully urges that it would be prejudiced if the cost petition were not acted on at this time. Specifically, Sunny Fresh will lose the right to invest or otherwise apply the cost award for ordinary business purposes. If the award is delayed until after the appeal has finally been resolved (which may take a year or more), Sunny Fresh will have lost the right to use this money for an extended period. Given the amount of recoverable costs incurred – nearly half a million dollars – this loss of use of this sum is significant. Thus, delay in taxing costs would magnify damage to Sunny Fresh which has already occurred, because the expense of these large amounts on litigation has precluded Sunny Fresh from using the same sums for ordinary business purposes over the many years this litigation in which Sunny Fresh prevailed has been pending. Moreover, unless costs are taxed now, the losing party, a competitor of Sunny Fresh's, will continue to have the benefit of use of these funds; and

(h) By reason of all the foregoing, there are compelling reasons in this case for which costs should be taxed now, and the showing suggested by Art. II.C ("When to File") of the Clerk's guidelines, promulgated November 10, 2003 and entitled "Taxation of Costs in a Civil Case in the United States District Court for the District of Minnesota", has clearly been made.

5. In the present case, Sunny Fresh II, Sunny Fresh sought a declaratory judgment of non-infringement, invalidity and unenforceability concerning U.S. Patent Nos. 4,808,425, 4,957,759, 4,994,291, and their Reexamination Certificates, and U.S. Reissue Patent No. RE37,225 (previously, U.S. Patent No. 5,019,408). Defendants, Michael Foods, Inc. ("Michael Foods") and North Carolina State University ("NCSU"), counterclaimed, alleging infringement of various claims of the aforementioned patents, and sought damages of in excess of $170 million. Defendants also alleged that the alleged infringement was willful and that damages should be increased under 35 U.S.C. § 284 to more than $500 million. A variety of complex patent issues were litigated during this action, including claim construction, infringement, royalty rates and lost profits, inequitable conduct, and invalidity under 35 U.S.C. §§ 102, 103, 112, 251 and others.

6. Sunny Fresh II resumed litigation started in a prior action before this Court. In Sunny Fresh I, Sunny Fresh sought a declaratory judgment of non-infringement, invalidity and unenforceability of the aforementioned patents. Defendants Michael Foods and NCSU similarly counterclaimed, alleging infringement of various claims of the patents. On November 1, 1995, on the eve of trial, the parties stipulated to a settlement and order dismissing Sunny Fresh I, without prejudice, while reexamination and reissue proceedings were pending before the United States Patent and Trademark Office ("USPTO").

7. During the final stages of the USPTO proceedings, Defendants alleged that the settlement period had expired and issued statements constituting a renewed threat of litigation. Sunny Fresh subsequently filed Sunny Fresh II in response to the renewed and reasonable apprehension of suit for patent infringement. The allegedly infringing processes, claims,

defenses and counterclaims in Sunny Fresh I were incorporated into Sunny Fresh II. The documentary evidence, testimonial evidence and trial exhibits from Sunny Fresh I also were extensively cited and substantially incorporated into the evidence in Sunny Fresh II. As the evidence at trial showed, the patents which had been at issue in Sunny Fresh I came out of the USPTO reissue/reexamination proceedings in substantially narrower form than the claims originally allowed. The USPTO invalidated the original claims based on prior art not disclosed during the original patent prosecution, important items of which prior art were revealed during discovery in Sunny Fresh I, and only thereafter made available to the USPTO.

8. Sunny Fresh II was tried before a jury between June 30 and July 31, 2003. On August 7, 2003, the jury found that the patent claims asserted were not infringed by Sunny Fresh, and were valid and enforceable. The Court entered judgment on August 21, 2003. Plaintiff Sunny Fresh is the prevailing party under the case law of the 8th Circuit and Federal Circuit Courts of the United States.

9. On October 28, Defendants filed a notice of appeal of the judgement in favor of Sunny Fresh, and Sunny Fresh has filed a cross-appeal. The appeal is pending and is captioned Sunny Fresh Foods, Inc. v. Michael Foods, Inc., Nos. 04-1059, -1071 (Fed. Cir.).

10. Sunny Fresh is entitled to recover its costs incurred both in Sunny Fresh I and Sunny Fresh II in this action. Sunny Fresh prevailed on Defendants' patent infringement claims from both Sunny Fresh I and Sunny Fresh II. Moreover, the Sunny Fresh I Settlement Agreement expressly provided for the recovery of costs from Sunny Fresh I in this case. (*See* Docket No. 14). The Sunny Fresh I Agreement provides, *inter alia,* (a) for the use of the entire discovery record from Sunny Fresh I in the subsequent action; (b) preservation of the parties' claims, defenses and counterclaims from Sunny Fresh I for the subsequent action (agreement para. 5(b) and (c)); and (c) preservation of ***all*** claims to "damages, royalties, ***costs*** or other expenses (including attorneys' fees)...." (agreement para. 5(a)) (emphasis supplied) for the subsequent action. On August 21, 2002, the Court granted summary judgement that the Sunny Fresh I

Settlement Agreement is valid and enforceable. (Docket No. 329).

11. Sunny Fresh hereby submits a completed Administrative Office Form AO-133. The supporting documentation for this form is attached hereto. Exhibit 1 is an itemized table of costs which includes specific references to the supporting documentation. The remaining paragraphs of this declaration further explain the information provided in Exhibit 1. Following the format of Chief Judge James M. Rosenbaum's April 26, 2002 order in Medtronic, Sunny Fresh's Bill of Costs may be summarized as follows:

| **ITEMIZATION OF COSTS** | **SUNNY FRESH'S REQUEST** |
|---|---|
| Fees of the Clerk and Docket Fees | $437.50 |
| Trial Transcripts | $24,147.05 |
| Deposition Transcripts | $128,816.27 |
| Fees for Witnesses | $13,786.22 |
| Copies of U.S. Patent Office Records | $29,164.10 |
| Exemplification of Charts, Photographs, Animations and Other Visual Aids | $168,168.31 |
| Exemplification by Electronic Scanning for Trial Presentation System | $122,338.69 |
| GRAND TOTAL of Taxable Costs | $486,858.14 |

12. Pursuant to 28 U.S.C. § 1920(1), Sunny Fresh may recover the Fees of the Clerk. Attached as Exhibits 2 through 5 are true and correct copies of documentation concerning case filing fees and the admission *pro hac vice* of attorneys Philip Petti and Timothy Maloney in Sunny Fresh II. Attached as Exhibits 6 and 7 are true and correct copies of documentation concerning case filing fees and the admission *pro hac vice* of attorneys Morgan Fitch, Robert Jones and Philip Petti in Sunny Fresh I.

13. Pursuant to 28 U.S.C. § 1920(5), Sunny Fresh may recover docket fees as set forth in 28 U.S.C. § 1923. In addition to a docket fee of $20 for trial in a civil case, Sunny Fresh claims a docket fee of $2.50 for each of the following depositions, which were admitted as testimony or narrative summaries of testimony at trial:

| Deposition Transcript/Videotranscript | Date of use at trial |
|---|---|
| Patrick Foley deposition, 11/21/94 | 7/1/03 |
| Howard Magwire deposition, 8/26/02 | 7/1/03 |
| Roger Glasshoff deposition, 8/26/02 | 7/1/03 |
| Arthur Papetti deposition, 9/10/02 | 7/1/03 |
| Thaddeus Polny deposition, 9/9/02 | 7/1/03 |
| David Winwood deposition, 8/20/02 | 7/8/03 |
| Dr. Mohammad Samimi deposition, 7/26/02 | 7/8/03 |
| Michael Wilcox deposition, 3/25/02 | 7/10/03 |
| Dr. Kenneth Sibley deposition, 1/30-31/95 | 7/10/03 |
| T. Ross Wilkinson deposition, 1/28/93 | 7/21/03 |
| Bradley Shafer deposition, 2/21/95 | 7/21/03 |
| Dr. John Efsthathiou deposition, 10/30/02 | 7/23/03 |
| Jeffrey Wade deposition, 2/27/95 | 7/23/03 |
| David Bradwell deposition, 2/22/95 | 7/24/03 |

14. Pursuant to 28 U.S.C. § 1920(2), Sunny Fresh may recover the Fees of the court reporter for the stenographic transcript. Attached as Exhibits 8 through 15 are true and correct copies of invoices concerning transcripts of the following pre-trial hearings:

| Pre-Trial Hearing Transcript | Hearing Date |
|---|---|
| SFF motions re: 2nd-6th counterclaims | 3/15/01 |
| SFF motions to compel discovery/disclosure | 2/12/02 |
| MF motion to realign and compel discovery | 4/16/02 |
| Claim construction/Markman hearing | 4/26/02 |
| Motions for partial summary judgment | 7/24/02 |
| MF motion to compel production | 9/13/02 |
| MF motion to compel production | 10/29/02 |
| Motions for summary judgment | 2/14/03 |

These transcripts were necessary for the purposes of complying with and ensuring compliance with the court's discovery orders, and/or preparation of Sunny Fresh's summary judgment

motions and oppositions to Defendants' summary judgment motions. Accordingly, these transcripts were necessarily obtained for use in the case.

15. Also attached as Exhibits 16 through 20 are true and correct copies of invoices concerning transcripts of the following portions of trial:

| Trial Transcript | Trial Dates |
|---|---|
| Trial transcript, Vols. I-III | 6/30/03-7/02/03 |
| Trial transcript, Vols. IV - VII | 7/7/03-7/10/03 |
| Trial transcript, Vols. VIII - IX | 7/21/03-7/24/03 |
| Trial transcript, Vols. XII - XV | 7/28/03-7/31/03 |
| Jury Questions and Responses | 8/4/03-8/7/03 |

Portions of the trial transcript were cited extensively in Sunny Fresh's motions for JMOL and in oppositions to Defendant's motions for JMOL. Accordingly, these transcripts were necessarily obtained for use in the case.

16. Pursuant to 28 U.S.C. § 1920(2), Sunny Fresh may recover the fees of court reporters for deposition transcripts. Attached as Exhibits 21 through 41 are true and correct copies of invoices concerning the following deposition transcripts, which were admitted as testimony or narrative summaries of testimony at trial:

| Deposition Transcript/Videotranscript | Date of use at trial |
|---|---|
| David Bradwell deposition, 2/22/95 | 7/24/03 |
| John Efsthathiou deposition, 10/30/02 | 7/23/03 |
| Patrick Foley deposition, 11/21/94 | 7/1/03 |
| Roger Glasshoff deposition, 8/26/02 | 7/1/03 |
| Howard Magwire deposition, 8/26/02 | 7/1/03 |
| Arthur Papetti deposition, 9/10/02 | 7/1/03 |
| Thaddeus Polny deposition, 9/9/02 | 7/1/03 |
| Mohammad Samimi deposition, 7/26/02 | 7/8/03 |
| Bradley Shafer deposition, 2/21/95 | 7/21/03 |
| Kenneth Sibley deposition, 1/30-31/95 | 7/10/03 |
| Jeffrey Wade deposition, 2/27/95 | 7/23/03 |
| Michael Wilcox deposition, 3/25/02 | 7/10/03 |

| | |
|---|---|
| David Winwood deposition, 8/20/02 | 7/8/03 |

Because the deponents' testimony was presented to the jury at trial, these materials were necessarily obtained for use in the case.

17. Also attached as Exhibits 42 through 119, generally[1], are true and correct copies of invoices concerning the following deposition transcripts, which contain testimony that was designated by the parties for use at trial and/or the prior testimony of witnesses appearing on the parties' witness lists:

| Deposition Witness | Deposition Date(s) |
|---|---|
| Steven Bacon | 4/3/02-4/4/02[‡] |
| Hershell Ball* | 10/4/94-10/5/94[†‡]<br>1/16/95-1/17/95[†‡]<br>2/23/95-2/24/95[†‡]<br>7/30/02[†‡]<br>12/6/02[†‡] |
| David Bradwell | 11/16/94[†] |
| David Broome | 6/19/02 |
| James Coe | 11/18/94[†‡] |
| Bradley Cook | 5/30/02[‡]<br>6/27/02[‡] |
| Mark Crowell | 6/19/02 |
| Michael Curiale | 10/23/02[‡] |
| Gary Ernst | 2/23/95[‡] |
| Robert Glatz | 12/4/01-12/5/01[†] |
| Daniel Gorsky | 9/10/02[‡] |
| Dennis Heldman* | 2/27/95[†‡]<br>1/17/02[†‡]<br>12/4/02[†‡] |
| Creighton Hoffman* | 12/10/02[†‡] |
| Richard Howe* | 8/16/02[†‡] |
| Mark Johnson | 8/13/02[‡] |
| Daryl Kellenberger* | 2/23/95[†‡] |
| Kevin Kelly | 1/17/95-1/18/95[†‡] |

[1] In some instances multiple depositions were billed on the same invoice, and the entry in Exhibit 1 will reference a prior exhibit outside of this range.

| | |
|---|---|
| Aloysius Knipper | 8/8/02†‡ |
| Joseph Marcy* | 12/19/02†‡ |
| Dinko Mutak | 11/16/94 |
| James Myers | 12/4/01† |
| Susan Nutter | 1/18/95†‡ |
| Gregg Ostrander | 2/23/95†‡<br>8/28/02†‡ |
| Timothy O'Sullivan | 12/5/01-12/6/01†‡<br>2/6/02†‡<br>3/20/02†‡ |
| Stephen Papetti | 9/10/02†‡ |
| John Reedy | 1/9/95-1/10/95†‡ |
| Charles Robinson | 8/13/91† |
| Mohammad Samimi | 11/21/94-11/22/94†‡<br>12/29/94-12/30/94†‡<br>2/20/95†‡ |
| Lee Schrader* | 12/6/02†‡ |
| Jeffrey Shapiro* | ½5/95†‡<br>1/15/02† |
| Kenneth Sibley | 2/6/02†<br>3/19/02†‡ |
| O. Peter Snyder | 11/7/02‡ |
| Dean Sprinkle* | 6/10/02‡ |
| Kenneth Swartzel* | 9/29/94-9/30/94†‡<br>1/19/95-1/20/95†‡<br>2/15/95†‡<br>2/26/95†<br>2/6/02†‡<br>7/15/02†‡<br>12/3/02†‡ |
| Jeffrey Walker | 1/31/95-2/1/95‡ |
| David Winwood | 6/19/02†‡ |
| John Witherspoon | 3/1/95†<br>12/20/02† |

* Testified as a live witness at trial
† Prior testimony of a listed witness
‡ Designated deposition testimony

Accordingly, these deposition transcripts were necessarily obtained for use in the case.

18. Also attached as Exhibits 120 through 182, generally[2], are true and correct copies of invoices concerning the following deposition transcripts, which contain testimony from depositions called by Defendants Michael Foods and NCSU, and which were not available from the Court as a result of Local Rule 26.4 (prior to its elimination) and Fed. R. Civ. Pro. 5(d) (as amended in 2000). A substantial majority of these deposition transcripts contain testimony that was designated by the parties for use at trial and/or the prior testimony of witnesses appearing on the parties' witness lists:

| Deposition Witness | Deposition Date(s) |
|---|---|
| Sumanth Addanki | 12/20/02 |
| Courtney Allen | 2/3/95†‡ |
| Alan Artner | 8/29/02‡ |
| James Bassett | 1/18/95†‡ |
| Michele Ann Begandy | 2/27/95‡ |
| David Biek | 8/30/02 |
| Felicia Boyd | 1/14/02 |
| Lawrence Brown | 1/14/02 |
| Ann Burns | 8/16/02‡ |
| Ramesh Chandan | 2/13/95‡ |
| John Dahler | 2/24/95†‡ |
| Dannis Darnell | 8/16/02‡<br>10/31/02‡ |
| Jeffrey Derby | 8/28/02†‡ |
| John Efsthathiou | 9/27/94-9/28/94†‡<br>6/7/95†‡<br>11/29/01†‡<br>12/12/01†‡<br>1/16/02†‡<br>3/5/02†‡ |
| Isy Elroy | 2/15/95†‡ |
| Morgan Fitch | 6/23/95†‡ |
| Brenda Fleming | 10/3/94-10/4/94†‡<br>2/28/95†‡<br>5/26/95†‡ |
| John Gibbons | 10/31/02‡ |
| John Goolkasian* | 12/3/02†‡ |

[2] In some instances multiple depositions were billed on the same invoice, and the entry in Exhibit 1 will reference a prior exhibit outside of this range.

| | |
|---|---|
| Ronald Hunter | 6/8/95†‡ |
| Laura Huston | 12/12/01‡ |
| Robert Jones | 6/1/95-6/2/95†‡<br>6/22/95†‡<br>6/7/02†‡ |
| Jodine Gubin-Jurgens | 11/8/02‡ |
| Jeffrey Kinrich* | 12/5/02 |
| Daniel Kitchen | 8/9/02‡ |
| Theodore Labuza* | 4/10/02†<br>12/11/02† |
| Richard Lechowich* | 12/4/02†‡ |
| Carol Ludington | 12/17/02 |
| Mike Luker* | 8/23/02†‡ |
| Alice Lynch | 6/10/03 |
| Harry McNamee | 2/28/95†‡ |
| Jon Mindrum | 2/15/95†‡ |
| Wilfredo Ocasio | 11/5/02 |
| Cara Jo Peck* | 2/23/95‡ |
| Matthew Pipke | 5/31/95‡ |
| Don Roberts | 10/3/01-10/4/01†‡<br>11/30/01†‡ |
| Jerry Rose* | 1/17/95†‡<br>2/15/95-2/16/95†‡<br>5/25/95†‡<br>8/21/02†‡ |
| David Rye | 8/15/02‡ |
| Bruce Schmidt | 2/8/95†‡<br>8/28/02†‡ |
| Lee Skold, Jr. | 8/27/02†‡ |
| William Stadelman* | 12/2/02† |
| Warren Woessner | 8/28/02‡ |
| Scott Woodward* | 1/18/95-1/19/95†‡<br>6/7/95†‡<br>12/11/01†‡F<br>½4/02†‡<br>4/9/02†‡<br>10/31/02† |

* Testified as a live witness at trial
† Prior testimony of a listed witness
‡ Designated deposition testimony

Accordingly, these deposition transcripts were necessarily obtained for use in the case.

19. Pursuant to 28 U.S.C. § 1920(3), Sunny Fresh may recover fees for witnesses. Administrative Office Form AO-133 specifies that such fees are set at $40/day and $160/night if overnight stay is required. The following witnesses testified at trial at Sunny Fresh's behest and were compensated by Sunny Fresh for their time:

| Witness and fee items | Date(s) of Testimony at Trial |
|---|---|
| Norman Berry: 2 days travel, 2 days testimony, 3 nights subsistence | 6/30/03-7/1/03 |
| Dr. Scott Woodward: 2 days testimony | 7/1/03-7/2/03 |
| Dr. Peter Rony: 1 day travel, 1 day testimony, 6 nights subsistence | 7/2/03, 7/7/03 |
| Dr. William Stadelman: 1 day travel, 2 days testimony, 3 nights subsistence | 7/8/03-7/9/03 |
| Dr. Theodore Labuza: 1 day testimony | 7/9/03 |
| Dr. Richard Lechowich: 1 day travel, 1 day testimony, 2 nights subsistence | 7/10/03 |
| John Goolkasian: 1 day travel, 2 days testimony, 2 nights subsistence | 7/10/03, 7/21/03 |
| Mike Luker: 1 day testimony | 7/29/03 |
| Jeffrey Kinrich: 1 day travel, 2 days testimony, 2 nights subsistence | 7/29/03-7/30/03 |

Mr. Luker is an officer of Sunny Fresh, and Dr. Woodward is an employee of Sunny Fresh. Attached as Exhibits 183 through 189 are true and correct copies of invoices concerning the compensation of the remaining listed witnesses.

20. Where travel time or subsistence is claimed, the witness in question traveled by air from outside Minnesota to appear at trial, one day of travel is claimed for the witness' time traveling to and from Minneapolis, and one night subsistence is claimed for overnight stay prior to the start of the witness' testimony. Mr. Norman Berry was an expert witness residing in the United Kingdom. Two days of travel time and two nights of subsistence are claimed due to the time and scheduling restrictions required by international travel. Dr. Peter Rony was a fact witness residing in Virginia. Dr. Rony remained in Minneapolis when his testimony bridged a four day scheduled break in the proceedings. This eliminated the cost of additional travel

between Dr. Rony's residence and Minneapolis, which would have exceeded the cost of the additional claimed subsistence. Dr. William Stadelman was an expert witness residing in Indiana. One additional night of subsistence is claimed due to scheduling issues with the witness' return flight. Dr. Richard Lechowich was an expert witness residing in Florida. One additional night of subsistence is also claimed due to scheduling issues with the witness' return flight. All of the listed witnesses were accommodated at Sunny Fresh's expense at the Crowne Plaza Northstar Hotel in Minneapolis at a daily room and banquet rate exceeding the maximum subsistence allowance permitted by the Court.

21. Pursuant to 28 U.S.C. § 1920(3), Sunny Fresh may also recover travel expenses for witnesses. Included in Exhibits 183 through 189 are invoices detailing the travel expenses of certain witnesses. Travel expenses are claimed for Mr. Norman Berry, Dr. Peter Rony, Dr. William Stadelman, Dr. Richard Lechowich, and Mr. John Goolkasian. Mr. Goolkasian was an expert witness residing in the Washington, D.C. metropolitan area who was obligated to travel to Minneapolis twice when his testimony bridged a ten day scheduled break in the proceedings.

22. Pursuant to 28 U.S.C. § 1920(4), Sunny Fresh may recover the costs of exemplification. Attached as Exhibit 190 are true and correct copies of documentation concerning certified copies of the file histories of U.S. Patent Nos. 4,808,425, 4,957,759, 4,994,291, 5,019,408 and U.S. Reissue Patent No. RE37,225, the patents-in-suit, which were admitted into evidence in this action. Accordingly, these exhibits were necessarily obtained for use in the case.

23. Also attached as Exhibits 191 and 192 are true and correct copies of documentation concerning certified copies of additional U.S. Patents admitted into evidence in this action. Accordingly, these exhibits were necessarily obtained for use in the case.

24. Also attached as Exhibits 193 and 194 are true and correct copies of documentation concerning trial exhibits related to the testimony of Jeffrey Kinrich on July 29th

and 30th, 2003. Accordingly, these exhibits were necessarily obtained for use in the case.

25. Also attached as Exhibits 195 through 205 are true and correct copies of documentation concerning the preparation and production of demonstrative exhibits (highlighted documents, charts, photographs), graphical exhibits (depictions of expert analyses and conclusions), and a computer animation of the operations of an extended shelf life liquid egg pasteurization and packaging system. These exhibits were used by the attorneys and witnesses to assist the Court and the jury in understanding the complex facts and history at issue in this case. Accordingly, these exhibits were necessarily obtained for use in the case.

26. Also attached as Exhibits 206 through 211 are true and correct copies of documentation concerning the cost of scanning documents, video and other trial exhibits, and other costs associated with the preparation of exhibits and videotaped testimony for presentation using the Court's computer presentation system to assist the Court and the jury in understanding the issues in this case.

I declare that the foregoing is true and correct under penalty of perjury.

/s/ Philip T. Petti
**FITCH, EVEN, TABIN & FLANNERY**
Steven C. Schroer (Minn. I.D. #97743)
Timothy E. Levstik
Philip T. Petti
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603-3406
T: (312) 577-7000
F: (312) 577-7007

Attorneys for Plaintiff

**FAEGRE & BENSON LLP**
Brian B. O'Neill (Minn. I.D. #82521)
Felicia J. Boyd
Lori A. Wagner
William L. Roberts (Minn. I.D. #212763)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
T: (612) 766-7000
Attorneys for Plaintiff

Date: August 10, 2005