UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| SUNNY FRESH FOODS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL FOODS, INC. and NORTH CAROLINA STATE UNIVERSITY,<br><br>Defendants. | Civil Action No. 00-CV-2117 (DSD/JMM)<br><br>Chief Judge James M. Rosenbaum |

**MICHAEL FOODS, INC. AND NORTH CAROLINA STATE UNIVERSITY'S OPPOSITION TO SUNNY FRESH FOODS, INC.'S BILL OF COSTS**

## I. INTRODUCTION

In the mid 1980's, North Carolina State University researchers developed processes that revolutionized food technology. Eventually, four patents were issued by the United States Patent and Trademark Office. Michael Foods, Inc. commercialized that patented technology. When the rest of the industry began to copy, Michael Foods, Inc. and North Carolina State University (hereinafter "Michael Foods" collectively) enforced those patents against infringers. Decisions in various federal courts upheld the validity of

the patents, in addition to finding competitors guilty of infringing those patents.[1] Several food companies also took licenses under the patents.[2]

Sunny Fresh filed a declaratory judgment that the patents were invalid and unenforceable due to inequitable conduct. Michael Foods counterclaimed for infringement.

On the eve of the first scheduled trial in 1995, the parties agreed to stay the litigation so Sunny Fresh's challenges to the patents, and other companies' challenges could be heard before the Patent Office. After 33 challenges over five years, the Patent Office found the patents to be valid.

The parties then returned to the district court for discovery and pre-trial motion practice. The parties went to trial in June 2003. Sunny Fresh proceeded on its declaratory judgment claims alleging the patents' invalidity and unenforceability. Michael Foods proceeded on its counterclaim alleging the patents were infringed by Sunny Fresh's activities. After several weeks of trial, a jury found that neither party had succeeded on its claims. As to Sunny Fresh's claims that the patents were invalid and/or unenforceable, the jury found that the patents were indeed valid and that no inequitable conduct had occurred. The jury also did not find infringement, Michael Foods' claim.

---

[1] *Michael Foods, Inc. and North Carolina State University v. Bartow Food Company*, Civil Action No. 8:90-cv-00269-EAK, USDC Middle District of Florida; *Michael Foods, Inc. and North Carolina State University v. Papetti's Hygrade Egg Products*, Civil Action No. 2:89-cv-04645-MTB, USDC District of New Jersey.

[2] Michael Foods, Inc. and North Carolina State University v. Nulaid Foods, Inc., Civil Action No. 2:93-cv-01319-WBS-JFM, USDC Eastern District of California; Michael Foods, Inc. and North Carolina State University v. Rose Acre Farms, Inc., Civil Action No. 5:02-CV-477 H(3), USDC Eastern District of North Carolina; Michael Foods, Inc. and North Carolina State University v. Cutler at Abbeville, Civil Action No. 5:02-cv-559-H(3), USDC Eastern District of North Carolina.

The parties then went to the Court of Appeals for the Federal Circuit. The Appellate Court did not disturb the jury's verdict on any of the issues and made no award of costs.

Now Sunny Fresh has filed its Bill of Costs under Federal Rule of Civil Procedure 54(d)(1) asking that costs be "allowed as of course." Sunny Fresh's Resubmission of Bill of Costs, Docket No. 378, p. 2. Sunny Fresh seeks approximately $500,000 for items primarily used in connection with its unsuccessful efforts to invalidate or render unenforceable the patents. In addition, Sunny Fresh claims items not allowed under 28 U.S.C. § 1920 nor the Taxation of Costs in a Civil Case in the United States District Court for the District of Minnesota (hereinafter referred to as "Guidelines").

No costs should be awarded to Sunny Fresh. The prevailing rule in the Eighth Circuit, as well as in other districts, is to not award costs in cases of split results. Where the case proceeds to a full trial on the issues of validity, enforceability and infringement where each side fails to win on its counts, the result is no award of costs. That decision to not award costs can be due to either the court finding under the circumstances there is no "prevailing party" or due to the court exercising its inherent power not to tax costs in any given situation.

Michael Foods' objections to Sunny Fresh's Bill of Costs should also be sustained where Sunny Fresh is requesting costs on issues where it did not prevail. Finally, Sunny Fresh is seeking numerous costs that cannot in any event be taxed by the District Court pursuant to § 1920 and the Guidelines. The decisions in *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); and *W. Va. Univ. Hosps., Inc. v. Casey*, 499

U.S. 83, 86 (1991) (superceded by statute on other grounds) clearly do not allow taxation of the bulk of Sunny Fresh's "costs" such as "demonstrative exhibits". *See also Kohus v. Toys"R"Us, Inc.*, 282 F.3d 1355, 1359 (Fed. Cir. 2002).

## II. SUNNY FRESH IS NOT THE PREVAILING PARTY UNDER THE FEDERAL CIRCUIT TEST

Sunny Fresh attempts to set itself up as the prevailing party, citing several decisions from the Federal Circuit. Those citations, however, do not involve any precedential decisions where after a complete trial on all the issues, the patentee succeeded on validity and inequitable conduct and the alleged infringer succeeded on infringement. "The inquiry becomes more difficult when each party has some claims adjudicated in its favor." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996).

The determination of who is the prevailing party is a matter to be decided under Federal Circuit law. The Federal Circuit has held that the Plaintiff prevails when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" *Id.* (quoting *Farrar v. Hobby,* 506 U.S. 103, 111-113 (1992)). *Manildra Milling* acknowledged that determining a prevailing party is only "a threshold inquiry". The courts still have the discretion to award no fees or nominal fees. *Id.* at 1182 (citing to *Farrar*, 506 U.S. at 115-116). The district court's discretion to award no fees, regardless of who prevailed, is reviewed under the law of the regional circuit. *Id.* at 1183.

Using *Manildra Milling*, courts looking at the precise situation found here, have required each party to bear its costs. The court in *Lifescan, Inc. v. Home Diagnostics, Inc.* held that where "…the accused product was found not to infringe, and the patent was found to be valid and enforceable" neither party had prevailed. 2001 WL1339405 at *2 (D. Del. Oct. 30, 2001) (Attached as Ex. 1). In addressing the test set out in *Manildra Milling*, the court noted under those circumstances, *i.e.*, a valid and enforceable patent that was not infringed, that the "legal relationship between [the parties] has not been materially altered, and the judgment did not modify either party's future behavior to benefit the other party." *Id.* As a result the court ordered each party to bear its own costs.

Other courts have likewise applied the test of *Manildra Milling* and have come to the same conclusion; namely, that a successful defense of the patent combined with non-infringement results in neither party being the "prevailing party". "Because the judgment entered in this case did not materially alter the legal relationship between Senior Technologies, Inc. and R.F. Technologies, Inc., by modifying either party's behavior in a way that directly benefits the other party, neither party is a 'prevailing party' for purposes of F.R.C.P. 54(d)(1)." *Senior Techs., Inc. v. R.F. Techs., Inc.*, 190 F.R.D. 642, 644 (D. Neb. 2000); *See also Collegenet, Inc. v. Applyyourself, Inc.*, 2004 WL 2050488 at *4 (D. Or. Feb. 10, 2004) (Attached as Ex. 2) ("There is no alteration of the parties' legal relationship because neither party's behavior has been modified.")

In the present case, Michael Foods successfully defended the four patents against claims of invalidity and inequitable conduct. *If* Sunny Fresh had succeeded in

invalidating the patents, it would be a "prevailing party". The discussion of why invalidity changes the parties' legal relation also informs why a still valid patent does not change that relationship.

> A patentee receives the right to exclude *all others* from making, using, or selling the patented invention. 35 U.S.C. 154 (1994). In essence, a patent inhibits those who would compete with its owner by warning them not to practice the invention. A judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties. The patentee no longer can enforce his patent against the would-be infringer litigant, or any other would-be infringer. *See Blonder-Tongue Lab., Inc. v. University of Illinois Found.* 402 U.S. 313, 349-350, 91 S.Ct. 1434, 1453, 28 L.Ed.2d 788, 169 USPQ 513, 527-28 (1971). The freedom to practice an invention without fear of suit by the patentee is a valuable commercial benefit. By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit.

*Manildra*, 76 F.3d at 1183.

Sunny Fresh failed to receive any such gain. The patents are still in force and Michael Foods continues to collect royalties from several companies in the industry who practice the patented process. Sunny Fresh is still free to make its non-infringing product. Sunny Fresh is, however, still constrained in what process it can use because if, e.g., it wishes to use a different process, the NCSU patents are in force to prevent certain modifications to the process, such as longer pasteurization times.

In *B. Braun Med., Inc. v. Abbott Labs.*, after trial and appeal the patentee had succeeded on the issues of validity and enforceability, while the alleged infringer had

prevailed on the issue of infringement. 38 F. Supp. 2d 393 (E.D. Pa. 1999). The court noted:

> …each party gained something by the action, while at the same time being unsuccessful in establishing any wrongdoing on the part of the other. Defendant was entitled to continue to manufacture the accused products and plaintiff obtained a judicial declaration of patent validity; neither was able to establish that the other was liable for damages.

*Id.* at 395, discussing *Compro-Frink Co. v. Valk Mfg. Co.*, 595 F.Supp 302 (E.D. Pa. 1982), a case that reached the same conclusion as in *Braun* under similar facts. Under that analysis, there was no prevailing party, or in the alternative, regardless of who was the prevailing party, costs should not be imposed. *Id.* The court then noted that "…both Braun and Abbott won and lost. Braun secured a declaration of validity of its patent but did not recover damages. Abbott secured a declaration that its products do not infringe, leaving Abbott free to make and sell them, but did not recover damages." *Id.* The court continued on that the "litigation resulted in a tie" and that regardless whether the accused infringer was a "prevailing party" the court exercised its discretion to deny the costs. *Id.* at 395, 396.

## III. SUNNY FRESH IS NOT ENTITLED TO COSTS UNDER LONGSTANDING PATENT DECISIONAL LAW

As discussed in *Manildra Milling*, supra, even with a "prevailing party" the court can exercise its discretion to not award costs. Where Michael Foods was unable to establish infringement and Sunny Fresh unable to establish invalidity or inequitable conduct, there is no prevailing party and no need for costs under longstanding precedent in patent cases. *Kalkowski v. Ronco, Inc.*, 424 F.Supp. 343, 354 (N.D. Ill. 1976) ("[I]t is

generally said that in such cases the usual practice is not to allow costs to either party where both have prevailed in part in the lower court. Where in a patent case there are claims and counterclaims with the case being a close and difficult one, it is not an abuse of discretion for the trial judge to require each party to pay its own costs." (citations omitted)). *See also Compro-Frink Co. v. Valk Mfg. Co.*, 595 F.Supp 302, 304 (E.D. Pa. 1982); *Brunswick-Balke-Collender Co. v. Am. Bowling & Billiard Corp.*, 150 F.2d 69, 72 (2nd Cir. 1945); *Q-Tips, Inc. v. Johnson & Johnson*, 108 F.Supp. 845, 871 (D. N.J. 1952) (modified on other grounds by 207 F.2d 509 (3rd Cir. 1953)).

Likewise, in the Eighth Circuit, where neither party is wholly successful on appeal, neither party is entitled to costs. *Woodstream Corp. v. Herter's, Inc.*, 446 F.2d 1143, 1158 (8th Cir. 1971).

## IV. THE EIGHTH CIRCUIT GENERALLY DOES NOT AWARD COSTS IN A SPLIT DECISION

Where neither party prevails on its claims for affirmative relief, it is appropriate to deny costs to both parties. This has been the rule in the Eighth Circuit. *Kropp v. Ziebarth*, 601 F.2d 1348, 1358 (8th Cir. 1979). In discussing the issue of costs, the Eighth Circuit noted "we discuss these issues only in the context of a judgment which dismisses both the complaint and the counterclaim." *Id.* at 1357, FN 24.

"Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in taxing costs… We cannot say the district court abused its discretion in ordering each party to bear its own costs." *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980). *Richmond v.*

*Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992) ("An award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved.").

Other Circuits have followed the same rule. *Srybnik v. Epstein*, 230 F.2d 683, 686 (2nd Cir. 1956) ("In a case such as this where the defendant counter-claims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties…"). *See also Allan and O'Hara, Inc. v. Barrett Wrecking, Inc.*, 298 F.2d 512, 517 (7th Cir.1990); *Howell Petroleum Corp. v. Sampson Res. Co.*, 903 F.2d 778, 783 (10th Cir. 1990). *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997). Under Rule 54 there need not always be a prevailing party. When neither party prevails on their claim or counterclaim and even where nominal damages are awarded, there is not necessarily a prevailing party. *Tunison v. Cont. Airlines Corp., Inc.*, 162 F.3d 1187, 1191 (D.C. Cir. 1998).

Thus, under not only patent decisions, but civil cases in general, the proper procedure is to award no costs.

## V. SUNNY FRESH SHOULD NOT GET COSTS WHERE IT DID NOT PREVAIL

In cases, unlike the present one, where one side has affirmatively prevailed, the courts still do not award that party costs on other issues, i.e. those where the party did not prevail. For example, where a patentee prevails on its claim of infringement for some but not all of the claims, the costs should be apportioned, "…an equitable division of the costs proportioned to the expense of litigating the respective claims should be made,

because the Defendant is not justly liable for costs of litigating those claims upon which the complainant was entitled to no relief." *J.L. Owens Co. v. Twin City Separator Co.*, 168 F. 259, 270 (8th Cir. 1909) (four out of five claims held valid and infringed, defendant to recover 1/5 of its costs, the patentee 4/5 of its costs). Certainly, where Sunny Fresh was unsuccessful, i.e. regarding validity and enforceability, it should not recover costs. *Sheehy v. Town of Plymouth*, 2001 WL92386 at *4-8 (D. Mass. Jan. 18, 2001) (collecting cases, Ex. 3); *Clem Envtl. Corp. v. Am. Colloid Co., Inc.*, 1991 WL 246545 at *3 (N.D. Ill. Nov. 13, 1981) (Attached as Ex. 4).

Where, as here, the patent was found valid but not infringed, the Eighth Circuit has upheld the awarding of costs to both sides for those causes it prevailed upon. *H.H. Robertson Co. v. Kaluer Mfg. Co.*, 98 F.2d 150, 160 (8th Cir. 1938). Given the prevailing rule that neither party should receive costs in a split decision, Michael Foods did not file a Bill of Costs. Should this court decide to award any costs to Sunny Fresh based upon its prevailing on Michael Foods' counterclaim of infringement, Michael Foods respectfully moves this court for an opportunity to file its Bill of Costs based upon its prevailing on the action brought by Sunny Fresh, namely, prevailing on the allegations of invalidity and inequitable conduct.

## VI. SUNNY FRESH REQUESTS COSTS ON ITEMS THAT ARE NOT TAXABLE UNDER 28 U.S.C. § 1920 NOR THE LOCAL RULES

The costs that can be taxed by the District Court are limited to those set forth in 28 U.S.C. § 1920. The Supreme Court in recent years has twice ruled on the ability of items to be taxed as "costs". These opinions clearly limit "costs" to those explicitly allowed by

28 U.S.C. § 1920. The court held that Congress had spoken in Federal Rules of Civil Procedure 54(d)(1) and § 1920 to restrict what qualifies as a "cost" and that expansive readings of "costs" were improper. "We hold that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Costs outside of that list, no matter how seemingly meritorious, are simply not properly taxed. "Title 28 U.S.C. § 1920 now embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." *Id.* at 440.

> If the Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever. We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d). It is phrased permissively because Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party.

*Id.* at 441-442. "In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987), we held that these provisions define the full extent of a federal court's power to shift litigation costs absent express statutory authority to go further." *W. Va. Univ. Hosps., Inc.*, 499 U.S. 83 at 86.

It is Sunny Fresh's burden to establish a basis under § 1920 for its requests. Taxation of "costs" to the prevailing party as a matter "of course" under Rule 54(d)(1) is strictly limited to the items enumerated in § 1920. As contrast, a very different mechanism is available for "attorneys' fees and *related non-taxable expenses*" under

Rule 54(d)(2)(A). Rule 54(d)(2) required Sunny Fresh to have filed its motion within 14 days and to specify how it met the "exceptional case" standard for seeking fees and "related non-taxable expenses". Instead, Sunny Fresh chose to pursue the strictly limited "costs" as a matter "of course" of Rule 54(d)(1). To the extent Sunny Fresh is requesting costs beyond § 1920, that request must be denied.

The District of Minnesota has also set forth guidelines that certain categories are not proper. In addition, for the District of Minnesota certain costs are not within the authority of the clerk to tax. Those costs may be requested, but the clerk should not allow them because of the lack of authority (Guidelines, Paragraph II.D.1.). Michael Foods sets forth below those items thought not properly taxable under § 1920 or the guidelines of the District Court.

## VII. APPLICATION TO SPECIFIC ITEMS IN SUNNY FRESH'S FORM AO133

As set forth above, Michael Foods submits that Sunny Fresh is not due any award of costs. Additionally, various of the specific amounts sought by Sunny Fresh are improper.

### A. <u>Fees of the Clerk</u>

If the court awards costs, Michael Foods does not challenge the costs of Item I, Fees of the Clerk, $380.00

### B. <u>Fees of the Court Reporter</u>

#### 1. *Pre-Trial Hearings*

Sunny Fresh requests taxation of pre-trial hearing transcripts, Form AO133, IIIA. Section 1920 does not allow these items as reflected in the Guidelines. The Guidelines,

Paragraph II.D.4.a., set forth three occasions where hearing transcripts are taxable. Sunny Fresh makes no attempt to meet any of these three conditions. Sunny Fresh's argument is that the transcripts were necessary to comply with the court's discovery rulings and preparing of summary judgment briefs. The discovery orders were made known to counsel at the end of the hearings or by later written orders. Nothing required Sunny Fresh to order the entire transcript. Likewise, the summary judgment papers did not require any transcripts of pre-trial hearings. The summary judgment motions dealt with citations to documents from discovery and testimony. Since the transcripts do not fall within any of these three conditions, they were not "necessarily" obtained and under *Crawford* they should not be taxed. *Id.*

2. *Trial Transcripts*

Sunny Fresh requests fees for trial transcripts, Item III.B. The condition under § 1920 is that the transcript is "necessarily obtained" as opposed to obtained for the convenience of counsel. Similarly, Paragraph II.D.4.a of the Guidelines require Sunny Fresh to show "necessity" under one or more of these categories. Sunny Fresh now claims the transcripts were necessary for JNOV purposes. Since Sunny Fresh ordered the transcripts from the beginning of the trial, the JNOV argument is not a basis under § 1920.

> Plaintiffs' arguments that the trial transcripts were necessary to provide an informed response to defendant's post trial motions is unconvincing, since the parties had agreed prior to trial, and, therefore, before either side could know of the necessity to respond to JNOV motions, to obtain a daily copy of the trial transcripts and to split the costs.

*Goodwall Constr. Co. v. Beers Const. Co.*, 824 F.Supp. 1044, 1064 (N.D. Ga. 1992). Sunny Fresh also seeks costs for the original *and first and second copies as well as a "real-time" copy* available in the courtroom, e.g. Exhibit 18. Those add-ons confirm the transcript was for convenience of counsel. Sunny Fresh makes no showing that the multiple daily copies ordered were necessary.

**C. <u>Deposition Transcripts</u>**

Under Form AO133, IIIC, Sunny Fresh lists several deposition transcripts for which it requests costs. Section 1920 limits this item to "transcripts necessarily obtained for *use* in the case…" § 1920(2). As such, § 1920 limits this item to transcripts actually admitted during the trial. Once again, Sunny Fresh does not conform its requests to § 1920 nor the Guidelines. Guidelines, Paragraph II.D.4.b sets forth three conditions for taxation of a deposition and notes that depositions taken for the purpose of discovery or trial preparation are not taxable. *See also Sun Studs, Inc. v. ATA Equip. Leasing, Inc.*, 1990 WL 279520 at *10 (D. Or. June 12, 1990) (Attached as Ex. 5). Going through the list of depositions, it is noted that numerous depositions do not fall under any of these categories. Set forth below is the list where the deposition was presented at trial. Note, however, Michael Foods contests the costs of depositions used at trial where Sunny Fresh attempts to tax those costs for the video deposition *and* a transcript in violation of § 1920 and Guidelines, Paragraph II.D.4.c. The chart below shows the requested cost, including the entry for a videotape. The last column shows the cost of the transcript itself.

| Witness | Date | Validity, Infringement or Inequitable Conduct | Requested Cost | Transcript Cost |
|---|---|---|---|---|
| David Bradwell | February 22, 1995 | Infringement | $634.15 | $634.15 |
| John Efstathiou | October 30, 2002 | Infringement | $609.96<br>$152.03 | $609.96 |
| Patrick Foley | November 21, 1994 | Validity | $964.40<br>$349.62 | $964.40 |
| Roger Glasshoff | August 26, 2002 | Validity | $1,142.25<br>$650.00 | $1,142.25 |
| Howard Magwire | August 26, 2002 | Validity | $785.00<br>$312.45 | $785.00 |
| Arthur Papetti | September 10, 2002 | Validity | $552.63<br>$555.00 | $552.63 |
| Thaddeus Polny | September 9, 2002 | Validity | $1,049.85<br>$656.00 | $1,049.85 |
| Mohammad Samimi | July 26, 2002 | Validity, Inequitable Conduct | $1,227.20<br>$1,423.75 | $1,227.20 |
| Bradley Shafer | February 21, 1995 | Infringement | $292.20<br>$267.00 | $292.20 |
| Kenneth Sibley | January 30-31, 1995 | Validity, Inequitable Conduct | $2,116.00<br>$987.00 | $2,116.00 |
| Jeffrey Wade | February 27, 1995 | Infringement | $292.50 | $292.50 |
| Michael Wilcox | March 25, 2002 | Infringement | $1,446.52<br>$506.00 | $1,446.52 |
| David Winwood | August 20, 2002 | Validity | $781.50<br>$327.50 | $781.50 |
| | | | **TOTAL:** | $11,891.16 |

Sunny Fresh also includes depositions that went to issues of validity and inequitable conduct. Not having prevailed on those issues, Sunny Fresh is not entitled to costs on those issues. Thus, the above chart should have the following names deleted as primarily validity or enforceability witnesses: Patrick Foley, Roger Glasshoff, Howard Magwire, Arthur Papetti, Thaddeus Polny, Mohammad Samimi, Kenneth Sibley, Jeffrey

Wade and David Winwood. The amounts capable of being taxed for the remaining witnesses are (excluding the requested cost of the video):

| **Witness** | **Date** | **Requested Cost** | **Transcript Cost** |
|---|---|---|---|
| David Bradwell | February 22, 1995 | $634.15 | $634.15 |
| John Efstathiou | October 30, 2002 | $609.96<br>$152.03 | $609.96 |
| Bradley Shafer | February 21, 1995 | $292.20<br>$267.00 | $292.20 |
| Jeffrey Wade | February 27, 1995 | $292.50 | $292.50 |
| Michael Wilcox | March 25, 2002 | $1,446.52<br>$506.00 | $1,446.52 |
| | | **TOTAL:** | $3,275.33 |

Sunny Fresh also seeks under AO133 Item III.D to have taxed as costs depositions that were never used at trial. Sunny Fresh bases its request upon *inter alia* its own listing of the deposition on its all-inclusive witness list or on Michael Foods witness list. The possibility of the use of deposition at trial is not the same as its actual use at trial and hence does not result in it being taxable because it was not *necessarily* obtained for *use* in the case, 28 U.S.C. § 1920 (2). Rather, these depositions are in the category of discovery or convenience of counsel and thus not taxable.

If Sunny Fresh were allowed costs, Sunny Fresh could be awarded deposition transcript costs for those witnesses in this category that did testify at trial, Guidelines II.D.4.b.sub(1). In schedule III.D. of the form AO133 that would include:

| | |
|---|---|
| Hershell Ball: | $2,823.70 |
| | $40.00 |
| | $1,250.00 |
| | $1,214.00 |
| | $1,266.25 |
| | $1,510.75 |
| | $75.00 |
| | **$8,179.70** |
| Dennis Heldman: | $936.25 |
| | $1,796.75 |
| | $1,685.75 |
| | $2,173.00 |
| | $928.50 |
| | **$7,520.25** |
| Creighton Hoffman: | **$2,173.00** |
| Richard Howe: | **$928.50** |
| Darryl Kellenberger: | **$473.15** |
| Joseph Marcy: | **$1,371.90** |
| Lee Schrader: | $1,661.25 |
| | $75.00 |
| | **$1,736.25** |
| Jeffrey Shapiro: | **$590.25** |
| Dean Sprinkle: | **$1,472.75** |
| Kenneth Swartzel: | $1,522.05 |
| | $2,415.00 |
| | $1,090.00 |
| | $432.50 |
| | $500.00 |
| | $1,455.00 |
| | $1,162.75 |
| | **$8,577.30** |
| **TOTAL:** | **$33,023.05** |

Sunny Fresh lists in Item III.E more depositions, some used, some never used at trial. Sunny Fresh claims it is entitled to these costs because the witnesses were designated as a *possible* witness. Again, for those who did not testify, Sunny Fresh's argument does not meet § 1920 as it was not "necessarily obtained" for "use in the case". The transcripts for those in this category who actually testified would include:

| | |
|---|---|
| John Goolkasian: | **$587.75** |
| Jeffrey Kinrich: | **$423.42** |
| Theodore Labuza: | $779.97 |
| | $545.03 |
| | **$1,325.00** |
| Richard Lechowich: | **$686.95** |
| Mike Luker: | **$504.56** |
| Jerry Rose: | $41.90 |
| | $41.90 |
| | $510.30 |
| | $536.96 |
| | **$1,131.06** |
| Cara Jo Peck: | **$366.03** |
| William Stadelman: | **$584.80** |
| Scott Woodward: | $12.95 |
| | $358.50 |
| | $466.00 |
| | $236.30 |
| | $704.76 |
| | $118.18 |
| | **$1,896.69** |
| **TOTAL:** | **$7,506.26** |

However, for those whose depositions and court testimony related primarily to validity and enforceability, the costs are not properly taxed. The individuals of schedule III.D and III.E who testified at trial primarily on infringement are:

| WITNESS | COST |
|---|---|
| Hershell Ball | $8,179.70 |
| Dennis Heldman | $7,520.25 |
| Creighton Hoffman | $2,173.00 |
| Richard Howe | $928.50 |
| Darryl Kellenberger | $473.15 |
| Joseph Marcy | $1,371.90 |
| Lee Schrader | $1,736.25 |
| Dean Sprinkle | $1,472.75 |
| Jeffrey Kinrich | $423.42 |
| Theodore Labuza | $1,325.00 |
| Mike Luker | $504.56 |
| Cara Jo Peck | $366.03 |
| Jerry Rose | $1,131.06 |
| Scott Woodward | $1,896.69 |
| **TOTAL:** | **$29,502.26** |

**D. <u>Witness Fees</u>**

Under category IV.A, Sunny Fresh requests fees for trial witnesses. This category is referenced in the Guidelines at II.D.5. Several of the requested items are not taxable. For example, Sunny Fresh seeks to tax as costs the expense of its own employees' witness fees. This is contrary to the guideline Paragraph II.D.5.b ("certain items the clerk will not tax as witness fees"). These non-taxable items are the witness fees for Scott Woodward and Mike Luker, who are employees of the party. *See Spalding & Evenflo Cos., Inc. v. Grace Metal Prods., Inc.*, 1992 WL 109092 at *4 (N.D. Ohio Feb. 14, 1992) (denying costs for Rule 30(b)(6) witnesses as "quasi-parties") (Attached as Ex. 6). Michael Foods does not object to the fees for the other witnesses under Sunny Fresh's

theory that they had to travel and be compensated by witness fees during their travel as well as their subsistence. However, all of the witnesses listed testified to validity except for Messrs. Labuza, Lechowich and Kinrich. For witness fees for those matters where Sunny Fresh was successful, the maximum amount taxable under that category is $880.00.

Under V.B, Sunny Fresh seeks travel expenses for its expert witnesses. Sunny Fresh puts down the full costs of airfare and other travel from various places throughout the United States and England. The rule of *Linneman Constr., Inc. v. Montana-Dakota Utils., Inc.* is that the limit was purposely set at 100 miles for taxation of "costs". 504 F.2d 1365, 1371 (8th Cir. 1974). *See also* Guidelines Paragraph II.D.5.b, which states "absent special circumstances, the clerk is limited to tax mileage up to the 100-mile limit in F.R.C.P. 45(b)(2) for witnesses traveling from outside the District of Minnesota." Thus, Sunny Fresh is not entitled to the additional travel amounts. Michael Foods sets forth below the requested amount and the costs that could be properly taxable.

| Detailed Description | Date(s) | Requested Cost | Taxable Cost |
|---|---|---|---|
| Norman Berry, airfare London-Minneapolis, airport taxi/shuttle, 82 miles personal vehicle | Testified 6/30/03, 7/01/03 | $4,096.74 | $81.00 ($.0405/mi x 100 mi x 2) [coming and going] |
| Peter Rony, airfare Virginia-Minneapolis | Testified 7/02/03, 7/07/03 | $628.00 | $81.00 |
| William Stadelman, airfare Indianapolis, IN-Minneapolis, airport taxi x2, 130 miles personal vehicle (Lafayette, IN to Indianapolis, IN) | Testified 7/08/03, 7/09/03 | $1,123.95 | $81.00 |
| Richard Lechowich, airfare Jacksonville, FL-Minneapolis, airport taxi x2, 240 miles rental vehicle (Gainesville, FL to Jacksonville, FL) | Testified 7/10/03 | $1,274.60 | $81.00 |
| John Goolkasian, airfare Washington, D.C.-Minneapolis x2, airport taxi x5, 82 miles personal vehicle | Testified 7/10/03, 7/21/03 | $2,942.93 | $162.00 ($.0405/mi x 100 mi x 2) [times 2 trips] |

The amount that could qualify as costs is $486.00.

**E. <u>Videos and Demonstrative Evidence</u>**

Under Item VI.A., Michael Foods would not contest the amounts regarding the certified copies of the patents totaling $29,164.60.

The remaining items are not proper costs under 28 U.S.C. § 1920 and hence should not be taxed, pursuant to *Crawford* and *West Virginia University Hospital*.

Under item VI.A, Sunny Fresh lists costs for "creation and presentation of trial exhibits". The category for this item is limited to 28 U.S.C. § 1920(4) – "fees for exemplification and copies of papers necessarily obtained for use in the case". Sunny Fresh lists over $200,000 in costs for these items. Sunny Fresh is woefully deficient in showing that they were *necessarily* obtained for use in the case, much less if they were used in the case on the issue of infringement, the only issue upon which Sunny Fresh prevailed. Sunny Fresh has also not broken out what issues they were for, nor broken out which items were actually used at trial.

Sunny Fresh lists $3,493.75 for "trial exhibits re: price erosion damages by NERA". The exhibits cited as support, Exhibits 193-194, do not match Sunny Fresh's description. The exhibits do not have any dollar amounts matching Sunny Fresh's claims. The invoices are from NERA, but are for "professional services…in connection with rebuttal of alleged price erosion damages," Exhibit 194. The entries show the service charges for coming up with the expert's testimony in rebuttal. The charges are the per hour billings of the firm to prepare expert testimony. Since Congress has not seen fit to include expert's fees for testimony in § 1920, none of this is taxable. *Crawford*, 482 U.S. at 442.

Sunny Fresh's other VI.A entries relate to, e.g. "the preparation and production of demonstrative exhibits…graphical exhibits…and a computer animation…" Declaration of Petti ¶25. This item represents nearly $145,000. These expenses are not taxable under *Crawford*. The Federal Circuit has held that such expenses for demonstrative exhibits are not recoverable under Rule 54(d)(1) because they do not fall under § 1920 per the

*Crawford* decision. *Kohus*, 282 F.3d at 1359 (demonstrative exhibits non-taxable under § 1920); *Goodwall Constr. Co*, 824 F.Supp at 1062-1063; *Vornado Air Circulation Sys., Inc. v. Duracraft Corp.*, 1995 WL 794070 at *3 (D. Kan. Nov. 29, 1995) (Attached as Ex. 7); *Glenayre Elecs., Inc. v. Jackson*, 2003 WL 21947112 at *3 (N.D. Ill. August 11, 2003) (Attached as Ex. 8).

In addition, numerous Sunny Fresh "demonstrative exhibits" went to the issues of Sunny Fresh's claims of invalidity and inequitable conduct, issues upon which Sunny Fresh lost. Therefore, these items are not properly taxable. No demonstrative exhibits were allowed to go with the jury. Trial Transcript Vol. XIV, Page 2355:4-8.

Therefore, Sunny Fresh has not properly substantiated its entitlement to the all-inclusive categories of "demonstrative exhibits". Sunny Fresh has failed to

- Demonstrate coverage under § 1920;
- Identify those exhibits allowed at trial versus not allowed or not used at trial; and
- Identify which exhibits were used in connection with the infringement issue.

Even the receipts that Sunny Fresh offers demonstrate that these items are not properly taxable. For example, Exhibit 195 to Form AO133 shows that this amount contains numerous charges for "project management" as well as "review/research materials", "art direction/graphic design", and "project file and archive management". Thus, the item is hardly the "exemplification of necessary documents".

> In accordance with *Crawford Fitting*, the district court in this case was limited to awarding those costs specified by

> 28 U.S.C. § 1920. The only provision of section 1920 that could arguably apply to defendants' video exhibit is subsection (4) regarding "exemplification and copies of papers." A video obviously is not a copy of paper. Nor is it an exemplification when that term is given its legal definition of "[a]n official transcript of a public record, authenticated as a true copy for use as evidence." *Black's Law Dictionary* 593 (7th ed. 1999). We reject defendants' contention that "exemplification" should be construed broadly to encompass the video exhibit in this case. No Sixth Circuit precedent supports such an expansive interpretation of the term. In addition, Congress did not use the broad phrase "demonstrative evidence" in section 1920, and we are clearly bound not to exceed the limits of this statute. See *Crawford Fitting*, 482 U.S. at 445, 107 S.Ct. 2494. Thus, because the video exhibit in this case is not an exemplification, the district court had no statutory authority to award costs for the video. The district court erred by taxing the cost of the video to Kohus.

*Kohus*, 282 F.3d at 1355.

To the extent that Exhibits 204 and 205 give any information as to the next item listed, $19,687 billed, Sunny Fresh is again seeking costs for demonstrative exhibits. This should be denied, *Ibid.* The invoices also show the work was not related to the issue of infringement but rather to Sunny Fresh's unsuccessful attacks on the validity of the patent and inequitable conduct. Exhibit 204 lists the creation of exhibits dealing with the prior art publications, the figures of the patents in suit and prior art processing times and temperatures. Likewise, Exhibit 205, to the extent it indicates demonstrative exhibits, shows exhibits used in and or relating to Sunny Fresh's unsuccessful attacks on the validity and enforceability of the patents, not the infringement portion it prevailed on.

Sunny Fresh requests approximately $4,400 for scanning in documents. Section 1920 only allows costs for *exemplification* of documents actually used, not trial

preparation. This item is not allowable under § 1920. *Id.* Again, Sunny Fresh asks for the total amount without showing which of these exhibits, if any, were necessarily used in the case. Sunny Fresh's exhibit list dwarfed the number of exhibits actually admitted. Given that Sunny Fresh is unable or unwilling to parse out the necessary part of this list versus general trial preparation, the amount should be denied.

In item VI.B, Sunny Fresh requests reimbursement for approximately $47,000 under "preparation and presentation of video depositions (relating to, but not including costs in III.C)". Sunny Fresh has not shown how this is a proper cost under § 1920 or the local guidelines. Indeed, the "detailed description" shows that this is in addition to the costs of taking the deposition and comprises converting the deposition to digital format and synchronizing to text. This is not "exemplification" or "copies", § 1920(4). Any exemplification was complete with purchase of the originals of the depositions. The request for "preparing the deposition for presentation" where deposition witnesses could and were presented by reading transcripts or agreed abbreviations of transcripts, shows that Sunny Fresh has far exceeded any properly allowable costs under § 1920 or the local rules. The presentation of videos is simply not the exemplification of documents per § 1920. *Kohus*, 282 F.3d at 1359; *Gaska Tape, Inc. v. Pres-On Prods., Inc.*, 1992 WL 159390 at *3 (N.D. Ill. July 1, 1992) (Attached as Ex. 9).

Furthermore, Sunny Fresh is requesting $47,000 for the convenience of its counsel having digitized depositions, where most of these digitized depositions were *not* used at trial. Discovery depositions are not encompassed under § 1920. *See Pehr v. Rubbermaid, Inc.*, 196 F.R.D. 404, 409 (D. Kan. 2000) (microfilm reproduction not under

§ 1920). In addition, Exhibits 207 and 208, instead of providing support for Sunny Fresh's requests, show that Sunny Fresh had digitized wholesale its discovery depositions. Many of these depositions were not used at trial. In addition, most of the depositions listed related to issues of validity and/or enforceability for which Sunny Fresh is not entitled to any costs. By Sunny Fresh's lack of even a good faith attempt to quantify the portion of these overall bills for witnesses who had their depositions presented at trial on the issue of infringement, it forfeits its right to recover any of these attorney preparation materials.

Under item VI.C, Sunny Fresh requests approximately $71,000 towards preparation of materials for use by Sunny Fresh's counsel. Exhibits 209-211 shows that Sunny Fresh is requesting compensation for setting up Sunny Fresh's own computer system to organize the exhibits and other charges related to general trial preparation and not relating to exhibits that were actually used, much less actually used regarding infringement. For example, Invoice 210 charges for such activities as "trial team meeting", "review opening statement", "meet with attorneys regarding witness outlines and document check per image", and "copy exhibits from war room pc". All of these entries for the "description" of the work done, show that these were all done for the convenience of Sunny Fresh's counsel and general trial preparations, not for the "exemplification of exhibits necessarily used" much less exhibits used on the issue of infringement. These entries, like most of Sunny Fresh's category VI entries are not properly taxable, as they are not encompassed under § 1920. In order to receive the amount requested, it is necessary for Sunny Fresh to show the amount expended on

"copies which are provided to the clerk as exhibits or which are required to be filed with court or served on opposing counsel." Guidelines, Paragraph VI.A. Sunny Fresh's requests goes far beyond any such notion of charging for copies, such as photocopies used in the case and hence the request is outside of § 1920.

### F. Allowable Costs

Should the court decide to tax any of Sunny Fresh's costs, per the discussions above, the amount of Sunny Fresh's costs that could be awarded is as follows:

| | |
|---|---|
| III.A | $380.00 |
| III.C | $3,275.33 |
| III.D and E | $29,502.26 |
| IV.A | $880.00 |
| IV.B | $486.00 |
| VI.A | $29,164.60 |
| | **$63,690.19** |

## VIII. CONCLUSION

By Federal Circuit and Eighth Circuit law, consistent with that of other districts, neither side is sufficiently a "prevailing party" so as to be entitled to costs. Furthermore, should the District Court believe Sunny Fresh is entitled to its costs related to infringement, then it is necessary for Sunny Fresh to parse those costs out of the overall costs currently sought. In that event, the court is respectfully requested to allow Michael Foods to present its costs for the portions of the case it prevailed upon, namely, the

claims of invalidity and inequitable conduct brought by Sunny Fresh in its declaratory judgment.

As far as any award of costs to Sunny Fresh, the court must trim back the requested costs drastically due to Sunny Fresh's inability or reluctance to show which costs were related to the infringement issue as well as which costs are properly allowable under § 1920 per the *Crawford* and *West Virginia Hospital* decisions.

Dated this 13th day of September 2005.

Dated: September 13, 2005

/s/Richard P. Vitek

Richard P. Vitek (Admitted Pro Hac Vice)
James D. Myers (Admitted Pro Hac Vice)

MYERS BIGEL SIBLEY & SAJOVEC, P.A.
Post Office Box 37428
Raleigh, North Carolina 27627
Telephone: (919) 854-1400
Facsimile: (919) 854-1401

ATTORNEYS FOR DEFENDANTS

OF COUNSEL:

James G. Bullard (#123249)
Albert A. Woodward (#0118801)
LEONARD, STREET AND DEINARD
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

**CERTIFICATE OF SERVICE**

THIS IS TO CERTIFY that I caused a copy of the foregoing **MICHAEL FOODS, INC. AND NORTH CAROLINA STATE UNIVERSITY'S OPPOSITION TO SUNNY FRESH FOODS, INC.'S BILL OF COSTS** to be served via the ECF filing system as follows:

Brian B. O'Neill
Felicia J. Boyd
Lori A. Wagner
William L. Roberts
FAEGRE & BENSON
2200 Norwest Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901

Steven C. Schroer
Timothy E. Levstik
Philip T. Petti
Timothy P. Maloney
FITCH EVEN TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603

Dated: September 13, 2005

/s/Richard P. Vitek
Attorney for Defendants