H
Only the Westlaw citation is currently available.

United States District Court, D. Delaware.

LIFESCAN INC., a California corporation, Plaintiff,
v.
HOME DIAGNOSTICS, INC., a Delaware corporation, and Mit Development, Corp., a Delaware corporation, Defendants.

**No. CIV. A. 96-597-JJF.**

Oct. 30, 2001.

Richard Kirk, Esquire of Morris, James, Hitchens, & Williams LLP, Wilmington, Delaware. Of Counsel: Dianne B. Elderkin, Joseph Lucci, Barbara Mullin, Lynn A. Malinoski, Esquire of Woodcock Washburn LLP, Philadelphia, Pennsylvania. Attorneys for the Plaintiff.

Arthur G. Connolly, III and Christos T. Adamopoulos, Esquire of Connolly Bove Lodge & Hutz LLP, Wilmington, Delaware. Of Counsel: Barbara C. McCurdy, Esquire of Finnnegan, Henderson, Farabow, Garrett & Dunner, Washington, District of Columbia. Attorneys for the Defendants.

MEMORANDUM OPINION

FARNAN, District J.

*1 Presently before me is Defendant's Bill of Costs application. (D.I.508). For the reasons discussed, I conclude that neither party has prevailed, and therefore, each party will bear its own costs.

BACKGROUND

In 1996, Lifescan, Inc. ("Lifescan") filed suit against Home Diagnostics, Inc. and Mit Development, Corp. (collectively "HDI") alleging infringement of its U.S. Patent No. 5,049,487 ("the '487 patent"). (D.I.1). In 1999, the case was tried to a jury, and the jury returned a verdict finding that HDI infringed Claim 1 of the '487 patent under the doctrine of equivalents and that HDI had induced that infringement. (D.I.409). Additionally, the jury found that the claims of the '487 patent were valid, and ultimately awarded Lifescan $5,860,940.00 in damages. *Id.*

Following the trial, HDI filed a Motion For A Partial New Trial (D.I.441), a Renewed Motion Under Federal Rule of Civil Procedure 50 For Judgment As A Matter Of Law on the issues of infringement and invalidity (D.I.442), and submitted briefing on the unenforceability of the '487 patent due to inequitable conduct before the United States Patent and Trademark Office ("USPTO") (D.I.443). Lifescan filed its opposition to these motions (D.I.454,455) and also filed a Motion For Pre- And PostJudgment Interest (D.I.450) and a Motion For Permanent Injunctive Relief (D.I.451). I granted HDI's Motion For Judgment As A Matter Of Law on the issue of infringement, but denied the motion with respect to invalidity. (D.I.483,484). I also denied HDI's Motion For A Partial New Trial and Lifescan's Motion For Pre- And PostJudgment Interest and Motion For Permanent Injunctive Relief. (D.I.483,484,498). I addressed the issue of unenforceability as a post-trial bench matter and held that Lifescan had not acted inequitably before the USPTO (D.I.485,486).

Lifescan appealed to the United States Court of Appeals for the Federal Circuit, and HDI cross-appealed. On April 6, 2001, the Federal Circuit affirmed. (D.I.499,500). HDI then submitted a Bill Of Costs application (D.I.508) and Lifescan filed objections (D.I.511,513). On October 2, 2001, the Clerk of the Court denied HDI's Bill Of Costs, thus requiring judicial resolution of the prevailing party issue. (D.I.514). Pursuant to an October 3, 2001 Order, the parties submitted briefing on the prevailing party issue. (D.I.516-519).

DISCUSSION

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides, in relevant part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the Court otherwise directs." Similarly, Delaware Local Rule 54.1(a) provides that "[u]nless otherwise ordered by the Court the prevailing party shall be entitled to costs." D.Del.LR 54.1(a). The determination of the prevailing party is soundly within the discretion of a court and, furthermore, "[n]o costs shall be allowed to either party if the Court is unable to determine the prevailing party." D.Del.LR 54 .1(c) *see also City of Rome, Italy v. Glanton,* 184 F.R.D. 547 (E.D.Pa 1999)(holding that when no party can be termed a prevailing party each party should bear their own costs).

*2 In the context of a patent lawsuit, the determination of the prevailing party is controlled by the Federal Circuit's decision in *Manildra Milling Corp. v. Ogilvie Mills, Inc.,* 76 F.3d 1178 (Fed

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

.Cir.1996). In *Manildra Milling* the Federal Circuit held that "a plaintiff prevails when "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." 76 F.3d at 1182 *quoting Farrar v. Hobby*, 506 U.S. 103 (1992).

Courts that have applied the principles of *Manildra Milling* to determine which party has prevailed have reached different conclusions. Some courts have required each party to bear its costs when the plaintiff was unsuccessful in proving infringement and the defendant was unsuccessful in proving invalidity, unenforceability, or misuse. *See B.Braun Medical, Inc. v. Abbott Laboratories*, 38 F.Supp.2d 393 (E.D.Pa.1999). [FN1]

FN1. *See also Compro-Frink Co. v. Valk Mfg. Co.*, 595 F.Supp. 302 (E.D.Pa.1982)(denying the defendant costs where each party gained something by the litigation, plaintiff has a judicial declaration of a valid patent and defendant may continue to manufacture its accused product); *Senior Technologies, Inc. v. R.F. Technologies, Inc.*, 190 F.R.D.642 (D.Neb.2000)(denying the defendant costs in light of a judgment of non- infringement that also found the patent to be valid and that the defendant did not engage in inequitable conduct because the judgment did not materially alter the legal relationship between the parties by modifying either party's behavior to benefit the other party).

Previously, I have awarded a defendant costs where the plaintiff was not successful in proving infringement, regardless of the judgment on invalidity, unenforceability, or misuse. *See Rohm & Haas Co. v. Brotech Corp.* Civil Action No. 90-109-JJF (September 30, 1998)(awarding defendant costs where the principal issue in the litigation was patent infringement and the defendant obtained a verdict in its favor).

In the instant case, HDI successfully defended its product against Lifescan's allegations of infringement. (D.I.483,484). Lifescan was successful on the validity and enforceability allegations asserted by HDI. (D.I.483-486). As a result, in my view, each party achieved some success and enhanced its position by virtue of this litigation. Accordingly, I am persuaded that "there was no prevailing party and no losing party. The litigation resulted in a tie," and therefore, I conclude that neither party has prevailed because the accused product was found not to infringe, and the patent was found to be valid and enforceable. *Compro-Frink Co.*, 595 F.Supp. at 304. Additionally, I conclude that the legal relationship between HDI and Lifescan has not been materially altered, and the judgment did not modify either party's future behavior to benefit the other party.

CONCLUSION

For the reasons discussed, I conclude that neither party is the prevailing party in this matter, and therefore, each party will be required to bear its own costs. An appropriate Order will be entered.

ORDER

For the reasons discussed in the Memorandum Opinion issued with this Order, IT IS HEREBY ORDERED this 30 day of October 2001 that each party shall bear its own costs.

2001 WL 1339405 (D.Del.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works