**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court,
D. Oregon.
COLLEGENET, INC., A DELAWARE CORPORATION, Plaintiff,
v.
APPLYYOURSELF, INC., A DELAWARE CORPORATION, Defendant.
**Nos. CV-02-484-HU, CV-02-1359-HU.**

Feb. 10, 2004.

John D. Vandenberg, Scott E. Davis, Kristin L. Cleveland, Klarquist Sparkman, LLP, Portland, Oregon, Robert A. Shlacter, Stoll Stoll Berne Lokting & Shlacter, P.C., Portland, Oregon, for Plaintiff.

Kathleen C. Bricken, Garvey Schubert Barer, Portland, Oregon, Lawrence E. Carr III, Raymond C. Jones, Timothy Feely, Carr, Morris & Graeff, P.C., Washington, D.C., for Defendant.

OPINION & ORDER

HUBEL, Magistrate J.

***1** Following a jury verdict in plaintiff's favor and the entry of final judgment along with injunctive relief, plaintiff moves for an award of attorney's fees and seeks costs in the amount of $53,433.39. On December 9, 2003, I granted defendant's motion for judgment as a matter of law on the issue of the infringement of the '042 patent. As a result, defendant seeks costs in the amount of $35,627.78. For the reasons discussed below, I deny plaintiff's motion for attorney's fees and I decline to award costs to either party.

I. Plaintiff's Motion for Attorney's Fees

Based on the verdict in plaintiff's favor on the '278 patent, and the jury's finding that defendant's infringement of the '278 patent was willful, plaintiff seeks an award of $607,636.71 in attorney's fees for time spent on the '278 patent case. Under the relevant statute, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. As discussed below in the context of the cost bills, I conclude that plaintiff is the prevailing party in the '278 patent case.

The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under section 285 is a two-step process. First, the district court must determine whether a case is exceptional. *Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1460 (Fed.Cir.1998) (en banc). After determining that a case is exceptional, the district court must determine whether attorney's fees are appropriate. *Id.*

"The prevailing party may prove the existence of an exceptional case by showing: inequitable conduct before the PTO; litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or willful infringement." *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.,* 279 F.3d 1022, 1034 (Fed.Cir.2002). Plaintiff contends that this case is exceptional based on the finding of willful infringement and based on alleged litigation misconduct by defendant.

A finding of willful infringement *may* be a circumstance making a case exceptional for section 285 attorney fee purposes. *Mahurkar v. C.R. Bard, Inc.,* 79 F.3d 1572, 1579 (Fed.Cir.1996). However, a finding of willful infringement does not *require* a determination that a case is exceptional. *Cybor Corp.,* 138 F.3d at 1461.

In my January 20, 2004 Opinion and Order, I denied defendant's motion for new trial on the issue of willfulness. I noted, however, that the evidence of willfulness was equivocal. Jan. 20, 2004 Op. & Ord. at p. 24. I also addressed plaintiff's request for enhanced damages under 28 U.S.C. § 284. I thoroughly discussed each of the relevant factors from *Read Corporation v. Portec, Inc.,* 970 F.2d 816, 826 (Fed.Cir.1992). My analysis led me to the conclusion that plaintiff was entitled only to a relatively small enhancement of ten-percent of the damages awarded on the '278 patent, rather than a trebling of damages as plaintiff sought.

***2** The *Read* factors are an appropriate analytic tool for assessing whether a case is exceptional under section 285. *See Jurgens v. CBK, Ltd.,* 80 F.3d 1566, 1573 n. 4 (Fed.Cir.1996) (noting relationship

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

between basis for an award of attorney's fees under section 285 and basis for enhanced damages under section 284). Based on my discussion of the factors in the January 20, 2004 Opinion and Order, which I incorporate herein, I conclude that the '278 patent case (CV-02-484-HU), is not an exceptional case. *See* Jan. 20, 2004 Op. & Ord. at pp. 25-34.

While I sustained the jury's finding of willfulness in the face of defendant's post-verdict challenge, it is clear from the discussion of the issue in the January 20, 2004 Opinion and Order, and from the discussion of the enhancement request as well, that the willfulness evidence, while sufficient, was weak and did not justify a large enhancement. Additionally, as noted in the discussion of the *Read* factors, I found that defendant's behavior during the litigation was not outside the range of conduct seen in hard-fought litigation. Thus, neither the willfulness finding nor any alleged litigation misconduct by defendant supports an "exceptional case" finding. *See Century Wrecker Corp. v. E.R. Buske Mfg. Co.*, 913 F.Supp. 1256, 1292-93 (N.D.Iowa 1996) (case not exceptional despite jury's finding of willful infringement when, *inter alia,* willfulness was a close question, defendant did not engage in any litigation misconduct, and defendant discontinued the manufacture and sale of the infringing product after the jury ruled against it); *Oscar Mayer Foods Corp. v. Conagra, Inc.*, 869 F.Supp. 656, 667-68 (W.D.Wis.1994) (case not exceptional for attorney's fees purposes under section 285 despite finding of willful infringement when the case was not "outcome certain" when filed and the infringer's behavior during prosecution of the case was not in bad faith), *aff'd,* 45 F.3d 443 (Fed.Cir.1994).

Even if the case were seen as exceptional, however, I would decline to award attorney's fees. As noted in the January 24, 2004 Opinion and Order: (1) there was no evidence of deliberate copying by defendant; (2) other than the four claims on which infringement was determined at summary judgment, it was a fairly close case; (3) the duration of infringement was relatively short; and (4) defendant voluntarily stopped infringing the '278 patent upon receipt of the claim construction opinion in December 2002.

More importantly, while plaintiff secured a victory on the issues of infringement and validity of the '278 patent, the '278 patent was a less significant part of the consolidated cases. Plaintiff no longer practices the ' 278 patent. Defendant has not infringed the '278 patent since December 2002 and its switching off the infringing data sharing feature has had no effect on defendant's contractual relationships with its clients. The damages awarded on the '278 patent were quite small in comparison to those awarded on the '042 patent. There is no question that the '278 patent case, while important, was the less significant of the two consolidated cases. Thus, even if the '278 patent case were deemed "exceptional" under section 285, I would award no fees. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed.Cir.2001) (even though case may be exceptional under section 285, amount of attorney fees awarded may be zero).

II. Prevailing Parties and Cost Awards

*3 Both parties seek costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Under that rule, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs [.]" Fed.R.Civ.P. 54(d)(1).

In a 1996 case, the Federal Circuit adopted a rule for determining the prevailing party in patent cases. Relying on a 1992 Supreme Court case, the Federal Circuit held that " 'a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." ' *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed.Cir.1996) (quoting *Farrar v. Hobby*, 506 U .S. 103, 111-13 (1992)). While this holding applies to all patent cases, the *Manildra* court held that once the prevailing party is determined, regional circuit law guides the exercise of discretion as to whether to award costs. *Id.* at 1183.

Plaintiff argues that the prevailing party status determination in this case should be made separately for each of the two cases that were consolidated for both pretrial proceedings and trial. Plaintiff contends that it should be considered the prevailing party in the '278 case and that I should view the ' 042 case as having ended in a "tie" with the parties on equal footing.

Defendant argues that in consolidated cases involving multiple patents, I should consider the cases as a whole. Defendant contends that under that view, it is the prevailing party. Both parties alternatively contend that there is no prevailing party in light of the mixed successes.

I conclude that plaintiff is the prevailing party in the '278 case and defendant is the prevailing party in the '042 case. With both parties prevailing as to some

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

aspect of the case, I decline to award fees to either party.

First, plaintiff is the prevailing party in the '278 case. Plaintiff successfully prosecuted its infringement claims and successfully defended against defendant's invalidity challenges. As to the '278 patent, plaintiff's successes have materially altered the legal relationship between the parties. By proving infringement and sustaining the patent's validity, defendant has been forced to cease infringing the '278 patent and this directly benefits plaintiff.

Second, defendant is the prevailing party in the '042 case. As a result of the December 9, 2003 Opinion granting defendant's JMOL motion directed to the infringement of the '042 patent, defendant prevailed on its defenses to plaintiff's claims of infringement, allowing defendant to continue to market and distribute its product without fear of infringing the '042 patent.

Plaintiff argues that it prevailed on defendant's '042 patent invalidity contentions because defendant dismissed its invalidity affirmative defenses and counterclaims just prior to submitting the case to the jury. Plaintiff suggests that because it survived a validity challenge on summary judgment that was then dropped at trial, plaintiff has materially altered the relationship between the parties and thus, plaintiff is the prevailing party. Plaintiff contends that its ability to assert the '042 patent against any new or not-yet accused product of defendant's, or against others in the field, indicates that it was the prevailing party on defendant's invalidity claims. I disagree.

*4 Plaintiff survived the validity challenge on summary judgment because issues of fact prevented an adjudication of the issues at that stage. At trial, defendant dismissed the '042 validity challenges. I later determined that defendant's dismissal was without prejudice. The dismissal of the validity contentions leaves the parties in the same position they were before the '042 case was filed, at least in regard to the validity of the '042 patent. There is no alteration of the parties' legal relationship because neither party's behavior has been modified.

This is especially true given that the dismissal was without prejudice to defendant re-raising its validity contentions should the claim construction on the '042 patent be reversed on appeal. Plaintiff relies on *Miles v. California*, 320 F.3d 986, 989 (9th Cir.2003) for the proposition that a party is a "prevailing party" under Rule 54 when a claim is dismissed without prejudice.

In *Miles*, while a district court summary judgment in defendant's favor on plaintiff's Americans with Disabilities Act (ADA) claim was on appeal, the Ninth Circuit, based on a new change in the law by the Supreme Court, ordered the district court to vacate its earlier judgment and dismiss the plaintiff's case "for lack of jurisdiction under the Eleventh Amendment, without prejudice to Miles' right to seek any available relief in state court." *Id.* After the district court dismissed the case, the state submitted a cost bill. The district court, over the plaintiff's objections, awarded approximately $12,000 in costs to the state.

On appeal, the Ninth Circuit held that a dismissal based on Eleventh Amendment immunity is not a dismissal for lack of subject matter jurisdiction inasmuch as Eleventh Amendment immunity is treated as an affirmative defense. *Id.* at 988-89. Accordingly, the court found that Rule 54(d) applied when an underlying claim is dismissed because of the Eleventh Amendment.

The court then rejected the plaintiff's argument that Rule 54 did not apply because the case was dismissed without prejudice. Relying on the "material alteration of the legal relationship of the parties" standard, the court held that because the dismissal eliminated the plaintiff's federal ADA claim from further proceedings in federal court, it had changed the legal relationship of the plaintiff with respect to the state. *Id.* at 989. Thus, the state was a prevailing party and Rule 54(d) applied. The court affirmed the cost award.

Here, as noted above, there is no alteration in the legal relationship of the parties on the question of validity of the '042 patent--the issues have simply not been decided. Unlike the plaintiff in *Miles*, there has been no elimination of the validity challenges from further proceedings in federal court. Rather, my "without prejudice" ruling creates the opportunity for defendant to reassert its validity contentions after appeal should it feel the need to do so. Thus, *Miles* is distinguishable and does not control in this case.

*5 While I find that plaintiff is not the prevailing party as to the '042 validity challenges, I am reluctant to conclude that defendant is the prevailing party on the validity issues. The more appropriate characterization is that neither party should be considered the prevailing party on the '042 validity issues. As a result, that part of the '042 case is a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

"draw." Defendant remains the prevailing party overall on the '042 case based on its success in defending against the infringement claims.

Even if I were to view the two cases as a whole, the issues on which each party prevailed are relatively evenly split. While I agree with defendant that the '042 patent appeared to be the more significant of the two, that in and of itself does not negate plaintiff's successes in the '278 case. Overall, each party prevailed on significant issues, with one issue regarding the validity challenges to the '042 patent, left undecided at this juncture. Thus, viewing the two cases as one, I conclude that each party prevailed as to some issues.

As for the actual award of fees, under Ninth Circuit law Rule 54(d) creates a presumption in favor of an award of costs to the prevailing party; however, making an award is within the district court's discretion. *Association of Mexican-Am. Educators, Inc. v. California,* 231 F.3d 572, 592-93 (9th Cir.2000); *see also* *Trans Container Serv. (Basel) A.G. v. Security Forwarders, Inc.,* 752 F.2d 483, 488 (9th Cir.1985) (trial judge has wide discretion in awarding costs under Rule 54(d)(1)). If disallowing costs, the district court should "explain why a case is not "ordinary" and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Association of Mexican-Am Educators,* 231 F.3d at 593.

Courts frequently disallow costs when both parties have achieved some success. *E.g., All West Pet Supply Co. v. Hill's Pet Prods. Div.,* 153 F.R.D. 667, 669-70 (D.Kan.1994) (collecting cases and declining to award costs since each party prevailed at least in part); *see also Lifescan, Inc. v. Home Diagnostics,* No. CIV A 96-597-JJF, **2001 WL 1339405, at *2 (D.Del. Oct. 30, 2001)** (in patent case, awarding no costs based upon determination that neither party "prevailed" when "**each party achieved some success and enhanced its position by virtue of this litigation**").

I conclude that in this case, with plaintiff the prevailing party on the '278 patent and defendant prevailing as to the infringement issues in regard to the '042 patent, the most reasonable approach is for each party to bear its own costs. To a certain extent, the parties' cost requests offset each other. While plaintiff seeks approximately $18,000 more in costs than defendant, that is not a basis for imposing costs. Plaintiff's higher costs are attributable to litigation strategies inherent in trial practice. Where each party has prevailed as to some fundamental aspect of the litigation, the costs of those strategic decisions are best borne by the party making them.

CONCLUSION

***6** I deny plaintiff's motion for attorney's fees (# 395). I further deny plaintiff's cost bill (# 401) and defendant's cost bill (# 452).

IT IS SO ORDERED.

Not Reported in F.Supp.2d, 2004 WL 2050488 (D.Or.)

**Motions, Pleadings and Filings** (Back to top)

• 2003 WL 22345245 (Verdict and Settlement Summary) (Sep. 09, 2003)

• 3:0201359 (Docket) (Oct. 01, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.