**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, D. Massachusetts.
Richard N. SHEEHY, Shirley Sheehy and Leah Sheehy, Plaintiffs
v.
TOWN OF PLYMOUTH and Rita Quinn, Defendants
**No. Civ.A. 95-12425-RBC.** [FN1]

FN1. With the parties' consent, this case has been referred to the undersigned for all purposes, including trial and entry of judgment, pursuant to 28 U.S.C. § 636(c).

Jan. 18, 2001.

MEMORANDUM AND ORDER ON DEFENDANT TOWN OF PLYMOUTH'S APPLICATION FOR COSTS
(# 102)

COLLINGS, Chief Magistrate J.

I. Introduction

*1 In their amended complaint, plaintiffs Richard N. Sheehy, his wife Shirley Sheehy, and their daughter Leah Sheehy alleged a total of five claims against defendants Rita Quinn, a police officer, and the Town of Plymouth, her employer. Counts I through III were claims advanced by Richard, Shirley and Leah Sheehy respectively against the Town of Plymouth under Mass. Gen. L. c. 258, the Massachusetts Tort Claims Act. Count IV incorporated a claim by Richard Sheehy against Rita Quinn under the Massachusetts Civil Rights Act statute, Mass. Gen. L. c. 12, § § 11H and 11I. Lastly, Richard Sheehy alleged violations of his rights secured under 42 U.S.C. § 1983 by Rita Quinn in Count V.

Following an eight day trial, the jury returned a verdict in favor of Richard N. Sheehy on all his claims as against both Rita Quinn and the Town of Plymouth, and in favor of the Town of Plymouth as against both Shirley and Leah Sheehy. Concluding that the Town of Plymouth could not be liable under Massachusetts law for the negligence of Rita Quinn in arresting Richard N. Sheehy without probable cause, the defendants' motion for judgment as a matter of law was allowed to the extent that Count I of the amended complaint, Richard N. Sheehy's chapter 258 claim against the Town of Plymouth, was dismissed. A further amended judgment was entered reflecting both the jury's verdict and the decision on the defendants' post-trial motion:

The case came on for trial before a jury, the Honorable Robert B. Collings, Chief United States Magistrate Judge, presiding. The case having been duly tried, and the jury having rendered its verdict,
IT IS ORDERED AND ADJUDGED:
Judgment for the defendant Town of Plymouth on Counts II and III of the Amended Complaint.
Judgment for the plaintiff Richard N. Sheehy on Count IV of the Amended Complaint as against the defendant Rita Quinn in the amount of one hundred thousand dollars ($100,000.00) plus interest at the rate of 12% from November 6, 1995 in the amount of fifty-four thousand nine hundred nine dollars and sixty cents ($54,909.60) for a total of one hundred fifty-four thousand nine hundred nine dollars and sixty cents ($154,909.60).
Judgment for the plaintiff Richard N. Sheehy on Count V of the Amended Complaint as against the defendant Rita Quinn in the amount of one hundred ten thousand dollars ($110,000.00).
The total liability of Rita Quinn on Counts IV and V shall be one hundred sixty-four thousand nine hundred nine dollars and sixty cents ($164,909.60) plus post-judgment interest from June 1, 2000.
Post-judgment interest shall run from June 1, 2000, on the rate applicable to judgments entered on that date.
The plaintiff shall recover his costs on Counts IV and V.
The defendant Town of Plymouth shall recover its costs on Counts II and III.
In accordance with the Memorandum and Order on Defendant's Motion for Judgment as a Matter of Law (# 90) entered on June 29, 2000,
IT IS ORDERED AND ADJUDGED:
*2 Judgment dismissing Count I of the Complaint.
The defendant Town of Plymouth shall recover its costs on Count I.
Further Amended Judgment # 94.

To summarize, Richard N. Sheehy was the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

prevailing party in his claims against Rita Quinn and thus was deemed entitled to recover his costs on Counts IV and V. The Town of Plymouth, too, was determined to be a prevailing party in that it successfully defended against all of the claims alleged against it. Consequently, as reflected in the further amended judgment, the Town of Plymouth was adjudged entitled to recoup its costs on Counts I, II, and III. Its application for those costs is presently before the court for resolution.

II. Rule 54

Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed *as of course to the prevailing party unless the court otherwise directs.*

Fed.R.Civ.P. 54(d)(1) (emphasis added).

As indicated in the text of the rule, absent any statute or other procedural rule specifically providing otherwise, the assessment of costs hinges on two factors: 1) the definition of "prevailing party" and 2) the discretion afforded courts with respect to the amount of costs to be awarded. Of course the costs referenced in Rule 54 are those detailed in 28 U.S.C. § 1920, which limits the district court's ability to assess costs beyond those listed in the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987); *In re Two Appeals Arising Out Of The San Juan Dupont Plaza Hotel Fire Litigation*, 994 F.2d 956, 962 (1 Cir., 1993) ("we conclude that Rule 54(d) confers no discretion on federal courts independent of the statute to tax various types of expenses as costs.").

III. "Prevailing Party" Interpretation

Although the First Circuit has had no occasion to define the term "prevailing" for purposes of this rule, other circuit courts have squarely addressed the issue. Many have adopted the standard that "a party who is only partially successful can be deemed a prevailing party," and as such "a claimant who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims." 10 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 3d § 2667 at 212, n. 16 (collecting cases). For example, the Eleventh Circuit has written:

> To be a prevailing party
> [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d).... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims.... 10 Wright & Miller, *supra*, § 2667, p. 129- 130. Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.
> *3 *United States v. Mitchell*, 580 F.2d 789, 793-94 (5th Cir.1978) (citations omitted).

*Head v. Medford*, 62 F.3d 351, 354--355 (11 Cir., 1995) (footnote omitted). More recently the Seventh Circuit determined that "when one party gets substantial relief it prevails even if it doesn't win on every claim." *Slane v. Mariah Boats, Inc.*, 164 F .3d 1065, 1068 (7 Cir., 1999). In slightly different terms, "the 'prevailing party' is the party who prevails as to the substantial part of the litigation." *Testa v. Village of Mundelein, Ill.*, 89 F.3d 443, 447 (7 Cir., 1996) (emphasis in original; citation omitted).

Some courts have made the distinction between a plaintiff bringing an action based on several theories of recovery versus one whose action is based on multiple individual claims. In the former case, "courts have found that the plaintiff was the prevailing party entitled to costs" when the plaintiff succeeded on one of the theories presented. *EEOC v. Colgate-Palmolive Co.*, 617 F.Supp. 843, 844 (S.D.N.Y., 1985) (citations omitted). However, in the latter case, "where an action is based upon multiple individual claims or is brought by several plaintiffs, courts have recognized that it is inappropriate to award full costs when plaintiffs have prevailed on only a small portion of those claims." *Colgate-Palmolive*, 617 F.Supp. at 844 (citation omitted). The court concluded that where the plaintiff had succeeded on two of the claims advanced, the defendant had prevailed on seven claims and the jury was unable to reach a decision on a final claim, the EEOC was entitled to recover one-third of its costs and Colgate-Palmolive was entitled to an award of two-thirds of its costs. *Colgate-Palmolive*, 617 F.Supp. at 844.

It is generally recognized that "cost awards for prevailing parties are available to both plaintiffs and defendants." 10 Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 3d § 2667 at 209, n. 13 (collecting cases); *Kentucky v. Graham*, 473 U.S. 159, 165 n. 9 (1985). Acknowledging this concept, the Tenth Circuit has written:

> we conclude that the district court's decision to award costs to the party that prevailed on the vast majority of issues and on the issues truly contested at trial was not an abuse of discretion.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

We first note that the dismissal of most of plaintiffs' claims makes defendants the prevailing party on those issues. 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2667 (2d ed.1983). We recently held that it was not an abuse of discretion for a district court to refuse to award costs to a party that was only partially successful. *See Howell,* 903 F.2d at 783. We now hold that the district court in this case did not abuse its discretion when it awarded full costs to the party prevailing on the majority of claims and the central claims at issue. Other circuits have upheld awards of full costs to a party prevailing in only part of a case. *See United States v. Mitchell,* 580 F.2d 789, 793 (5th Cir.1978); *K-2 Ski Co. v. Head Ski Co., Inc.,* 506 F.2d 471, 477 (9th Cir.1974). Our holding is based on the broad discretion of the district court.

*4 *Roberts v. Madigan,* 921 F.2d 1047, 1058 (10 Cir., 1990).

As to when a defendant is successful in defending against a plaintiff's claims but enjoys a less favorable outcome on any counterclaims seeking affirmative relief, there are two views espoused. The first is to award costs to the defendant, even those involved in the counterclaims, because but for the plaintiff's suit, the claims would not have been brought. *Eagleview Technologies, Inc. v. MDS Associates,* 190 F.3d 1195, 1200 (11 Cir., 1999). The second approach is to view neither party as prevailing, and as such each party should bear their own costs. ***Kropp v. Ziebarth,* 601 F.2d 1348, 1358 (8 Cir., 1979)**.

IV. District Court Discretion In Reducing/Denying Costs

A. Discretion in General

While the definition of prevailing party has great significance in determining who is taxed costs under Rule 54(d)(1), perhaps of even greater significance is the discretion accorded district courts by the language of the rule, "unless the court otherwise directs." Although the language that "costs shall be allowed as of course" creates a "presumption favoring cost recovery for prevailing parties," and "awarding costs to a prevailing party is the norm," the rule does allow a "nisi prius court to deviate from this baseline." *In re San Juan,* 994 F.2d at 962. It has been observed that "[t]he precise contours of the power to decline to tax costs have yet to be determined." *Gochis v. Allstate Insurance Co.,* 162 F.R.D. 248, 250 (D.Mass., 1995) (citation omitted). While "other appellate courts have detailed broad categories of circumstances justifying the denial of costs ... such is not the case here. Rather, a district court in the First Circuit has long possessed broad discretion to deny costs as long as it 'offers a sound reason' for doing so." *Gochis,* 162 F.R.D. at 250 *quoting In re San Juan,* 994 F.2d at 963. Under First Circuit law,

if the basis for denying costs is readily apparent on the face of the record, a trial court need not explain its action merely for explanation's sake. If, however, the situation is less than obvious, the court must offer some statement as to why it denied statutory costs to a prevailing party.

*In re San Juan,* 994 F.2d at 963. [FN2]

FN2. The general precedent supporting the breadth of the court's discretion has been summarized as follows:

A court may deny or apportion costs when appropriate. *See Allen & O'Hara, Inc. v. Barrett Wrecking, Inc.,* 898 F.2d 512, 517 (7th Cir.1990) (court has discretion to deny costs where both parties prevail); *Croker v. Boeing Co.,* 662 F.2d 975, 998 (3d Cir.1981) (district court may deny costs or apportion them between parties depending on circumstances); *Johnson v. Nordstrum-Larpenteur Agency, Inc.,* 623 F.2d 1279, 1282 (8th Cir.) (court has discretion to order each party to bear own costs where plaintiff and defendant each prevail on some claims); *Peters v. Delaware River Port Auth. of Penna. & N.J.,* 1995 WL 37614,*1 (E.D.Pa. Jan. 27, 1995) (district court may deny costs or apportion them between parties depending on circumstances of case); *EEOC v. Colgate-Palmolive Co.,* 617 F.Supp. 843 (S.D.N.Y.1985) (plaintiff and defendant each allowed to recover portion of costs where each prevailed on portion of claims). *McKenna v. Ferreira,* 1996 WL 711019,*1 (E.D.Pa.).

B. Mixed Judgments: Parties Bear Own Costs

Generally speaking, a reason for denying costs to a prevailing party is a showing that to do otherwise would be "inequitable under the circumstances." 10 *Moore's Federal Practice 3d,* § 54.101[1][b] at 54-151. It is the losing party's burden to show that some inequity exists. 10 *Moore's Federal Practice 3d,* § 54.101[1][b] at 54-151 n. 7 (collecting cases); *A-Cal Copiers, Inc. v. North American Van Lines, Inc.,* 180 F.R.D. 183, 191 (D.Mass., 1998). Some common examples of such inequities can be seen where "expenses incurred by the prevailing party were either unreasonable or unnecessary, [where] the prevailing party engaged in some misconduct, or [where] the prevailing party's motion for costs is

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

subject to some procedural defect such as failure to abide by a local rule in some manner." *A-Cal Copiers, Inc.*, 180 F.R.D. at 191 *citing* 10 *Moore's Federal Practice 3d*, § 54.101[1][b] at 54.151.

*5 Less obvious types of inequities than those mentioned in *A-Cal Copiers* present themselves in cases involving multiple claims and/or theories in the same suit. In complex litigation where multiple claims and counterclaims are presented, the simplicity of the judgment winner standard may produce harsh results for a "losing" party. The question really is whether the losing party should be taxed costs on a claim upon which that party prevailed simply because the party was not the judgment winner, or whether the court has the discretion to deny and/or apportion costs in such circumstances. Again, the First Circuit "has been more muted ... about the reasons that may warrant such a denial" to a winning party. *In re San Juan*, 994 F.2d at 963. However, it does not appear to be beyond a district court's discretion to do so.

Beginning with a simple case of two claims, where a plaintiff succeeds on one and fails on the other, the court may order each party to bear its own costs. *See Testa*, 89 F.3d at 447 ("Considering the mixed outcome of the civil rights and malicious prosecution claims, the decision requiring each party to bear its own costs is within [the district court's] discretion."). The analysis does not change with the inclusion of a counterclaim. In *Johnson v. Nordstrom-Larpenteur Agency Inc.*, 623 F.2d 1279 (8 Cir., 1980), the plaintiff partially succeeded on one of two counts, while the defendant prevailed on its counterclaim. The district court ordered each party to bear their own costs and the appellate court upheld that decision, again stressing the broad discretion given courts in taxing costs. *Johnson*, 623 F.2d at 1282.

The parties were ordered to bear their own costs in another case where

> Four of the five defendants prevailed on the claims asserted against them. Plaintiff prevailed on one of his claims against a fifth defendant. It would not be unreasonable as a general matter to allow defendants 4/5 of their expenses properly taxable as costs. *See Gorelangton v. City of Reno*, 638 F.Supp. 1426, 1432-33 (D.Nev.1986) (allowing § 1983 defendants 59/60 of costs claimed where eleven of twelve defendants prevailed on claims asserted against them). Where it appears, however, that litigation expenses were jointly incurred by a prevailing defendant and a losing defendant who were jointly represented, it is also reasonable to deny costs to the prevailing defendant. *See All West*, 153 F.R.D. at 669. The City Solicitor has not specifically identified expenses incurred on behalf of the successful petitioning defendants which were not also incurred in the defense of defendant Ferreira.

*McKenna v. Ferreira*, 1996 WL 711019,*2 (E.D.Pa.).

So, too, in the case of *All West Pet Supply Company v. Hill's Pet Product Division*, 153 F.R.D. 667 (D.Kan., 1994) where, although one of the two named defendants prevailed on all the claims asserted against it, no costs were awarded. The court reasoned that both defendants

> *6 were jointly represented at trial, and presumably the litigation expenses were jointly incurred. It would therefore be impracticable to grant an award to VCA as a prevailing party, while denying costs to Hill's as the losing party on both the claim by All West for breach of contract and on its own counterclaim for fraud.

*All West*, 153 F.R.D. at 669.

The more claims/counterclaims involved, the more difficult the equity analysis may become. However, an overwhelming majority of appellate courts have stated the standard of review for assessment and/or denial of costs is *abuse* of discretion. 10 *Moore's Federal Practice 3d*, § 54.100[4][b] at 54-147, n. 35 (citing cases) (emphasis added). Consequently district courts articulating sound reasoning will likely find their decisions on costs undisturbed.

C. Mixed Judgments: Cost Apportionment

In *U.S., for Use of Chamberlain Metal Weatherstrip Co., Inc., v. Madsen Construction Co.*, 139 F.2d 613 (6 Cir., 1943), an intervenor brought claims with a combined demand of $65,579.43, but ultimately prevailed only on a small claim, receiving judgment for $814.94. The district court apportioned costs, ninety percent against the intervenor and ten percent against defendant. The Sixth Circuit upheld this decision, stating it was within the court's discretion to do so and that the apportionment was "generous to appellant, which lost upon all issues tendered by it, except that involving a minor controversy, and recovered only $814.94 in an action to recover $65,579.43 seriously and vigorously claimed." *Madsen Construction*, 139 F.2d at 616. This result is more in line with equitable results than the oversimplified judgment winner rule, which would have had the defendant covering all costs simply for losing on one small claim. Moreover, had a "substantial winner" test been used, the intervenor

would have borne costs associated with its victory on the smaller issue. Finally, if each party had been deemed a prevailing party in this mixed judgment and relegated to pay their own costs, the defendant would have been faced with a harsh and inequitable result.

A similar apportioning is seen in the *Colgate-Palmolive* case. There, given that it was an "action based on numerous discrete claims and that plaintiff prevailed on only a small number of those claims," costs were "allocated between the two parties." Colgate-Palmolive, 617 F.Supp. at 844. The court explained that pursuant to Rule 54(d) its "discretion will be exercised to avoid a rigid, merely arithmetic determination." Colgate-Palmolive, 617 F.Supp. at 844. Consequently, the EEOC, which brought the action on behalf of ten individual employees (the court viewing the allegations of each employee as a discreet claim), was allowed to recover one-third of its costs where it prevailed on two of the claims. Colgate-Palmolive, prevailing on seven claims (the jury being unable to return a verdict on one employee's claims), was allowed to recover two-thirds of its costs.

*7 Although the trend seems to be an assignment of what appears to be rough percentages of costs, there are suggestions that costs may be awarded on a claim-to-claim basis within a lawsuit, the victor of each claim receiving costs for that individual claim. *Kush v. American States Insurance Co.*, 1991 WL 101631 (N.D.Ill., 1991). The district judge in *Kush* summarized the facts as follows:

> To recapitulate, although plaintiff was awarded $150,000.00 in attorneys fees, this was less than half the amount it sought. The court rejected plaintiff's legal argument that defendant was estopped to contest the total fees paid by plaintiff, reasonable or not, and the jury determined that the actual charges were more than twice what a reasonable amount would have been. On the whole, the court regards the $150,000.00 verdict on the attorneys fee claim as a victory for the defendant, not the plaintiff. The plaintiff did win on the $40,000.00 settlement claim, but that victory is more than offset by defendant's victories on plaintiff's various other claims.

*Kush*, 1991 WL 101631 at *2.

The court concluded that the plaintiff was not a prevailing party in the litigation and thus was not entitled to an award of costs under Rule 54.

Next, the court determined

> that defendant American States, having prevailed on most of the claims against it, is the prevailing party on the case as a whole. Since it did not prevail on all claims, it is not entitled to all of its costs. An exact percentage would be impossible to compute from the materials submitted. (It would, inter alia, be necessary to apportion each of the individual cost items over the range of claims that were involved in the case.) However, it is possible to make a reasonable estimate as to the minimum percentage of the time and effort spent on the case that "is fairly attributable to matters in which the plaintiff has been unsuccessful ...," *Steel Const. Co. v. Louisiana Highway Commission,* 60 F.Supp. at 193. The court believes that, at a minimum, 80 percent of the time the parties spent on the case was devoted to plaintiff's claims against defendant American States that were unsuccessful. It was probably much more, since plaintiff's only success was on the $40,000.00 settlement claim, and the court recalls very little time that was devoted to that.
> The court will allow defendant 80 percent of its costs, or $10,088.80.

*Kush*, 1991 WL 101631 at *3.

This discussion implies that if it could have done so, the court would have attempted to sever costs and appoint them to individual claims, thus allowing the clerk to assign costs on a per-claim basis. What is problematic about this method is seen when there is an overlap of costs associated with both a winning claim and a losing claim. One solution may be to force parties to bear their own costs on such overlapping claims. Another solution is to do as the court did in *Kush* and estimate percentages for purposes of costs.

V. The Present Case

*8 Against this legal background, it is time to address the costs issues at hand. Pursuant to Fed.R.Civ.P. 54(d)(1), the Town of Plymouth has filed an Application (# 102) to recoup the costs it incurred as the prevailing party in successfully defending against the plaintiffs' claims under the Massachusetts Tort Claims Act, Mass. Gen. L. c. 258, Counts I, II, and III of the amended complaint, those being the only claims which plaintiffs brought against the Town. Plaintiff Richard N. Sheehy has filed an Opposition (# 103) to Plymouth's application.

The First Circuit has repeatedly stated that "[a]llowable costs are specifically set out in 28 U.S.C. § 1920." *Pappas v. Hanlon*, 849 F.2d 702, 704 (1 Cir., 1988) *citing* *City Bank of Honolulu v.*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*Rivera Davila,* 438 F.2d 1367, 1371 (1 Cir., 1971); *accord Walters v. President and fellows of Harvard College,* 692 F.Supp. 1440, 1441-42 (D.Mass., 1988). Indeed as explained by the appellate court,

> section 1920 has an esemplastic effect. It fills the void resulting from Rule 54(d)'s failure to define the terms "costs"... and in that way constrains the district court's power to determine which expense categories constitute taxable costs. In other words, the statute and rule, read together, signify that a district court lacks the ability to assess "costs" under Rule 54(d) above and beyond those that come within the statutory litany.

*In re San Juan,* 994 F.2d at 962 (citations omitted); *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-2 (1987) ("We think the better view is that § 1920 defines the term "costs" as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d).")

Plainly it is within the confines of 28 U.S.C. § 1920 that the allowable costs for which parties request recompense must be determined.

Under § 1920(2), Plymouth seeks an award of costs for the depositions of three town police officers, Chief Robert Pomeroy, Lieutenant Roy Ahlquist and Sergeant John Abbott. [FN3] It is argued that these depositions were relevant only to the chapter 258 claims and, thus, that the Town should be granted the costs associated with them. The plaintiff takes a different view, contending that those depositions were used in his claims against both the Town and Rita Quinn individually.

FN3. Plymouth did not file a form Bill of Costs which includes a declaration to be signed under the penalty of perjury that the costs requested were *necessarily* incurred, nor is any such statement included in the affidavit of its attorney (# 101). There is no dispute that the three depositions were in fact used at trial, so at this juncture the defendant's omission will be excused.

Having determined in my discretion to award costs to the defendant, that award shall be limited to only those costs related primarily to the claims upon which Plymouth prevailed. Having had the opportunity to review the trial transcripts, [FN4] I find that only the deposition of Lieutenant Ahlquist fits the bill. The Town is awarded one hundred seventy dollars and sixty cents ($170.60) as the costs of his deposition.

FN4. The transcript for the fourth day of trial, May 25, 2000, has already been filed with the court. The court reporter for May 26, 2000, obligingly submitted a rough draft of the fifth day of trial testimony to the court for examination.

Plymouth also requests reimbursement of the cost of its expert's services in the sum of nearly forty-five hundred ($4500.00) dollars. However, expert witness fees are not recoverable under 28 U.S.C. § 1920 or Rule 54. The First Circuit has clearly explained that:

> *9 We set the stage for consideration of the present question in *Freeman,* where we wrote:
>
> In federal jurisprudence, the shifting of litigatory expenses is generally governed by statute. *See, e.g.,* 28 U.S.C. § 1920 (costs taxable by court include "[f]ees and disbursements for ... witnesses"); 28 U.S.C. § 1821 ("Except as otherwise provided by law, a witness in attendance at any [federal] court ... shall be paid an attendance fee of $30 per day...."). In *Crawford Fitting Co. v. J.T. Gibbons, Inc.* ... the Supreme Court explained that section 1821 limits the amount of witness fees awardable, and section 1920 allows a court to tax such fees as costs only within those limits. 107 S.Ct. at 2 497-98. In the absence of statutory or contractual authorization for more generous payments, federal courts are constrained by the $30-per-day cap when ordering one side to pay for the other's expert witnesses. *Id.* [107 S.Ct.] at 2499.
>
> Freeman, 865 F.2d at 1346.
>
> * * *
>
> The *Crawford* Court proceeded to hold that Fed.R.Civ.P. 54(d) did not constitute an independent source of judicial discretion sufficient to shift the burden of expert witness fees. While the rule stated that "costs should be allowed as of course to the prevailing party unless the court otherwise directs," the Court reasoned that the reference to "costs" included nothing more than those expenses expressly denominated as taxable costs in section 1920 and cabined within the boundaries set by section 1821. *Crawford,* 107 S.Ct. at 2497. In other words, Rule 54(d) did not treat with witness fees in a manner explicit enough to trump the constraints imposed by preexisting statutes, i.e., 28 U.S.C. § § 1821, 1920.

*Denny v. Westfield State College,* 880 F.2d 1465, 1467-8 (1 Cir., 1989). No costs shall be taxed with respect to the defendant's expert witness fees. [FN5]

FN5. The Town's expert did not testify at

trial.

VI. Conclusion and Order

For the reasons stated, it is ORDERED that the Defendant Town Of Plymouth's Application For Costs (# 102) be, and the same hereby is, ALLOWED to the extent that Plymouth is awarded one hundred seventy dollars and sixty cents ($170.60), and otherwise DENIED.

Not Reported in F.Supp.2d, 2001 WL 92386 (D.Mass.)

**Motions, Pleadings and Filings** **(Back to top)**

• 1:95cv12425 (Docket) (Nov. 06, 1995)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.