**H**

Motions, Pleadings and Filings

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
CLEM ENVIRONMENTAL CORPORATION, Plaintiff,
v.
AMERICAN COLLOID COMPANY, INC., Defendant.
**No. 90 C 0639.**

Nov. 13, 1991.

*MEMORANDUM OPINION AND ORDER*

ZAGEL, District Judge.

*1 Plaintiff filed this suit alleging infringement of a patent. Defendant, in part, in its answer, prayed for relief which sought a declaration of invalidity of the patent, and asserted that it, not the plaintiff was the true owner of the patent. On May 31, 1991, this Court entered judgment in accordance with a jury verdict in favor of plaintiff on the issue of validity of the patent and in favor of defendant on the issue of infringement. On July 1, 1991, defendant filed a Bill of Costs, seeking to recover costs in the amount of $57,137.78, as the prevailing party. Plaintiff filed objections to the Bill of Costs, arguing that neither party prevailed in this litigation, and in the alternative, that the costs claimed are excessive and unreasonable.

Rule 54(d) of the Federal Rules of Civil Procedure provides, **in part**, that "**costs** shall be **awarded** as of course to the prevailing party, unless the court otherwise directs." F.R.C.P. 54(d). This language creates a presumption in favor of **awarding costs** to the prevailing party; that is, the prevailing party is prima facie entitled to **costs**, and it is incumbent on the unsuccessful party to overcome the presumption. *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981). Nevertheless, the "language 'unless the court otherwise directs' vests a sound discretion in the District Court." *Popeil Bros., Inc. v. Schick Elec., Inc.*, 516 F.2d 772, 774 (7th Cir.1975). This case makes an exercise of that discretion necessary, not only to determine whether costs should be taxed, but also to determine which party, if any party at all, has prevailed in this litigation.

The "prevailing party" is the party who prevails as to the substantial part of the litigation. *Best Medium Publishing Co. v. National Insider, Inc.*, 385 F.2d 384, 386 (7th Cir.1967). "As used in Rule 54(d), 'prevailing party' means a party who has obtained some relief in an action, even if that party has not sustained all of his or her claims." *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir.1985); *Holcomb v. U.S.*, 78 F.R.D. 527, 529 (E.D.Wis.1980), *aff'd*, 622 F.2d 937 (7th Cir.1980). In this case, each party attempts to assert that it prevailed as to the substantial part of the litigation.

American Colloid asserts that because Clem has brought this suit, and because Clem did not prevail on any of its claims, American Colloid is the prevailing party. Under this line of reasoning, American Colloid is the prevailing party because it has successfully defended the claims in Clem's complaint. This argument holds substantial weight, since Clem obtained none of the relief sought in its complaint. American Colloid, the defendant, successfully defended a law suit initiated by Clem. Clem did not prevail on any of the claims it brought against American Colloid, and therefore, at first glance, it seems logical and reasonable that Clem should be awarded costs under Rule 54(d), especially given that the rule presumptively awards costs as a matter of course. *Delta Air Lines*, 450 U.S. 346.

*2 Clem, however, argues that American Colloid's affirmative defenses went beyond denial of liability, and instead affirmatively sought relief by asserting ownership of the patent. Clem asserts that most of the time and expense of this litigation was spent litigating the issue of the validity of the patent--an issue raised by American Colloid's affirmative defense. As a consequence, Clem was forced to "defend" American Colloid's claims that the patent was invalid. According to Clem, American Colloid's affirmative defense of invalidity of the patent was, for all intents and purposes, a counterclaim. Under Clem's line of reasoning, American Colloid is not the prevailing party, as the patent was held to be valid, despite American Colloid's "counterclaim." This

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

argument asserts that American Colloid also failed to prevail on any of its claims, and consequently, Clem successfully defended the claim of invalidity, just as American Colloid successfully defended the claim of infringement.

In order to determine which party prevailed, it is therefore necessary to determine whether American Colloid's affirmative defenses are, in fact, counterclaims. To begin with, the validity issue raised by American Colloid was at the crux of the lawsuit. Before deciding the infringement issue raised by Clem, the threshold question of the patent's validity was first at issue. Clem asserts that the validity issue consumed most of the time and expense of litigation. However, even if the validity issue did not consume *most* of the time and expense, it was, nevertheless, a threshold question, and parties expended substantial time and resources to resolve it. The fact that the defendant raised this threshold question of the patent's validity, and that it was a major component of litigation, weighs strongly in favor of Clem's contention that American Colloid's defense was a counterclaim.

American Colloid, however, argues that the "defense" of invalidity was merely argued in the alternative to the defenses asserting that the patent was not infringed. This argument is unpersuasive for two reasons. First, even if the invalidity "defense" was not American Colloid's primary defense, and was merely argued in the alternative, it does not change the fact that by choosing to raise the issue of the patent's validity, American Colloid presented the time consuming and expensive threshold question. Secondly, American Colloid sought substantial relief for the invalidity "defense"; relief of such an extensive nature flies in the face of a characterization of the invalidity claims as an "alterative defense."

The nature and extent of relief sought as a result of the invalidity defense further rebuts American Colloid's argument that invalidity was argued in the alternative to other defenses. As Clem's Objection to the Bill of Costs notes, American Colloid's Answer to the complaint prayed for a declaration that it was the "true owner and/or assignee of the Patent." Answer to Amended Complaint, p. 16, ¶ 2. In addition, American Colloid asserted that it

*3 is or should be the true owner of all rights to the bentonite mat concept embodied in this '788 patent ... as well as any profits resulting therefore or enterprises founded thereupon.

Answer to Amended Complaint, p. 3, ¶ G. The extent of American Colloid's charges against Clem strongly rebuts the assertion that these charges are merely affirmative defenses. These defenses go beyond the scope of defending the litigation; they constitute affirmative claims for relief, functioning as counterclaims rather than defenses.

Even though this "affirmative defense" may function as a counterclaim, American Colloid has still designated it as an affirmative defense. The Federal Rules of Civil Procedure, however, provided that:

[w]hen a party has mistakenly designated a defense as a counterclaim, or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

F.R.C.P. 8(c). This rule allows the court to exercise discretion to treat a party's affirmative defense as a counterclaim, when it appears to the court that a misdesignation has been made. *Id.* In another **patent infringement** case, when the defendant alleged invalidity of the patent as an affirmative defense, the court treated the defense as an improperly designated counterclaim. *Dennison Mfg. Co. v. Ben Clements & Sons, Inc.*, 467 F.Supp. 391, 399 (S.D.N.Y.1979). In this case, this Court has acted similarly. In entering a verdict for Clem on the issue of validity and for American Colloid for the issue of infringement, this Court already has effectively exercised its discretion pursuant to Rule 8(c) by treating American Colloid's defense as a counterclaim by entering judgment on both the validity and infringement issues. Therefore, given the substantial time and expense spent by the parties in litigating the validity issue, the nature and extent of relief sought by American Colloid as a result of the validity issue, and the fact that this Court has entered judgment on the validity issue in the same manner as it has with regard to the infringement question, in this case, it is more proper to view American Colloid's affirmative defenses as a counterclaim.

Viewing American Colloid's pleading as a counterclaim, it is apparent that American Colloid also failed to prevail on their "claim." Since American Colloid's validity arguments were affirmative defenses, it is clear that they should not receive all the costs enumerated in their Bill. When a party has only partially prevailed, it is not an abuse of discretion to award costs in proportion with the party's success. *First Commodity*, 766 F.2d at 1015. American Colloid, however, has not broken down its

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

costs by defense, and therefore, this Court requires a more precise statement of which costs were expended on which issues. Obviously, it would be unfair to charge Clem with American Colloid's costs of litigating the validity issue. Defendants must, therefore, provide an itemized bill of costs, illustrating which costs have been incurred by defending the infringement issue; American Colloid will get the costs of defending the infringement claims only.

Not Reported in F.Supp., 1991 WL 246545 (N.D.Ill.)

**Motions, Pleadings and Filings (Back to top)**

- 1:90cv00639 (Docket) (Feb. 05, 1990)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.