**H**
Only the Westlaw citation is currently available.

United States District Court, N.D. Ohio, Eastern Division.
SPALDING & EVENFLO COMPANIES, INC., Plaintiff,
v.
GRACO METAL PRODUCTS, INC., Defendant.
**No. 5:90 CV 0651.**

Feb. 14, 1992.

Christopher B. Fagan, Fay, Sharpe, Beall, Fagan, Minnich & McKee, Cleveland, Ohio, for plaintiff.

George W. Rooney, Jr., Roetzel & Andress, Akron, Ohio, Benjamin Lerner, David C. Kurland, Hangley, Connolly, Epstein, Chicco, Foxman & Ewing, Philadelphia, Pa., 215-851-8400 Ross J. Oehler, Joel Goldhammer, Panitch, Schwarze, Jacobs & Nadel, Philadelphia, Pa., for defendant.

*ORDER*

DOWD, Judge.

*I. INTRODUCTION*

*1 Before the Court in the above-captioned case is plaintiff Spalding & Evenflo Companies, Inc.'s ("Evenflo") second amended bill of costs (Docket No. 144) and brief in support (Docket No. 145). Also before the Court is defendant Graco Metal Products, Inc.'s ("Graco") brief in opposition to plaintiff's original bill of costs and cross motion for sanctions and an award of attorney's fees (Docket Nos. 136 and 137), plaintiff's brief in opposition (Docket No. 138), and Graco's response to plaintiff's second amended bill of costs (Docket No. 146). Plaintiff originally submitted a bill of costs which the Court found to be lacking in support for numerous items charged. Accordingly, the Court granted plaintiff leave to file an amended bill of costs with appropriate substantiation for items charged.

On May 31, 1991, following a jury trial in this patent non-infringement case, judgment was entered in favor of Evenflo. The Judgment Entry granted Evenflo recovery of its costs. In accordance with Rule 54(d) of the Federal Rules of Civil Procedure, Evenflo seeks the following items of costs: 1) fees of the Clerk; 2) fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case; 3) fees for witnesses; 4) fees for exemplification and copies of papers necessarily obtained for use in the case; 5) other costs; 6) computer charges; and 7) additional discovery. Evenflo's second amended bill of costs requests a total of $18,863.41.

Graco objects to Evenflo's bill of costs as being unreasonable, excessive, and without basis in law and requests that this Court award it sanctions by disallowing any costs to Evenflo and awarding Graco attorney's fees for the preparation of its brief in opposition. Graco raises specific objections to each of the items sought by Evenflo as costs. The Court will, therefore, address each item separately and determine whether it is properly taxable as costs.

*II. DISCUSSION*

Rule 54(d) of the Federal Rules of Civil Procedure provides as follows:

Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

Fed.R.Civ.P. 54(d).

The kinds of expenses that a federal court may tax as costs against the losing party are set forth in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987). That section provides that:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*2 (3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. The Supreme Court has indicated that "§ 1920 defines the term 'costs' as used in Rule 54(d). Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford*, 482 U.S. at 441-42.

The decision as to whether to allow or disallow costs or particular items of costs is a matter left to the sound discretion of the court. Wright, Miller & Kane, *Federal Practice and Procedure* § 2668 (2d ed. 1983). Thus, "[a]lthough a party has prevailed so that normally he is entitled to costs, when the exercise of sound discretion warrants, the district court may direct otherwise by apportioning one item of costs or the entire cost; by requiring each party to bear its own cost; or by making some other equitable provision, including the disallowance of particular items." 6 Moore, Taggart & Wicker, *Moore's Federal Practice* Par. 54.70[5] (2d ed. 1991).

The Court now turns to a detailed examination of the particular items plaintiff seeks to have taxed as costs.

*A. Fees of the Clerk*

Evenflo seeks the $120.00 filing fee it paid to be taxed as costs. 28 U.S.C. § 1920 specifically provides that a district court may tax as costs fees of the clerk. Defendant agrees that this item is taxable as costs but argues that the Court should disallow it as a form of sanctions against Evenflo. The Court does not find Graco's argument persuasive on this point and finds that Evenflo is entitled to the $120.00 requested as fees of the clerk.

*B. Fees for the Court Reporter for all or any part of the transcript necessarily obtained for use in the case*

*1. Deposition Transcripts*

Evenflo requests costs in the amount of $3,030.10 under this category and indicates that it requests costs in two subcategories under this heading: 1) Deposition transcripts, and 2) Expedited daily copy of the trial transcript. Graco objects to these items being taxed as costs and asserts that Evenflo has not demonstrated that the depositions or the daily transcripts were necessarily obtained for use in the case.

Generally, if depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper for the court to conclude that they were necessarily obtained for use in the case and to tax the costs of the depositions. Wright, Miller & Kane, *supra* at § 2676. Likewise, even if the deposition was not actually used at trial, deposition costs may be taxed if there was a reasonable need for the deposition that related to the trial. *Kaimowitz v. Howard*, 547 F.Supp. 1345, 1353 (E.D.Mich.1982). If a court finds that the expense of a deposition is taxable, "the prevailing party clearly is entitled to recover the fee of the officer presiding at the examination.... Also taxable are postage, notarial certificates, and witness fees incurred in connection with the examinations." Wright, Miller & Kane, *supra* at § 2676.

*3 The Court finds that plaintiff has sufficiently supported the request for the costs of the fees of the court reporter for the pretrial deposition transcripts of the following individuals: Donald R. Bahr, Richard W. Glover, Allen Seymour, John V. Mariol, Jerome Drobinski, Nathanael Saint, and James M. Dillner. Defendant Graco objects to the request for the fees associated with the pretrial deposition transcripts because Graco contends that Evenflo has not demonstrated that the depositions were necessarily obtained for use in the case. Plaintiff has demonstrated that the deposition transcripts were used to formulate plaintiff's proposed comprehensive fact stipulation. Likewise, plaintiff has pointed out that each of the deponents was called as a witness at trial except for Dillner and portions of Dillner's deposition transcript were read into evidence at trial. The Court finds that the depositions were necessarily obtained for use in the case and that accordingly it is proper to tax the costs of pretrial depositions in the amount of $2312.10.

*2. Expedited copy of the daily transcript of the first two days of the trial*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

The Court notes that "[a]s is the case with depositions, the cost of trial transcript is not allowed if procured primarily for the convenience of counsel." *Hill v. BASF Wyandotte Corp.*, 547 F.Supp. 348, 352 (E.D.Mich.1982) (citation omitted). In determining whether a transcript was necessary in a case, a court considers factors such as the length of the trial and the complexity of the issues. *Id.* (citation omitted).

The Court finds that the cost of the expedited copy of a daily transcript is not properly awarded Evenflo in this case. The trial of the matter was not lengthy. Nor does the Court find that the case was particularly complex such that expedited daily copy was necessitated. Likewise, Evenflo does not indicate that it informed the Court or sought the Court's prior approval before ordering daily copy. *See, e.g., Northcross v. Board of Education of Memphis City Schools*, 611 F.2d 624, 640 (6th Cir.1979) (court stating that "[i]t would be advisable for litigants to obtain authorization from the district court before incurring large items of expense").

For the reasons cited, the Court denies Evenflo's request for $718.00 attributable to half of the cost of the expedited daily transcript of the trial in the above-captioned case. [FN1]

In sum, the Court taxes as costs in the category of fees for the court reporter a total of $2,312.10.

*C. Fees for Witnesses*

Evenflo next seeks fees for witnesses. 28 U.S.C. § 1920(3) allows a district court to tax as costs fees and disbursements for witnesses. 28 U.S.C. § 1821 sets forth the statutory witness fees. Section 1821(b) provides that a witness shall be paid an attendance fee of $40 per day for each day's attendance plus an attendance fee for days spent in travelling to and from the place of attendance. Travel allowances are given for the following: 1) actual expenses of travel by common carrier, provided the use of common carrier was reasonable and by the shortest practical route, 28 U.S.C. § 1821(c)(1); 2) mileage allowance, equal to the travel allowance given to federal employees for official travel, for travel by privately owned vehicle, 28 U.S.C. § 1821(c)(2); 3) toll charges, taxicab fares, and parking fees, 28 U.S.C. § 1821(c)(3); and 4) all normal travel expenses, 28 U.S.C. § 1981(c)(4). Subsistence allowances, not to exceed the maximum *per diem* allowance for official travel by federal employees, are paid to witnesses when an overnight stay is necessitated due to distance. 28 U.S.C. § 1821(d).

*4 Evenflo seeks costs for witnesses for depositions and for trial. Each will be considered in turn.

*1. Deposition Witnesses*

A court may provide for payment of the expenses of taking depositions. *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976). The determination as to which party will pay transportation and related expenses rests in the court's discretion. *Id.*

Evenflo has requested payment of deposition expenses for five (5) deponents: Donald R. Bahr, Allen Seymour, John V. Mariol, Richard Glover, and Gilbert C. Born.

Graco objects to payment of deposition costs for Bahr, Seymour, and Glover on the ground that they are real parties in interest since they were the witnesses offered by Evenflo in response to Graco's deposition notice pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Graco further objects to payment of costs for all travel to Cleveland since it alleges that this location was agreed upon by the parties as a convenience for Evenflo's counsel. Finally, Graco objects to payment of any costs for Born. Evenflo alleges that it incurred considerable cost in producing Born, its expert witness, for a deposition which was cancelled at the last minute by Graco. It seeks the costs as a "sanction." Graco asserts that Evenflo should file an appropriate motion for sanctions.

Graco's point that Bahr, Seymour, and Glover are "quasi-parties" is well-taken, as is its assertion that Cleveland was selected as the location for depositions as a convenience to Evenflo's counsel.

Therefore, the Court finds that the cost of the depositions of Bahr, Seymour, Glover are disallowed. The expenses for Mariol's deposition should be evenly shared by the parties.

The situation with Born is different. Apparently Graco noticed the deposition and then, when Born was already on his way to Cleveland, cancelled the deposition. Rule 30(g) of the Federal Rules of Civil Procedure permits a court to order payment of costs by a party who gives notice of a deposition and then fails to attend. Graco, by giving late notice of the cancellation, constructively failed to attend. The Court finds that it is appropriate to tax these costs to Graco pursuant to Rule 30(g).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

In sum, Graco is required to pay the following for deposition witnesses: for Mariol's deposition, $26.25 and for Born's cancelled deposition, $1914.40. [FN2] This is a total of $1940.65.

*2. Trial Witnesses*

Evenflo has requested payment of expenses for the following witnesses: Donald R. Bahr, Allen Seymour, Richard Glover, John Mariol, Gilbert C. Born, Bill Ritchey, Jim Gullett, and Sid Brodsky.

Graco objects to paying expenses for Donald R. Bahr because he was identified to the Court and jury as inside patent counsel for Evenflo. It also asserts that Bahr, Seymour, and Glover should be treated as "quasi-parties" for whom, in the Court's discretion, costs may be denied. Further, Graco objects to paying travel expenses for any person coming from southwest Ohio because Evenflo, headquartered in the Southern District of Ohio, chose to file its case in the Northern District. Finally, Graco objects to the itemizing of expenses of expert witness Born.

*5 The Court agrees plaintiff is not entitled to expenses for Bahr, despite the fact that he testified for a short time on the first day of the trial. As co-counsel for plaintiff, he would undoubtedly have been present at the trial anyway. *Paul N. Howard Co. v. Puerto Rico Aqueduct & Sewer Authority*, 110 F.R.D. 78, 83 (D.P.R.1986) (expenses of co-counsel should not be taxed as costs). The Court also accepts the characterization of Seymour and Glover as "quasi-parties" and, therefore, denies any costs or expenses associated with their appearance as witnesses at the trial.

Plaintiff is entitled to costs for witnesses Mariol, Ritchey, Gullett, and Brodsky. It is, of course, entitled to the $40 statutory witness fee for each day the witnesses were required at trial. 28 U.S.C. § 1821(a). Travel expenses not in excess of one hundred (100) miles will be taxed as costs, [FN3] *Linneman Construction, Inc. v. Montana-Dakota Utilities Co.*, 504 F.2d 1365, 1370-71 (8th Cir.1974); *Mastrapas v. New York Life Insurance Co.*, 93 F.R.D. 401, 406 (E.D.Mich.1982), at the permissible rate of twenty-five cents ($0.25) per mile, 5 U.S.C. § 5704(a)(2). Finally, lodging, meals, and incidental expenses will be taxed in an amount that does not exceed the maximum *per diem* subsistence allowance prescribed by the Administrator of General Services pursuant to 5 U.S.C. § 5702(a) and 28 U.S.C. § 1821(d)(1). Currently, this is $84.00 for Akron, Ohio, with lodging not to exceed $58.00 per day and meals not to exceed $26.00.

Therefore, the following expenses are taxed as costs:

| | |
|---|---|
| Mariol | |
| Travel [FN4] | |
| personal automobile mileage | $100.00 |
| Lodging (2 nights) | 108.00 |
| Meals | 52.00 |
| Statutory witness fee (4 days) | 160.00 |
| Ritchey | |
| Travel expense & statutory witness fee | 75.00 |
| Gullett | |
| Travel expense & statutory witness fee | 75.00 |
| Brodsky | |
| Travel expense & statutory witness fee | 75.00 |

Regarding the itemization of the expert witness Born's costs: Evenflo is entitled to recover costs allowed for witnesses in general under 28 U.S.C. § § 1821, 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987); *Card v. State Farm Fire & Casualty Co.*, 126 F.R.D. 658, 661 (N.D.Miss.1989). Accordingly, the following items are taxed as costs:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

| | |
|---|---|
| Born | |
| Travel | |
| Airline | $238.00 |
| Ground Transportation | 51.40 |
| Parking | 13.00 |
| Lodging | 54.00 |
| Statutory Witness Fee (2 days) | 80.00 |

In sum, Graco is taxed the following costs in the category of witness fees: $1940.65 for deposition witnesses and $1081.40 for trial witnesses for a total of $3022.05 in the witness fees category.

*D. Fees for exemplification and copies of papers necessarily obtained for use in case*

The cost of photocopying documents necessarily obtained for use in the case are taxable under 28 U.S.C. § 1920(4). This includes such costs as copying pleadings, exhibits, documents, and all necessary papers. *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir.1981); *Card v. State Farm Fire & Casualty Co., supra*, 126 F.R.D. at 661.

*6 The copying costs identified by Evenflo are for "necessary papers." Therefore, the following are taxed as costs in this category:

| | |
|---|---|
| File wrappers [FN5] | |
| U.S. Patent No. 304,523 | $107.80 |
| U.S. Patent No. 4,811,437 | 376.90 |
| Obtaining and copying documents | 2179.76 |
| Certified copy of U.S. Patent No. 304,523 [FN6] | 351.30 |
| Photocopies and exhibit enlargement | 460.90 |

In sum, in the category of exemplification and copies, a total of $3,476.66 is taxed as costs.

*E. Other costs*

Plaintiff lists as "other costs" the developing, processing, and enlarging of photographs and the purchase of a model play yard, all of which were used at trial. Evenflo also lists the rental of a TV/VCR combo for use in court. All of these items are actually encompassed by the category of fees for exemplification and are thus allowable if they were necessary to assist the jury in understanding the issues. The Court finds that they were necessary.

Therefore, the following are taxed as **costs** to Graco:

| | |
|---|---|
| Developing, processing and enlarging photographs | $499.14 |
| TV/VCR rental | 26.38 |
| Model play yard | 96.29 |

In sum, a total of $621.81 is taxed as **costs** in this category.

*F. Computer charges*

Plaintiffs list $1820.74 in charges for on-line use of computer-assisted legal research. Courts are **split** on whether this is an expense taxable as **costs**. The Sixth Circuit has not spoken on the issue and this Court finds that such expenses are not taxable as **costs** because, as defendant aptly asserts, this would be tantamount to charging the losing party for the prevailing party's law library books. Therefore, this entire category of **costs** is disallowed.

*G. Additional Discovery*

Evenflo asserts that it is entitled to **costs** associated with having its in-house counsel present on October 2, 1990 for a document inspection requested by Graco. Evenflo claims that Graco must bear these costs pursuant to this Court's order of September 26, 1990 wherein plaintiff was

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ordered to immediately provide defendant, "at defendant's cost," with documents defendant had requested. In the alternative, defendant was permitted by the order to inspect the documents at plaintiff's Piqua, Ohio plant.

Evenflo misinterprets the meaning of this order. Defendant was to bear the cost only if plaintiff were put to the extra expense and inconvenience of doing the work of finding and copying the documents for Graco. [FN7] This was not the case. Plaintiff is essentially asking for attorney costs which are simply part of practicing law.

Therefore, the costs listed in the category of additional discovery are disallowed.

*III. CONCLUSION*

Accordingly, a total amount of $9552.62 is taxed as costs to Graco in the above-captioned action. Further, the Court denies Graco's cross motion for sanctions and attorney fees (Docket Nos. 136 and 137).

IT IS SO ORDERED.

FN1. The Court notes as well that Graco states that the parties agreed to share the costs of the trial transcript and now Evenflo is attempting to renege on its bargain.

FN2. This figure subtracts $34.49 from the lodging expense and $11.77 from the meals expense because of the *per diem* limits placed on these items. *See* discussion at the top of page 12, *infra.*

FN3. In *Farmer v. American Arabian Oil Co.,* 379 U.S. 227, 231-32 (1964), the Supreme Court held that it was within a court's discretion to tax as costs expenses for travel beyond the one hundred mile limit of the court's subpoena power. In the instant case, since it was plaintiff's choice of forum which necessitated travel from outside this district, the Court finds, in its discretion, that the 100-mile rule should apply.

FN4. Mariol's round trips to Akron were five hundred (500) miles for each of two trips. However, following the 100-mile rule, he is allowed only two hundred (200) miles for each round trip, for a total of four hundred (400) miles at $0.25 per mile.

FN5. The cost of forwarding via Federal Express of these two items is disallowed because there is no showing that this particular delivery method was required and the Court finds that there were undoubtedly less expensive, though perhaps more time consuming, methods available.

FN6. *See* footnote number 4 regarding Federal Express charges.

FN7. For example, in section (D) above, the Court allowed $2179.76 for the cost to plaintiff of document production requested by defendant.

Not Reported in F.Supp., 1992 WL 109092 (N.D.Ohio)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.