**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Kansas.
VORNADO AIR CIRCULATION SYSTEMS, INC., Plaintiff,
v.
DURACRAFT CORPORATION, Defendant.
**No. 92-1543-WEB.**

Nov. 29, 1995.

*MEMORANDUM AND ORDER*

WESLEY E. BROWN, Senior District Judge.

*1 This matter is before the court on the plaintiff's motion for retaxation of costs. (Doc. 148). The defendant has responded to the motion and the court is now prepared to rule. Oral argument would not assist in deciding the issues presented. *See* D.Kan.R. 7.2.

Following the issuance of the Tenth Circuit's mandate in this case, the clerk of the district court imposed a total of $76,694.73 in costs against the plaintiff and in favor of the prevailing party, defendant Duracraft. Plaintiff's motion asks the court to review numerous items in the defendant's bill of costs. The court will take up the issues in the order in which they appear in plaintiff's motion.

Taxation of costs is authorized by Fed.R.Civ.P. 54(d)(1): "[C]osts shall be allowed as of course to the prevailing party unless the court otherwise directs." Section 1920 of Title 28, United States Code, sets forth the categories of trial expenses awardable under Rule 54(d): (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of [Title 28]; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28].

A trial court has no discretion to award costs that are not set out in § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). The prevailing party has the burden of establishing that the expenses in question are authorized under § 1920. *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 675 n.4 (D.Kan. 1994). In some cases, this requires a showing that the materials were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) and (4). If that burden is met, there is a presumption favoring the award. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988). The amount of such costs must be carefully scrutinized, however, to ensure that it is reasonable. *Id.*

*Court's discretion to award costs.* Plaintiff's first argument is that the court should order each party should bear its own costs in this case. Although the court recognizes that it has discretion in directing payment of costs under Fed.R.Civ.P. 54(d), the circumstances here do not justify a departure from the general rule that the prevailing party should be awarded costs. Plaintiff attempts to minimize defendant's status as the "prevailing party" by pointing out that Duracraft did not prevail on many disputed factual matters decided by this court. That is immaterial, however; the defendant is clearly the "prevailing party" under the Tenth Circuit's decision recognizing the right of the defendant to continue sales of the DT-7 fan in the United States. That was the ultimate issue in the case. *Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 674 (D.Kan. 1994)("Prevailing party" is a party in whose favor judgment is rendered.); *Studiengesellschaft Kohle v. Eastman Kodak Co.*, 713 F.2d 128, 132 (5th Cir. 1983)("Prevailing party" must be determined in light of the entire litigation rather than from a numerical formula of success.) Nor is plaintiff's asserted good faith in bringing this litigation a sufficient reason to deny costs. *Sparks v. Yorzinski*, 1994 WL 123619, *2 (D.Kan. 1994). "A prevailing party is presumably allowed all its costs unless there are grounds for penalizing that party." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 878 F.Supp. 1417, 1425 (D.Kan. 1995). No such grounds exist here.

A. *Clerk's Fees*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

*2 Plaintiff objects to taxation of a $25.00 clerk's fee for admitting defendant's out-of-state counsel *pro hac vice*. The court finds that the fee is properly taxed under § 1920(1). The court agrees with the defendant that such a cost is proper because the plaintiff selected the forum and thereby forced Duracraft to defend itself in this district.

B. *Fees for Court Reporters*

(1) *Deposition of Richard Ten Eyck* - Plaintiff argues that the cost of this deposition should not be allowed because it was not used at trial and there is no showing that the deposition was necessarily obtained for use at trial. The prevailing party may recover costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Under this standard, the court must determine whether the deposition reasonably seemed necessary at the time it was taken. *Manildra Mills*, 878 F.Supp. at 1427. As the designer of the product shape at issue in this case, Mr. Ten Eyck was an important witness, as is shown by the fact that he was extensively examined and cross-examined at trial. The use or non-use of the deposition at the trial is not dispositive on the issue of "necessity." Duracraft was certainly reasonable in concluding that the deposition was necessary at the time it was taken. The court concludes that the cost of this deposition is taxable under § 1920(2).

(2). *Transcript of Court Proceedings.* Plaintiff objects to the cost of the trial transcript because it includes a daily transcript fee. Plaintiff argues that a daily transcript was not necessary.

Absent prior court approval, taxation of transcript costs at a daily copy rate is generally not allowed. *Griffith v. Mt. Carmel Med. Ctr.*, 157 F.R.D. 499 (D.Kan. 1994). If the issues in a case are sufficiently complex to justify overlooking the lack of prior approval, however, a court may award the cost where daily copy proved invaluable to counsel and the court. *Id.* To award this cost, the court must find that daily copy was necessarily obtained, as judged at the time of the transcription. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1233, 1248 (10th Cir. 1988).

The court concludes that this case was sufficiently complex that a daily transcript was reasonably necessary. Much of the testimony was given by experts and focused on highly technical issues. The court believes that a daily transcript was necessary to bring into focus the areas of dispute between the experts and to conduct thorough examination and cross-examination.

Plaintiff also argues that the cost of a transcript of the closing arguments in this case should be reduced by half because the defendant previously agreed with the plaintiff to **split** the cost of that transcript. Inasmuch as Duracraft does not dispute having made the agreement, the court finds that it is proper to take this into account in taxing **costs**. Allowable **costs** for this transcript will therefore be reduced by half ($176.30).

C. *Printing*

*3 (1). *Independent Printing Service.* Plaintiff objects to the inclusion of printing **costs** for foam-core board "blow-ups" of paper exhibits used at trial. Defendant contends that the use of these enlargements at trial was necessary to a complete understanding of the case.

Under § 1920(4), fees for exemplification and copies of papers necessarily obtained for use in the case are taxable. Generally, the costs of demonstrative exhibits such as enlargements are denied in the absence of prior court approval, unless the court is persuaded that the materials were essential to the prevailing party's case. *Joseph v. Terminix Int'l. Co.*, 1994 WL 542090, *1 (D.Kan. 1994); *Manildra Mills*, 878 F.Supp. at 1428. Although the enlargements used in this bench trial made the presentation of evidence easier to follow and understand, the court cannot conclude that such reproductions of paper exhibits were "necessarily obtained" or essential to the defendant's case. *See Manildra Mills*, 878 F.Supp. at 1428 ("[T]he court is unconvinced these expenses were necessary as opposed to merely illustrative of expert testimony...."). Allowable costs for printing will therefore be reduced by $1,443.00.

(2). *International Video Services.* Plaintiff objects to an expense of $16.50 for preparation of a videotape exhibit. The court agrees with the defendant that this exhibit - a Vornado videotape advertisement - was reasonably necessary to its case and the cost incurred in dubbing work performed on the tape is properly taxed.

(3). *Engineering Animation, Inc.* Included in the bill of costs is a charge of $41,624.48 for services by Engineering Animation, Inc. The defendant incurred this cost by having EAI prepare computer simulation exhibits of the air stream that would result from various fan and grill combinations. Plaintiff contends

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that this charge represents a fee for expert or consulting services and is not taxable under § 1920.

The burden is on the defendant to demonstrate that this expense is authorized by § 1920. The court concludes that Duracraft has failed to demonstrate that the computer simulation exhibits fall within fees for "printing" or "exemplification and copies of papers necessarily obtained for use in the case." § 1920(3) and (4). Without reference to the statute, Duracraft simply argues that these exhibits were essential given the complex nature of the evidence and that they "allowed the Court to visualize and conceptualize, in a way no other exhibits or testimony offered in the case could, the air movements created by various fan designs." Def. Mem. at 9. The court finds this unpersuasive for three reasons. First, although the exhibits produced by EAI could be considered helpful, in the court's view they were by no means necessary to the defendant's case. The facts and concepts depicted in the exhibits were based on the testimony of the experts who testified. The exhibits sought to illustrate the testimony in a more understandable form, but did not add to it substantively. *Cf. Joseph,* supra. Second, the services obtained here went beyond the ministerial "printing" or "exemplification" contemplated by § 1920(3) and (4) and involved extensive application of expertise by a computer consultant. It is clear that the costs of an expert's research and analysis in preparation for trial are not recoverable under § 1920 under the guise of work necessary for producing an exhibit. *Green Const. Co.* 153 F.R.D. at 676. The court agrees with the plaintiff that the $41,624.48 charge at issue here is in essence a fee for the services of a computer expert and is not properly allowable under § 1920. *Cf. U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1246 (10th Cir. 1988)(Affirming district court's refusal to award costs for computerized document analysis.) [FN1] Third, the court considers the defendant's failure to seek pretrial approval of this expense, which more than doubled the total costs involved in the case, as weighing against taxation. *See Manildra Mills,* 878 F.Supp. at 1428 (Courts generally require litigants to obtain authorization before incurring great expense for exemplification.) In sum, the court finds that the $41,624.48 fee is not properly taxable.

D. *Trial Witnesses.*

*4 Plaintiff objects to defendant's claimed witness fees for all of the witnesses except two on the grounds that these witnesses were produced and called by the plaintiff in its case. Inasmuch as these witnesses were deemed necessary by the plaintiff for its case, the court sees no reason why they would not also be deemed necessary by the defendant. The court concludes that the witness fees are properly taxed under § 1920(3).

Plaintiff also objects to witness fees in excess of one day for Dr. Jeff Trom. Dr. Trom, vice president for Engineering Animation, Inc., developed the computer animation exhibits previously discussed. Plaintiff contends that only one day of this expert's testimony was necessary. The defendant contends that Dr. Trom was required to attend each day of the trial so that he could respond to the testimony of plaintiff's witnesses. Given the nature of Dr. Trom's testimony, which dealt almost exclusively with the exhibits generated by him, [FN2] the court must agree with the plaintiff that the costs of Dr. Trom's attendance in addition to the day of his testimony were not reasonably necessary and should not be taxed to the plaintiff. Accordingly, allowable costs for Dr. Trom's hotel and meals will be reduced to one day's allowance ($92.00). This causes a $373.00 reduction in witness fees.

E. *Fees for Exemplification and Copies of Papers.*

(1) *Copies of Papers Which Are Part of the Trial Court Record; (2) Copies of Papers Served But Not Filed With the Court; (3) Correspondence; (4) Trial Exhibits; (5) Certified Copies from U.S. Patent and Trademark Office; and (6) Papers Produced by Vornado.* Plaintiff objects to copying costs associated with all of the foregoing. Having reviewed the objections and the defendant's response, the court concludes that all of these costs are fees for copies of papers "necessarily obtained for use in the case" and are properly allowable under § 1920(4). The court concludes that copies of papers not filed in the case were reasonably necessary, that the number of copies claimed by defendant was reasonably necessary, and that certified copies of the patent and file histories were reasonably necessary in light of the patent and trademark issues raised by plaintiff's claims.

(7). *Physical Exhibits.* Plaintiff objects to defendant's costs for fan packaging purchased and used at trial on the grounds that defendant has not shown that expenses were for exhibits actually used at trial. The court rejects this argument. The defendant has shown to the court's satisfaction that these items were necessarily obtained for use in the case.

Plaintiff also objects to Duracraft's claimed expenses for preparation of prototype fan grills used as exhibits

at trial. The awarding of costs for preparation of exhibits is committed to the discretion of the trial court. Green Constr. Co., 153 F.R.D. at 676. After carefully considering the issue, the court concludes that this expense is allowable under § 1920(4) as "exemplification" of exhibits necessarily obtained for use in the case. *See* Manildra Mills, 878 F.Supp. at 1428 n. 10 ("Exemplification" has been broadly defined to include models, charts and photographs.) The court finds that production of the prototypes for testing was necessary to address Vornado's contention that its fan grill design was non-functional.

*5 (8). *Wichita State University.* Plaintiff objects to fees paid to WSU for rental of a wind tunnel test facility. The court agrees with the plaintiff that this expense falls outside "exemplification" and is not properly taxable under § 1920(4). While the facility may have been required to conduct tests on various fan grills, it is not itself a cost of "exemplification" of an exhibit. The rental fee was part of the cost of performing the expert's tests but was not a part of the cost of producing the exhibits themselves. Accordingly, the costs for exemplification will be reduced by $2,775.00.

F. *Compensation of Interpreter.*

Plaintiff objects to an expense incurred by Duracraft for hiring an interpreter to assist at Chi Hsiang Wang's deposition. Plaintiff argues that the defendant's interpreter was unnecessary because plaintiff had provided an interpreter. The court finds that the expense for Duracraft's interpreter is properly allowable under § 1920(6). The declaration of Mr. Bromberg and the deposition excerpts submitted by the defendant persuade the court that it was necessary for the defendant to have its own interpreter at the deposition. In this regard, the court notes that issues of confidentiality and attorney-client privilege raised in the course of the deposition would have made the defendant's use of Vornado's interpreter impractical.

*Conclusion.*

In accordance with the foregoing findings, plaintiff's Motion For Retaxation of Costs (Doc. 148) is GRANTED IN PART and DENIED IN PART. In accordance with the foregoing findings by the court, the taxation of costs filed by the clerk on November 6, 1995, is amended as follows:

| | |
|---|---|
| Fees of the Clerk | $ 130.00 |
| Fees for service of summons and subpoena | 0.00 |
| Fees of the court reporter | 11,880.62 |
| Fees and disbursements for printing | 16.50 |
| Fees for witnesses | 910.00 |
| Fees for exemplification and copies of papers | 16,499.93 |
| Docket fees under 28 U.S.C. 1923 | 0.00 |
| Costs as shown on Mandate of Court of Appeals | Pending |
| Compensation of court-appointed experts | 0.00 |
| Compensation of Interpreters | 865.90 |
| Other costs | 0.00 |
| TOTAL | 30,302.95 |

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Costs are hereby taxed in the amount of $30,302.95 and included in the judgment in favor of Duracraft Corporation. IT IS SO ORDERED.

FN1. *Cf. In re Air Crash Disaster at Stapleton Airport (Johnson v. Continental Airlines, Inc.,* 1989 WL 259995 (D.Colo. 1989) (Noting that such exhibits "are a reasonably anticipated cost of litigating air crash cases, ...") *See also In re Air Crash Disaster at John F. Kennedy Airport,* 687 F.2d 626, 631 (2nd Cir. 1982).

FN2. Defendant correctly points out that Dr. Trom testified that the curvature in the Vornado and Duracraft fans differed slightly and that this testimony rebutted the testimony of a Vornado witness. This isolated point in rebuttal was the only instance of which the court is aware that Dr. Trom testified with respect anything other than the exhibits prepared by him. The court's recollection is that this rebuttal testimony was duplicated other testimony in the defendant's case.

Not Reported in F.Supp., 1995 WL 794070 (D.Kan.)

**Motions, Pleadings and Filings (Back to top)**

• 6:92cv01543 (Docket) (Nov. 06, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.