**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
GASKA TAPE, INC., Plaintiff,
v.
PRES-ON PRODUCTS, INC., Defendant.
**No. 90 C 3725.**

July 1, 1992.

*MEMORANDUM OPINION AND ORDER*

ANN CLAIRE WILLIAMS, District Judge.

*1 Plaintiff Gaska Tape, Inc. ("Gaska") brought this **patent infringement** suit against defendant Pres-On Products, Inc. ("Pres-On"). Following a trial before a jury, Judge Anthony A. Alaimo [FN1] entered judgment in this case on January 9, 1992 in favor of defendant Pres-On and against plaintiff Gaska. Pres-On subsequently moved for the **award** of **costs** pursuant to Federal Rule of Civil Procedure 54(d) ("Rule 54(d)") and Local Rule 45. On February 12, 1992, this court **awarded** Pres-On **costs** in the amount of $8,244.98. The court then ordered the plaintiff to file any motions for review of the bill of costs submitted by the defendant. This case is currently before the court on plaintiff Gaska's objections to defendant Pres-On's bill of costs. For the reasons stated below, the court grants Pres-On's request for costs **in part** and denies it **in part**. Pres-On is **awarded costs** in the amount of $5,134.79.

*The Bill of Costs*

Rule 54(d) provides in pertinent part that "costs shall be allowed as of course to the prevailing party unless the district court otherwise directs." Fed.R.Civ.P. 54(d). The Supreme Court has stated:

> We do not read that Rule as giving district judges discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of his case. Items proposed by winning parties as costs should always be given careful scrutiny ... Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.

*Farmer v. Arabian American Oil Co.,* 379 U.S. 227, 235 (1964). However, with respect to those costs specifically allowed by statute, the Seventh Circuit has determined that Rule 54(d) creates a presumption that the prevailing party will receive costs. To rebut this presumption, the losing party must demonstrate more than his or her good conduct in the litigation. *Hudson v. Nabisco Brands, Inc.,* 758 F.2d 1237, 1242 (7th Cir.1985). "In general, to overcome the presumption in favor of a grant of costs, the losing party must demonstrate that 'there has been some fault, misconduct, default, or action worthy of penalty on the party of the prevailing side.' " *Id.* (citing *Delta Air Lines v. Colbert,* 692 F.2d 489, 490 (7th Cir.1982)).

Since Gaska has made no showing in this case that Pres-On has taken any action worthy of a penalty, this court finds that Pres-On is entitled to recover costs. The remaining question is whether the costs requested are reasonable. The plaintiff argues that defendant's request for $210 for a computer diskette of the trial transcript is not taxable. Gaska contends that Pres-On only obtained this diskette for its own convenience and the diskette was not necessary to prepare a response to Gaska's JNOV motion.

28 U.S.C. § 1920(2) ("Section 1920(2)") authorizes taxation of the fees for "any part of the stenographic transcript necessarily obtained for use in the case." This court agrees with Pres-On that the diskette of the trial transcript was necessary in the instant case. As the defendant explains, when Gaska filed its JNOV motion, a number of references to pages in the trial transcript were left blank because copies of the transcript were not yet available. Gaska indicated that it would file a supplemental version as soon as the transcript became available. According to Pres-On, the transcript became available on January 28, 1992 and it did not receive Gaska's supplemental version until February 10, 1992, three days after Pres-On's response to the JNOV motion was due. Since the trial transcript was 428 pages long and Pres-On did not have Gaska's transcript references, it was not unreasonable for it to use a computer copy of the transcript to prepare its response. It is clear that Pres-On would have wasted considerably more time trying to obtain the information it required to respond to Gaska's JNOV motion by hand. Since there is a

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

presumption of recovery, this explanation for the purchase of a computer diskette of the trial transcript suffices to establish Pres-On's right to cover the $210 cost of the diskette.

*2 Gaska next contends that the assessment of costs for the depositions of Jack B. Smith, Jr. ("Smith"), Earl Miner ("Miner"), Dennis Conley ("Conley"), Frank Spenser ("Spenser"), and Lawrence A. Cascino ("Cascino") are not taxable because they were unnecessary and taken merely for the purposes of discovery. Section 1920(2) authorizes taxation for deposition costs. The determination of whether depositions that were taken were necessary, and thus taxable, cannot be made based upon hindsight. Rather, this determination must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use. *Hudson,* 758 F.2d at 1243. "Even the costs related to discovery depositions may be assessed ... provided that the deposition is not merely for the convenience of the attorney ... or purely investigative in nature." *Id.*

With respect to deponents Smith, Miner, Conley, and Spencer, Gaska has not provided this court with a sufficient basis to overcome the presumption that Pres-On is entitled to recover the costs of these depositions. For example, Gaska provides this court with no evidence to support its claim that Pres-On only took Smith's deposition for the purposes of discovery. Similarly, with respect to Miner and Conley, Gaska repeats the same unsupported claim that their depositions were only taken for the purposes of discovery and they were not used at trial. Again, Gaska provides this court with no evidence to support these claims. Moreover, the fact that Miner's and Conley's depositions were not used at trial is of no import since Gaska has not provided this court with any evidence suggesting that Pres-On knew at the time the depositions were taken that they were unnecessary. *See Hudson* 758 F.2d at 1243.

On the other hand, Pres-On provides this court with adequate reasons why it took the depositions. For example, Pres-On explains that it took Smith's deposition because, as Gaska's President, Pres-On believed he possessed the most knowledge about the marketing and sales of the product Gaska alleged came within the limitations of the claims of the patent suit. According to Pres-On, the information obtained from Smith was also necessary to prepare Pres-On's response to Gaska's allegation that the subject matter of the patent at issue was a commercial success and fulfilled a long felt need. Smith testified about these matters at trial. Pres-On provides equally sufficient explanations for taking the other previously mentioned depositions. [FN2]

Gaska argues that Cascino's two depositions were also taken for discovery purposes only. It contends that the shear length of the depositions proves this assertion. Cascino's two depositions allegedly took over twelve hours on direct exam. In comparison, Gaska notes that Cascino only testified for approximately three hours at trial. Contrary to Gaska's suggestion, this court finds that the fact that Cascino testified for approximately one-third the time it took to take his deposition hardly suggests that his deposition was unnecessary. At most, this information suggests that by deposing Cascino, Pres-On was able to properly narrow the focus of Cascino's testimony for trial.

*3 Even if Cascino did not testify at trial, his deposition was still necessary to Pres-On's legitimate trial preparation because, as the inventor of the patent at issue in this suit, Cascino possessed the most knowledge about the development of Gaska's product. Specifically, Pres-On adequately explains that it relied on Cascino's deposition to learn if Cascino had seen any prior devices, how he had conceived and developed the subject matter of the patent, and his interpretation of a number of terms in the claims. There is no indication that this information was not necessary to this litigation, or that the deposition was only taken for the convenience of the attorney or for purely investigative purposes. Therefore, the court will allow recovery for Cascino's depositions.

However, this court will not permit Pres-On to recover the costs of obtaining computer diskettes of depositions, including those of Smith, Jordi, Cascino, Porter, Miner, and Spenser. This court recognizes that technology in this field has evolved significantly since the statutes regarding the award of costs for depositions was promulgated. However, this court finds that obtaining these diskettes was not necessary. Unlike the trial transcript which Pres-On needed immediately to timely respond to Gaska's JNOV motion, Pres-On has not provided this court with an adequate reason why, other than the convenience of the attorneys, such diskettes were necessary. Therefore, the court reduces Pres-On's request for deposition costs by $156.25.

Gaska also contends that the travel expenses of Mr. and Mrs. Lance Porter cannot be taxed. Lance

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Porter ("Porter") traveled to Chicago from Sacramento to be deposed. Pres-On acknowledges that it mistakenly included the travel costs of Porter's wife's expenses in its request for costs. It therefore reduces its request for costs for Porter's deposition to $829.09. [FN3] Even with this reduction, Gaska still argues that this amount should not be taxed because Porter's deposition was unnecessary and Porter traveled to Chicago voluntarily to be deposed.

This court is persuaded by Pres-On's comparison of the instant case to *West Wind Africa Line v. Corpus Christi Marine Services Co.*, 834 F.2d 1232 (5th Cir.1988). In that case, the district court taxed as costs the fees and allowances paid to two expert witnesses who had traveled more than 100 miles to attend a deposition. Upon review, the Fifth Circuit recognized that it was in the sound discretion of the court whether to tax such costs, considering the length of the journey, the necessity of the testimony of these witnesses, and the possibility of averting that expense. *Id.* at 1237. In reaching this conclusion, the court recognized that "when the deposition of a witness who resides more than 100 miles outside the district must be taken, the lawyers must choose either to travel to the witness or to induce the witness to travel to the district. The witness' willingness to make the trip reduces litigation expenses, even if it increases taxable costs." *Id.*

*4 Similarly, having Porter travel to Chicago for his deposition was clearly less costly than having both Gaska's and Pres-On's attorneys travel to Sacramento. Moreover, Porter's testimony was necessary to the instant trial. While Porter admittedly is not an expert on the chemical make-up of Magic Pads or other foam products, he offered valuable testimony regarding the prior sale of Magic Pads. Since Porter's testimony was necessary and costs and time were saved by having him come to the lawyers rather than requiring the lawyers to go to him for the deposition, this court finds that the $824.09 requested for Porter's expenses is taxable.

This court is not persuaded by Gaska's argument that *West Wind Africa Line* cannot be applied to the instant case because, unlike the witnesses in that case, Porter is not an expert. Pres-On correctly suggests that *West Wind Africa Line* does not impose a requirement that the witness be an expert in order to recover the cost of his travel. This court recognizes that the fact that a witness qualifies as an expert might lend credence to a determination that his testimony is necessary. However, the fact that a witness is not an expert should not necessarily preclude the recovery of his travel expenses particularly in cases such as this one where the witness' testimony is valuable and his travel saved time and money. [FN4]

Gaska further objects to the taxation of $535.68 for demonstrative exhibits. Pres-On argues that this cost reflects the making of four charts of four different documents for use at trial. Pres-On claims that while it ultimately only used two of the four charts at trial, the law provides for the taxation of costs for charts which the party believes are necessarily obtained in a case. *See Wahl v. Carrier Manufacturing Co. Inc.*, 511 F.2d 209, 217 (7th Cir.1975).

However, *Wahl* does not provide the support for taxation of the costs of charts that Pres-On suggests. In *Wahl*, the Seventh Circuit stated that it would not overrule precedent that costs for models and charts could be recovered. However, it required district courts "in ruling on applications for allowance of expenditures for models and demonstration exhibits as costs, to heed the admonition of the *Farmer* case that 'the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.' " *Id.* (citing *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964)). Recovery of the cost of demonstrative exhibits is not provided for specifically by statute. Moreover, Pres-On has not provided this court with any reason why the use of these charts was necessary at trial or why no other appropriate means of showing the information contained in the charts to the jury was available. Therefore, this court will not permit Pres-On to recover the costs of its exhibits.

Finally, Gaska contends that the $1,812 expended to produce multiple copies of exhibit books for the jury should not be recoverable. Pres-On contends that such costs are recoverable because the case presented complex issues of law and fact for the jury to decide. The case involved a number of chemical formulas which were referred to at the trial. Without the exhibit books, Pres-On contends that the jury would have had a difficult time following the testimony and evidence produced at trial. *See Principe v. McDonald's Corp.*, 95 F.R.D. 34 (E.D.Va.1982).

*5 Gaska counters that the instant case was not as complex as *Principe* where the court permitted recovery for jury exhibit books. *Principe* was a complex antitrust suit which involved 18 witnesses and took over two weeks to try. In comparison, the instant case involved only two witnesses and took

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

less than two days to try. Furthermore, Gaska notes that Pres-On only mentioned 50 of its over 250 exhibits, and a good portion of those exhibits were only mentioned in passing.

This court agrees with Gaska that the publication of eight volumes of *all* of the exhibits for each juror was excessive. As Gaska suggests, the trial was short and did not involve numerous witnesses. However, this court recognizes that **patent infringement** suits, such as the instant case, can be equally as complex as antitrust litigation such as in *Principe*. The parties referred to and compared chemical formulas which this court presumes could be extremely difficult for jurors without scientific backgrounds to follow. Therefore, this court will award Pres-On for the cost of copying the 50 exhibits actually used during the trial, not the remaining 200 exhibits, and reduces Pres-On's requested costs by 4/5. Pres-On may recover $362.40 of the $1,812.00 requested for jury exhibit books. In sum, the court reduces Pres-On's request for costs by $3,110.19. Pres-On may recover $5,134.79 of the $8,244.98 originally requested.

*Conclusion*

For the reasons stated above, the court grants defendant Pres-On's bill of costs in part and denies it in part. Pres-On is entitled to recover $5,134.79 of the $8,244.98 originally requested.

FN1. Judge Alaimo presided over this case while he was sitting by designation.

FN2. Gaska also argues, and Pres-On acknowledges, that Pres-On's bill of costs mistakenly cites the court reporter's attendance fee at Spenser's deposition as $123.75. The court reduces this figure to $50 in accordance with the evidence.

FN3. This figure includes Porter's flight, travel to and from the airport, and a one-night stay at a hotel.

FN4. This court is also not persuaded by Gaska's claim that Porter's travel expenses cannot be taxed because he did not appear in Chicago for his deposition under subpoena. As previously noted, Porter's willingness to travel to Chicago for his deposition helped reduce the litigation expenses in this case. Since Gaska has not provided this court with any evidence that deposition costs can only be taxed when a witness is under subpoena, this court sees no reason why Pres-On, whose actions saved time and money, should be penalized for deposing a witness who was not under subpoena.

Not Reported in F.Supp., 1992 WL 159390 (N.D.Ill.)

**Motions, Pleadings and Filings** (Back to top)

- 1:90cv03725 (Docket) (Jun. 29, 1990)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.