# EXHIBIT C

## Medtronic's Objections to Advanced Cardiovascular Systems and Guidant's Bill of Costs from *Medtronic v. Advanced Cardiovascular Systems, Inc. and Guidant Corporation*, Civil Action No. 97-2459.

LITIGATION CALENDAR
AUG 20 2001
FULWIDER, PATTON, LEE & UTECHT, LLP

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

MEDTRONIC, INC.,

Plaintiff,

v.

ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT CORPORATION,

Defendants.

Civil Action No. 97-2459 JMR/FLN

MEDTRONIC'S OBJECTIONS TO ADVANCED CARDIOVASCULAR SYSTEMS AND GUIDANT'S BILL OF COSTS

## I. Introduction

Defendants Advanced Cardiovascular Systems, Inc. and Guidant Corporation ("Guidant") have submitted a Bill of Costs in the amount of $492,371.85 that includes a number of costs that are contrary to the Procedure for Taxing Costs in the District of Minnesota. For example, the Bill of Costs includes $384,244.08 in large or unusual expenditures (models, animations, computerized scanning of documents, and computer presentation system) that were not approved by the Court prior to trial and are generally not allowed. The Bill of Costs is also not always supported by detailed receipts. For the reasons explained below, Medtronic requests that the Bill of Costs be reduced significantly.

## II. Disputed Taxable Costs

### A. Fees of the Court Reporter

Guidant has requested reimbursement for three categories of court reporter fees: Court proceeding transcripts, deposition transcripts, and transcripts of audiotapes produced by Medtronic. The fee requested by Guidant for each of these categories is excessive.

Taxation of the cost of obtaining transcripts is allowed only when the transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920 (2). Taxation of costs for daily transcripts that are "helpful," but not necessary to the party's case, are not allowed. *See Mericon Corp. Inc. v. Goodyear Tire & Rubber Co.*, 57 F.R.D. 506, 507-08 (D.Minn. 1972). For instance, a daily transcript is an example of a transcript obtained by counsel that may be helpful but is not "necessary" to the party's case. *Id.*

1. Court proceeding transcripts

Guidant has requested reimbursement for daily and hourly trial transcripts plus Realtime/ASCII disks. *See, e.g.,* Guidant Ex. 3, 10/21/99 bill and 11/12/99 bill. Guidant has also included multiple copies of the trial transcript as a taxable cost. *See, e.g., Id.* at 11/12/99 bill. Given the number of Guidant attorneys present at each day of trial, the daily and hourly transcripts and Realtime/ASCII disks were merely a convenience and not a necessity to Guidant's trial preparation. *See Mericon Corp. Inc.*, 57 F.R.D. at 507 (refusing to tax daily transcripts as a cost when lead counsel was second chaired by an associate). Guidant claims that it is entitled to reimbursement for the trial transcript because the transcript was used on appeal. Medtronic paid for and supplied the trial transcript used on appeal to the Federal Circuit and to Guidant. Accordingly, Guidant's rational

that the transcript was needed for appeal is not accurate. As such, there is no basis for awarding costs for daily and hourly transcripts plus Realtime/ASCII disks.

If it is determined that Medtronic should be taxed for the cost of the trial transcript, the amount should be calculated based on the court reporter's "ordinary" price. The court reporter's bills show that the "ordinary" transcription price is $3.00 per page. *See, e.g.*, Guidant Ex. 3, 10/21/99 bill and 11/12/99 bill. The chart below indicates the revised charges for ordinary transcription. Because Guidant has failed to provide detailed bills for 11/11/99 to 11/3/99 and 11/15/99 to 11/17/99, the page numbers for these dates are approximated.

<u>Trial Transcripts at Ordinary Billing Price</u>

| | | |
|---|---|---|
| 10/18/99 to10/20/99 | 437 pages at $3.00/page = | $1311 |
| 11/1/99 to 11/3/99 | 322 pages at $3.00/page = | $966 |
| 11/8/99 to 11/10/99 | 313 pages at $3.00/page = | $939 |
| 11/15/99 to 11/17/99 | 309 pages at $3.00/page= | $927 |

<u>TOTAL = $4143</u>

2. <u>Deposition transcripts</u>

Guidant has requested reimbursement for the stenographic transcript and video transcript for all deposition transcripts created in the case. The Procedure for Taxing Costs indicates that deposition costs are "[g]enerally allowed only when <u>read</u> into the record or <u>received</u> as evidence." Ex. A to brief (emphasis in original). In addition, there is no provision for taxing the cost of both stenographic and video transcripts.

The only deposition received into evidence in lieu of live testimony was of Dr. Christopher White. Based on a search of the trial transcript, it appears that the depositions of Dr. Pearle, Mr.

2292828.1



RECEIVED AUG-20-01 18:23 FROM-310 824 8686 TO-FAEGRE AND BENSON PAGE 04

Lau, Mr. Dolan, Mr. Nagy, Mr. Lynch, Mr. Barclay, Mr. Swinehart, Mr. Hermiller, Mr. Klepinski, Mr. Hausmann, Mr. Warnecke, and Mr. Evans were read in part at trial. Accordingly, only the stenographic transcript of these witnesses should be taxed as costs. The stenographic transcript charge for these 13 witnesses is as follows:

| Deposition used at trial | Stenographic transcript |
|---|---|
| Dr. White | $1524.00 |
| Dr. Pearle | $2693.00 |
| Mr. Lau | $2759.24 |
| Mr. Dolan. | $851.00 |
| Mr. Nagy | $1471.96 |
| Mr. Lynch | $1239.59 |
| Mr. Barclay | $788.15 |
| Mr. Swinehart | $2948.85 |
| Mr. Hermiller | $352.20 |
| Mr. Klepinski | $722.50 |
| Mr. Hausmann | $1094.23 |
| Mr. Warnecke | $898.30 |
| Mr. Evans | $ 992.06 |

TOTAL = $ 18,335.08

If the Clerk determines that Guidant is entitled to reimbursement for all depositions, even though a majority of them were not mentioned at trial, Medtronic requests that only the stenographic transcripts, not the video transcripts, be taxed.

2292828.1

Transcripts of Wiktor audiotapes and videotapes

During the case, Medtronic produced audiotapes and videotapes of its inventor, Mr. Wiktor. Guidant hired a court reporter to transcribe these tapes, but never introduced any of them at trial. The transcriptions were not necessary to trial because Guidant already had the same information in another format. Because the transcription of the tapes amounts to nothing more than a copy that was never used at trial, the transcription of these tapes is not an appropriate taxable cost. [cite]

**B. Fees for Witnesses**

Pursuant to the Procedure for Taxing Costs, "[t]he Clerk is authorized to tax only the statutory witness fee of $40 per day; subsistence if an overnight stay is required" of $131 for Minneapolis. Ex. A to brief. If air travel is required, the witness should "utilize the common carrier at the most economical rate available. Receipt(s) must be furnished." *Id.* Based on the furnished receipts, it does not appear that three of Guidant's five expert witnesses have charged for the air travel utilizing "the common carrier at the most economical rate." *Id.*

Mr. Evans has failed to provide a detailed receipt of his air travel. Instead, in his Dec. 4, 1999 letter to Mr. Badini, he indicates that he spent $1664 in air travel. Guidant Ex. 6. This letter indicates that the most economical rate for travel to Minneapolis *only* was not charged. Mr. Evans states that "Note: I have taken the liberty of charging half of my ticket price increase required because the trial delayed my trip to Fla." Accordingly, Guidant is asking Medtronic to reimburse it for Mr. Evans' trip to Florida. It is also unclear whether the most economical air travel to Minneapolis was used.

Mr. Hausmann has also failed to submit a detailed bill for his air travel. In his December 16, 1999 letter to Mr. Nagy, he explained that he spent $1464.30 on "air, hotel, dinner, taxi."

Guidant Ex. 6. Because the amount of $1464.30 is not limited to air travel, it is not an appropriate taxable cost.

Mr. Warnecke also failed to submit a detailed bill for his air travel. In his January 31, 2000 statement, he charges $2,661.75 for airfare to Minneapolis on "(11/5, 8, 14/99)." Guidant Ex. 6. Accordingly, it appears that Mr. Warnecke has billed for three trips to Minneapolis, although he testified at trial only on one day (Nov. 16, 1999). Accordingly, the air fare charge for Mr. Warnecke is not appropriate.

Because Mr. Evans, Mr. Hausmann, and Mr. Warnecke failed to submit receipts showing that they utilized the common carrier at the most economical rate available, the travel cost for these men should be subtracted from Guidant's total Fees For Witnesses. *See* Guidant Ex. 1, p. 5. This brings the total cost for Fees For Witnesses to $3,723.50.

**C. Fees for Exemplification and Copies of Papers**

1. <u>Copies of U.S. Patent Office records</u>

Guidant is requesting taxation of two certified copies of the prosecution history of United States Patent No. 5,653,727 and two certified copies of United States Patent No. 5,653,727, in addition to other certified copies. Guidant Ex. 7. Medtronic requests that Guidant's costs be reduced so that only one copy of each certified prosecution history and patent be taxed. Based on Guidant's receipts, the $818.60 bill for the second copy of the '727 prosecution history and half of the $70 charge for the two copies of the '727 patent should be subtracted from the total charge. This brings the total cost for the taxable amount for certified patent records to $ 1,168.60.

2. Production/purchase of physical models

The Procedure for Taxing Costs explains that "[l]arge or unusual expenditures, such as models, must be approved by the court prior to trial or preparation, or they are generally not allowed. Exhibits must be identified by number if costs are claimed." Ex. A to brief (emphasis in original). Guidant seeks to tax Medtronic $ 64,790.10 for "the production and/or purchase of physical models of the disclosed embodiments of the patented invention and of the accused product" – even though Guidant did not seek court approval of these models prior to trial and has not identified the exhibits by number. Juo Affidavit, ¶ 21. In addition, given that the actual stents created by the inventor and sold by Guidant could be shown to the jury, there was no need to create models of these stents. Furthermore, the models were primarily used merely to illustrate the testimony of expert witnesses and were not necessary to an understanding of the case. Because the models constitute large or unusual expenditures and because Guidant failed to obtain court approval for these models prior to trial or identify them by number, Medtronic requests that no costs be taxed for these models. Furthermore, the models were used merely to illustrate the testimony of expert witnesses and were not necessary to an understanding of the case. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1297 (11th Cir. 2001) (finding no statutory authority for including "physical exhibits like models and charts" as taxable costs); *Specialty Equipment & Machinery Corp. v. Zell Motor Car Co.*, 193 F.2d 515, 521 (4th Cir. 1951) (same).

3. Cost of charts, diagrams, photographs, and other visual aids

The Procedure for Taxing Costs for large or unusual expenditures applies to Guidant's request to tax $ 74,594.11 for "the preparation of charts, diagrams, photographs, and other visual aids". Juo Affidavit, ¶ 22. In addition, the charts, diagrams, photographs and visual aids were



RECEIVED AUG-20-01 18:23 FROM-310 824 9696 TO-FAEGRE AND BENSON PAGE 08

primarily used merely to illustrate the testimony of expert witnesses and were not necessary to an understanding of the case. *See Mericon Corp. Inc.*, 57 F.R.D. at 508 (refusing to allow large charts as taxable costs); *Hill v. Gonzalez, D.D.S.*, 53 F.R.D. 1, 4 (D. Minn. 1971) (same). Because the charts, diagrams, photographs, and other visual aids constitute large or unusual expenditures and because Guidant failed to obtain court approval for them prior to trial or identify them by number, Medtronic requests that no costs be taxed for these charts, diagrams, photographs, and other visual aids.

4. Cost of animations and other computer-generated visual aids

The Procedure for Taxing Costs for large or unusual expenditures applies to Guidant's request to tax $ 120,279.03 for "the preparation of animations, 3-D modeling of stents, and other computer-generated visual aids." Juo Affidavit, ¶ 23. In addition, the animations and computer-generated visual aids were primarily used merely to illustrate the testimony of expert witnesses and were not necessary to an understanding of the case. Because the animations, 3-D modeling of stents, and other computer-generated visual aids constitute large or unusual expenditures and because Guidant failed to obtain court approval for them prior to trial or identify them by number, Medtronic requests that no costs be taxed for the animations, 3-D modeling of stents, and other computer-generated visual aids. *See Arcadian Fertilizer, L.P.*, 249 F.3d at 1297 (finding no statutory authority for including animations as taxable costs).

5. Cost for electronic scanning of exhibits and for computer presentation system used for trial

The Procedure for Taxing Costs for large or unusual expenditures applies to Guidant's request to tax $ 124,580.84 for "the cost of scanning documents and other trial exhibits, and other costs associated with the computer presentation system used for trial." Juo Affidavit, ¶ 24. Because



RECEIVED AUG-20-01 18:23 FROM-310 824 9696 TO-FAEGRE AND BENSON PAGE 09

the the cost of scanning documents and other trial exhibits, and other costs associated with the computer presentation system used for trial constitute large or unusual expenditures and because Guidant failed to obtain court approval for them prior to trial or identify them by number, Medtronic requests that no costs be taxed for the cost of scanning documents and other trial exhibits, and other costs associated with the computer presentation system used for trial. Also, Guidant has already requested taxation of four copies of all trial exhibits. Juo Affidavit, ¶18. Guidant should not be allowed to tax the cost of yet another copy of the trial exhibits – especially considering the extraordinary expense associated with the computerized system. *See Arcadian Fertilizer, L.P.*, 249 F.3d at 1297.



RECEIVED AUG-20-01 18:23 FROM-310 824 9696 TO-FAEGRE AND BENSON PAGE 10

## III. Revised Guidant Costs

Based on the Procedure for Taxing Costs in the District of Minnesota and the above analysis, at most the following charges should be included as taxable costs, assuming the Court finds these costs to have been necessary to Guidant's conduct of trial.

### REVISED ITEMIZATION OF COSTS

| | |
|---|---|
| Fees of the Clerk | $1,125.00 |
| Court Proceeding | |
| Markman Hearing | $502.00 |
| Motions Hearing | $477.00 |
| Trial Transcripts | $4,143.00 |
| Deposition Transcripts | $18,335.08 |
| Fees for Witnesses | $3,723.50 |
| Fees for Exemplification and Copies of Papers | |
| Copies of trial exhibits | $3,240.00 |
| Copies of U.S. Patent Office records | $1,168.60 |
| Copies of prior art journal articles | $1,081.65 |
| Docket Fees | $20.00 |

<u>TOTAL TAXABLE COSTS = $33,815.83</u>

2292828.1

## IV. Conclusion

For the above states reasons, Medtronic requests that the total taxable costs necessarily incurred by Guidant in this action at most total $33,815.83.

Dated: August 16, 2001

Respectfully submitted,

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: *Tara Sutton*

Michael V. Ciresi (# 16949)
Thomas L. Hamlin (#40216)
Jan M. Conlin (# 192697)
Tara D. Sutton (#23199X)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFF MEDTRONIC, INC.

EXHIBIT A

# UNITED STATES DISTRICT COURT
## Procedure for Taxing Costs
## in the
## District of Minnesota

Costs shall be submitted on Form AO133 which is provided by the Administrative Office of the United States Courts for this purpose. The form can be requested from the Clerk's Office, United States District Court. The completed AO-133 form shall be submitted with substantiating documentation to the Minneapolis Clerk's office.

Costs generally are not taxed and the Bill of Costs should not be submitted until the following conditions are met:

1. the time for filing of the Notice of Appeal has expired,
2. a decision on post-trial motions has been made,
3. the appeal has been decided on the merits or dismissed, or
4. Writ of Certiorari is denied and opinion of the Supreme Court is filed.

### Office Procedure

A briefing schedule is sent to counsel of record when the Bill of Cost is filed. An appearance before the Clerk is not required. Costs will be taxed as submitted if objections are not filed. If the matter of costs is resolved prior to taxation by the Clerk, written notification of disposition shall be submitted.

### General Information

| | |
|---|---|
| Taxation of Costs on Appeal | See FRAP, Rule 39(d) & (e). *NOTE: Costs granted at the Court of Appeals level are entered in the judgment rolls upon receipt of the Mandate in the District Court. DO NOT INCLUDE THESE COSTS IN THE AO-133 BILL OF COST FORM.* |
| Attorney Fees | Do not incorporate into the Bill of Costs; Refer LR54.3 and 28 U.S.C. § 2412. |
| Substantiating Documentation | Copies of receipts, statements, bills, checks, etc. must be submitted in support of costs. |
| Deposition Costs | Generally allowed only when read into the record or received as evidence. |
| Exhibits | Large or unusual expenditures, such as models, must be approved by the court prior to trial or preparation, or they are generally not allowed. Exhibits must be identified by number if costs are claimed. |
| Copies | Generally not allowed unless received as an exhibit during trial (number identification). Certified or exemplified copies are generally allowed. |
| Costs Differentiated from Fees and Expenses | FRCP 54 and Wright & Miller, §§ 2666 and 2677. |
| Expert Witnesses | The Clerk is authorized to tax only the statutory witness fee of $40 per day; subsistence if an overnight stay is required (effec. 1/1/99): Minneapolis $131; St. Paul $102; Duluth $100; Rochester $103; Anoka County $84; Dakota County $86; Fergus Falls $80.00 and $.31 per mile round trip travel (eff. 4/1/99). See 28 U.S.C. § 1821. Questions should be directed to the appropriate division. |
| Air Travel | 28 U.S.C. § 1821(c)(1): utilize common carrier at the most economical rate available. Receipt(s) must be furnished. |

Reference:
FRCP Rule 54(d); 28 U.S.C. §§ 1920-1923 and 1924
Federal Practice and Procedure, Wright & Miller
Volume X, Sections 2665-2679

For Information on Taxation of Costs, contact:

Celeste M. Shahidi, Operations Manager, Minneapolis Clerk's Office (612) 664-5025
Susan Anderson, Deputy In Charge, Duluth Clerk's Office (218) 529-3502

FORMS\COSTS (Rev. 4/1/99)

**AFFIDAVIT OF SERVICE BY FEDERAL EXPRESS**

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

[illegible] SYSTEMS AND GUIDANT'S BILL OF COSTS by [illegible] copy to [illegible] K. Fitzgerald.

Sylvia J. Nelson

Subscribed and sworn to
before me this 14th day
of August, 2001.

Faye L. Carlisle
Notary Public

FAYE L. CARLISLE
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005