# EXHIBIT E

## Report and Recommendation from *Medtronic v. Advanced Cardiovascular Systems, Inc. and Guidant Corporation*, Civil Action No. 97-2459.

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Medtronic, Inc.,

Plaintiff,

v.

Advanced Cardiovascular Systems, Inc.
and Guidant Corporation,

Defendant.

Civ. No.: 97-2459 JMR/FLN

**REPORT AND RECOMMENDATION**

---

Katie Crosby Lehmann, Esq., for Medtronic, Inc.
Richard Bardin, Esq., & James Juo, Esq., for Advanced Cardiovascular Systems, Inc. and Guidant Corporation.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on November 30, 2001, Plaintiff's Objection to Defendant's Bill of Costs [Docket #336]. The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For reasons which follow, the Court will recommend that Plaintiff's Objection to Defendant's Bill of Costs [Docket #336] be sustained in part and rejected in part, and Guidant be awarded a total of $475,740.95 in taxable costs.

## I. FACTUAL BACKGROUND

Plaintiff Medtronic, Inc. ("Medtronic") made Patent Infringement claims against Defendant Advanced Cardiovascular Systems, Inc. and Guidant Corporation ("Guidant"). On January 12, 2000, after several days of evidence was presented to a jury, Chief Judge Rosenbaum, granted Guidant's Motion For Judgment as a Matter of Law. Following Medtronic's appeal, the Federal Circuit Court of Appeals affirmed the final judgment of the District Court on May 18, 2000. On August 7, 2001,

FILED FEB . 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

Guidant served and filed a Bill of Costs and a supporting Affidavit seeking the taxation of costs against Medtronic in the amount of $492,371.85.

Medtronic filed objections to Guidant's Bill of Costs. Medtronic claims that the models, animations and computerized presentations were not approved by the Court prior to trial and should not be allowed. In addition, Medtronic contends that the claims in the Bill of Costs were not always supported by detailed receipts.

Conversely, Guidant contends that all expenditures are properly supported by documentation and allowable by statute. In particular, Guidant argues that properly defending a patent infringement case with a number of complex legal and factual issues warranted the reasonable use of the technology, exhibits and experts.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." 28 U.S.C. § 1920 governs the taxation of costs in Federal Court and provides as follows:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Costs are awarded to the prevailing party "unless and until the losing party

affirmatively shows that the prevailing party is not entitled" to those costs. Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir.1988).

Medtronic does not contest Guidant's claims for $1,125 in clerk fees, $502 for Markman Hearing Transcript, $477 for Motions Hearing Transcript, $3,240 for Copies of Papers for Trial, $1081.65 for Copies of Prior Art Journal Articles and $20 in Docket fees. Since these costs are proper under § 1920, this Court will award Guidant the aforementioned taxable costs, totaling $6,445.65.

Having reviewed the documentation and arguments of the parties, the Court sustains some of Medtronic's objections and overrules others as follows:

| ITEMIZATION OF COSTS | Guidant's Request | Medtronic's Position | AMOUNT AWARDED |
|---|---|---|---|
| Trial Transcripts (original) (alternative) | $16,892.25 $6,905.00 | $4,143.00 | $6,905.00 |
| Deposition Transcripts | $68,978.37 | $18,335.08 | $68,978.37 |
| Transcripts of Wiktor Audiotapes & Videotapes | $4,275.75 | -0- | $4,275.75 |
| Fees for Witness (original) (alternative) | $9,513.55 $7,739.05 | $3,729.50 | $3,723.50 |
| Copies of U.S. Patent Office Records | $1,987.20 | $1,168.60 | $1,168.60 |
| Production/Purchase of Physical Models | $64,790.10 | -0- | $64,790.10 |
| ITEMIZATION OF COSTS | Guidant's Request | Medtronic's Position | AMOUNT AWARDED |
| Exemplification of Charts, Photographs, and Other Visual Aids | $74,594.11 | -0- | $74,594.11 |

| ITEMIZATION OF COSTS | Guidant's Request | Medtronic's Position | AMOUNT AWARDED |
|---|---|---|---|
| Exemplification of Animations & Other Computer-generated Visual Aids | $120,279.03 | -0- | **$120,279.03** |
| Exemplification by Electronic Scanning for Trial Presentation System | $124,580.84 | -0- | **$124,580.84** |
| TOTAL from Disputed Claims | ~~$485,891.20~~ 474,129.45 | $27,376.18 | **$469,295.30** |
| ***GRAND TOTAL of Taxable Costs*** | | | ***$475,740.95*** |

There has been no showing that above listed expenditures were unnecessary or that the costs at issue are unreasonable. Thus this Court will recommend that Guidant be awarded a net balance of $475,740.95 in taxable costs.

## III. RECOMMENDATION

Based upon the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Objections to Defendant's Bill of Costs [Docket #336] be **SUSTAINED** in part and **REJECTED** in part, and the Clerk of Court be directed to enter Judgment in favor of the Defendant in the amount of $475.740.95.

DATED: February 4, 2002

FRANKLIN L. NOEL
Chief Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, within ten days of service of this Report and

Recommendation, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service of the objections. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.