# EXHIBIT F

## Advanced Cardiovascular Systems and Guidant's Response to Medtronic's Objections to Report and Recommendation on Bill of Costs from *Medtronic v. Advanced Cardiovascular Systems, Inc. and Guidant Corporation*, Civil Action No. 97-2459.

RECEIVED
FEB 28 2002
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

Medtronic, Inc.,

Plaintiff,

v.

Advanced Cardiovascular Systems, Inc. and Guidant Corporation,

Defendants.

Civil Action No. 97-2459 JMR/FLN

**ADVANCED CARDIOVASCULAR SYSTEMS AND GUIDANT'S RESPONSE TO MEDTRONIC'S OBJECTIONS TO REPORT AND RECOMMENDATION ON BILL OF COSTS**

---

## I. INTRODUCTION

Guidant has made a proper showing to support its costs. Fed. R. Civ. P. 54(d)(1) provides that costs "shall be allowed as of course." This rule "creates a presumption in favor of awarding costs." *Stryker Corp. v. Davol, Inc.*, 75 F. Supp.2d 748, 752 (W.D. Mich. 1999) (citation omitted). As the losing party, Medtronic bears the burden of demonstrating that an award of costs would be improper. *See id.* The Court directed Medtronic's Objections to Guidant's Bill of Costs to Magistrate Judge Noel for report and recommendation.

Magistrate Judge Noel's Report and Recommendation found that "[t]here has been no showing [by Medtronic] that above listed expenditures were unnecessary or that the costs at issue are unreasonable." *Id.* at 4. Nonetheless, Medtronic has objected to the Report and Recommendation for awarding the costs of: (1) the depositions not used at trial; (2) the transcripts of audiotapes and videotapes made by Mr. Dominik Wiktor (the inventor of the patent-in-suit who had testified at trial); and (3) the exemplifications as being large and unusual expenditures. These awarded costs, however, are properly supported and are reasonable,

especially in view of the fact that Medtronic claimed damages in excess of $300 million for patent infringement, which Medtronic further sought to treble to nearly one billion dollars by alleging willful infringement. Complex legal and factual issues were presented at trial, including patent infringement, invalidity, inventorship, willful infringement, and reasonable royalties. After two briefs and an oral argument before the Magistrate Judge, Medtronic still has not shown that these costs were unnecessary or unreasonable.

## II. THE DISPUTED COSTS

For the convenience of the Court, a chart comparing the Magistrate Judge's Report and Recommendation, Guidant's original bill of costs, and Medtronic's original position before the Magistrate Judge on costs, is attached hereto as Exhibit A. A chart summarizing the categories of deponent witnesses for which costs were awarded is attached hereto as Exhibit B.

### A. Deposition Transcripts

Guidant's Bill of Costs provided the reasons for the necessity of each deposition transcript for which it was awarded costs. Medtronic has not rebutted Guidant's showing. Instead, Medtronic merely asserts that these costs are limited to depositions actually used at trial. Contrary to Medtronic's suggestion, however, there is no requirement that a deposition transcript must be used at trial in order to be an allowable cost. Indeed, both the District Court of Minnesota and the Eighth Circuit have recognized that deposition transcripts not actually used at trial may be still be an allowable cost. *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995) (deposition not introduced at trial was properly taxed as cost); *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994) (the costs of a deposition transcript not used in a court

proceeding may still be taxable). Medtronic has never challenged the controlling legal authority cited and relied upon by Guidant.

The legal standard for awarding such costs is whether the deposition appeared reasonably necessary at the time it was taken. *Ryther*, 864 F. Supp. at 1534. Actual use of a deposition transcript in a court proceeding is direct evidence of necessity, but a deposition transcript need not be introduced at trial in order to be an allowable cost. *Id.*; *see also Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996) (costs for a deposition transcript may be awarded "even if unused at trial").

Indeed, Medtronic has ignored the fact that the deposition transcripts of several witnesses were received as evidence in connection with Summary Judgment motions filed in this action. The costs of these deposition transcripts are allowable. *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995) (costs awarded for deposition transcripts submitted in connection with summary judgment motions).

The deposition transcripts for the witnesses identified in either parties' witness list for trial were also necessarily obtained for use in the case so that counsel could properly prepare for their potential testimony based on the notice given by these witness lists. *Zotos v. Lindberg School District*, 121 F.3d 356, 363-364 (8th Cir. 1997) (costs awarded for deposition transcripts of deponents who had been listed as trial witnesses); *see also Manildra*, 76 F.3d at 1184 (deposition transcripts were reasonably necessary because "at the time they were taken, the deponents were potential trial witnesses"). Similarly, the deposition transcripts of the witnesses who testified at trial were also necessarily obtained for use in the case. And the deposition transcripts that were considered by the testifying experts (as indicated in their respective expert

reports) in support of their expert opinion testimony were necessarily obtained for use in the case so that the experts could properly prepare and give their expert opinions at trial.

Medtronic also asserts that Guidant cannot recover the costs of both the stenographic and video transcripts. Medtronic has cited no supporting legal authority for its position. There is no prohibition to taxing the cost of both the stenographic and video transcripts in the guidelines of the Procedure for Taxing Costs, and courts often award costs for both the stenographic and video transcripts. *See Meredith v. Schreiner Transport, Inc.*, 814 F. Supp. 1004, 1006 (D. Kan. 1993); *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996); *Tilton v. Capital Cities*, 115 F.3d 1471, 1478 (10th Cir. 1997). Moreover, Medtronic's attempt to exclude the costs of video transcripts also ignores the undisputed fact that Dr. Christopher White testified at trial by video deposition (and that Dr. White's stenographic deposition transcript had also been submitted in connection with a summary judgment motion). Medtronic thus would disallow the cost of the video transcript that was presented in lieu of live testimony at the trial.

Medtronic has not rebutted either the reasons for the necessity of these depositions, or the legal authority that supports awarding the costs of these depositions. Accordingly, the Magistrate Judge's Report and Recommendation properly found that Guidant should recover these costs.

**B. Transcripts of Wiktor Audiotapes and Videotapes**

The Magistrate Judge's Report and Recommendation also properly found that Guidant should recover the fees of the court reporter for transcripts of several hours of audiotape and videotape recordings made by Mr. Dominik Wiktor, the inventor of the patent-in-suit who testified at trial. These transcripts were marked as trial exhibits (*see* DTX2600 - DTX2635), and were reasonably necessary in preparation for Mr. Wiktor's trial testimony as his prior

contemporaneously-made statements and present sense impressions. In addition, Medtronic played back portions of Mr. Wiktor's videotape during trial.

### C. Exemplifications

Medtronic has objected to the Magistrate Judge's Report and Recommendation award of Guidant's costs for the exemplification of: (1) physical models; (2) charts, diagrams, photographs, and other visual aids; (3) animations and other computer-generated visual aids; and (4) electronic scanning of exhibits and computer presentation system used for trial.[1] Here, as before the Magistrate Judge, Medtronic has adopted an all or nothing approach, asserting that no costs should be awarded.

In the alternative, Medtronic, for the first time, now argues that if all of the costs are not denied, then only a percentage of these costs should be awarded. Medtronic never raised this argument before the Magistrate Judge. Instead, Medtronic only argued that Guidant should not be awarded any costs for these exemplifications.[2]

In any event, Medtronic has not shown that these costs were unnecessary or unreasonable. Accordingly, the Magistrate's Report and Recommendation on costs should be affirmed.

#### 1. Exemplification of Physical Models

Medtronic has objected to the cost of physical models used at trial as a large and unusual expenditure which were used merely to illustrate expert testimony. The physical models,

---

[1] Medtronic also incorrectly asserts that Guidant did not identify any exhibits before the Magistrate Judge's hearing on costs. First, Medtronic's own arguments that these exhibits were "used merely to illustrate expert testimony" shows that Medtronic knew which exhibits were at issue. Secondly, Guidant did identify exhibit numbers several months before the hearing.

[2] Medtronic's all or nothing approach did succeed with respect to the travel expenses of Guidant's witnesses. The Report and Recommendation awarded no such costs for several witnesses because Medtronic argued that their travel expenses were excessive. Medtronic's all or nothing approach, however, did not succeed with respect to Guidant's exemplifications.

however, were used to assist the jury and the Court in understanding the complex issues and technology presented in this action. *See Cefalu v. Village of Elk Grove*, 211 F.3d 416, 428 (7th Cir. 2000) (costs may be awarded for familiar means of illustration such as models, charts, graphs and the like). For example, the experts and fact witnesses (such as Mr. John Nagy) used Guidant's physical models (*e.g.*, DTX2889) to rebut Medtronic's assertions with respect to its own model (*i.e.*, TX1600). Moreover, Medtronic's argument that the models were not necessary for trial is rebutted by its own actions: even Medtronic relied on Guidant's physical model of a stent (DTX2800a) in support of its Opposition to Defendants' Rule 50 Motion on Zig-Zags Lying Flat with Respect to the Cylinder that Medtronic filed during trial.

Medtronic also incorrectly asserts that Guidant did not identify the exhibit models until the hearing on November 30, 2001. Medtronic has ignored the fact that Guidant clearly identified the exhibit numbers in its reply on costs several months earlier on August 23, 2001.

In the alternative, Medtronic now makes the new argument that only a portion of Guidant's costs for its physical models should be allowed. Medtronic never argued this point before the Magistrate Judge. Additionally, the costs sought represent the development costs which would have been necessary for any of the physical models.

"Exemplification" has been interpreted to embrace all manner of demonstrative exhibits, including models, charts, photographs, illustrations, and other graphic aids. *See Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 878 F. Supp. 1417, 1428 n.10 (D. Kan. 1995) (citation omitted), *aff'd*, 76 F.3d 1178 (Fed. Cir. 1996). The Magistrate Judge's Report and Recommendation was correct to find that Guidant is entitled to recover the costs of exemplification under 28 U.S.C. § 1920(4) relating to the physical models.

**2. Exemplification of Charts, Diagrams, Photographs, and Other Visual Aids**

Medtronic objected to the costs associated with the exemplification of charts, diagrams, photographs and other visual aids as large and unusual expenditures, and because the charts and other visual aids were used merely to illustrate the witnesses' testimony and were not necessary to understand the case. Medtronic's initial objection before the Magistrate Judge that the visual aids "were primarily used merely to illustrate the testimony of expert witnesses" illustrates that Medtronic understood which trial exhibits fell in this category. Medtronic's Objections to Bill of Costs at 7-8 (August 16, 2001). Moreover, the exhibit numbers were clearly identified by Guidant several months before the Magistrate Judge's hearing on costs (a fact which Medtronic has repeatedly ignored).

Medtronic also incorrectly argues that the expenses of the consultants who prepared the exhibits represents the costs of "testifying witnesses." These consultants, however, did not testify at trial, and Medtronic's argument that this somehow circumvents the statutory expenses allowed for testifying witnesses is without foundation.

The Magistrate Judge's Report and Recommendations properly awarded the costs of exemplification under 28 U.S.C. § 1920(4) relating to the preparation of charts, photographs, and other visual aids necessarily obtained to assist the jury and the Court in understanding the complex issues presented in this action. The costs of such exemplifications are often allowed. *Maxwell v. Hapag-Lloyd Aktiengesellschaft*, 862 F.2d 767, 770 (9th Cir. 1988) (Section 1920(4) embraces expenses of producing photographs and other types of demonstrative evidence); *see also Rosebrough Monument Co. v. Memorial Park Cemetery Assn.*, 572 F. Supp. 92, 94 (E.D. Mo. 1983) (costs of exhibits and photographs were taxed); *Welsch v. Likins*, 68 F.R.D. 589, 597 (D. Minn. 1975) (photographic expenses were taxed as costs).

The lack of prior court approval does not prohibit an award of costs. In *Hill v. Gonzales*, 53 F.R.D. 1 (D. Minn. 1971), after noting that prior court approval for charts was not obtained, the Court then went forward to determine whether the charts were "necessary to an understanding of the case." *Id.* at 4. "[T]he courts have not made such prior approval an absolute prerequisite for the recovery of otherwise proper costs." *H.C. Baxter & Bro. v. Great Atlantic & Pacific Tea Co.*, 44 F.R.D. 49, 50 (D. Me. 1968); *cf. Manildra Milling*, 76 F.3d at 1184 ("a district court may overlook the lack of prior approval").

**3. Exemplification of Animation and Computer-Generated Visual Aids**

Medtronic objected to the animation and other computer-generated visual aids as a large and unusual expenditure that was not necessary because they "were primarily used merely to illustrate the testimony of expert witnesses." Medtronic's Objections to Bill of Costs at 8 (August 16, 2001). Again, Medtronic's assertion indicates that Medtronic fully understood which trial exhibits fell in this category.

Medtronic also makes several new arguments, including that the expenses of the outside consultants who prepared the animations are not a taxable cost of preparing the animation. This argument is nonsensical. The costs of the animations must include the expenses of those who prepared the animations.

The computer-generated visual aids were necessarily obtained to assist the jury and the Court in understanding the complex issues and medical technology presented in this action by utilizing the inherent electronic multi-media capabilities of the courtroom. *See Cefalu*, 211 F.3d at 429 (a party can recover "the cost of computer generated, multi-media presentations"). Moreover, Medtronic itself employed considerable computer-generated visual aids and animations at trial (*e.g.*, TX1593 and TX1594).

Referring to the state of courtroom technology, the Court's "Courtroom Technology Training" brochure states:

> Our new evidence technology brings the Courts into the present age. Now it's the Court's turn to give our citizens the information they need – and in a form they can use.

The costs associated with computer-generated visual aids are reasonable and should be allowed, especially in light of the technological capabilities of this courtroom. Computerized presentation of evidence has become the norm, and its use is encouraged by the courts. Guidant was properly awarded the costs of exemplification under 28 U.S.C. § 1920(4).

**4. Cost for Electronic Scanning of Exhibits and for Computer Presentation System Used for Trial**

Medtronic has objected to the cost for electronic scanning of exhibits for the computer presentation system used at trial as a large and unusual expenditure, and that Guidant should have avoided scanning all of the trial exhibits. It was necessary to scan all of the trial exhibits in advance, however, in order to be prepared to display any one of the exhibits as needed at trial. In addition, the costs of the computer presentation system would have been necessary for displaying any of the exhibits at trial.

Medtronic's assertion that this cost constitutes "yet another copy of the trial exhibits" is also without merit. The cost of electronic scanning the trial exhibits for exemplification is separate from the cost of photocopying the trial exhibits. *See Cefalu*, 211 F.3d at 428 ("So long as the means of presentation furthers the illustrative purpose of an exhibit, we believe it is potentially compensable as exemplification."). The electronic scanning allowed effective use of the advanced electronic courtroom presentation technology provided by the Court. Moreover, Medtronic incorrectly argues that it only used the Court's existing projector system by ignoring

the fact that it had prepared and used a comprehensive interactive computer presentation regarding the patent claims (*see* TX1594).

The courtroom was pre-wired with an electronic presentation system that the parties were encouraged to use, and the costs associated with the computer presentation system used at trial are taxable. Guidant was properly awarded the costs of exemplification under 28 U.S.C. § 1920(4) relating to the cost of scanning trial exhibits associated with the computer presentation system used for trial in order to utilize the built-in multi-media capabilities of the courtroom and to assist the jury and the Court in understanding the complex issues presented in this action.

## III. CONCLUSION

Medtronic has not shown that the costs awarded were unnecessary, unreasonable, or otherwise improper. Accordingly, Guidant respectfully requests that the Magistrate Judge's Report and Recommendation be affirmed.

DATE: February 27, 2002

By:____________________________

Lori Ann Wagner (#178871)
FAEGRE & BENSON LLP
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Tel: (612) 766-7000

Richard A. Bardin (CA#36,627)
John S. Nagy (CA#128,762)
John K. Fitzgerald (CA#166,821)
James Juo (CA#193,852)
FULWIDER PATTON
LEE & UTECHT, LLP
6060 Center Drive, Tenth Floor
Los Angeles, California 90045
Tel: (310) 824-5555

ATTORNEYS FOR DEFENDANTS
ADVANCED CARDIOVASCULAR
SYSTEMS, INC. AND GUIDANT CORP.

# EXHIBIT A

| ITEMIZATION OF COSTS | Guidant's original Bill of Costs before Magistrate | Medtronic's position before Magistrate | Amount awarded by Magistrate |
|---|---|---|---|
| Fees of the Clerk | $ 1125.00 | No objection | $ 1125.00 |
| Markman Hearing Transcript | $ 502.00 | No objection | $ 502.00 |
| Motions Hearing Transcript | $ 477.00 | No objection | $ 477.00 |
| Trial Transcripts | $ 16892.25 | $ 4143.00 | $ 6905.00 |
| Deposition Transcripts | $ 68978.37 | $ 18335.08 | $ 68978.37 |
| Transcripts of Wiktor Audiotapes and Videotapes | $ 4275.75 | -0- | $ 4275.75 |
| Fees for Witnesses | $ 9513.55 | $ 3723.50 | $ 3723.50 |
| Copies of Papers for Trial | $ 3240.00 | No objection | $ 3240.00 |
| Copies of U.S. Patent Office Records | $ 2022.20 | $ 1168.60 | $ 1168.60 |
| Copies of Prior Art Journal Articles | $ 1081.65 | No objection | $ 1081.65 |
| Production/purchase of Physical Models | $ 64790.10 | -0- | $ 64790.10 |
| Exemplification of Charts, Photographs, and Other Visual Aids | $ 74594.11 | -0- | $ 74594.11 |
| Exemplification of Animations and Other Computer-generated Visual Aids | $ 120279.03 | -0- | $ 120279.03 |
| Exemplification by Electronic Scanning for Trial Presentation System | $ 124580.84 | -0- | $ 124580.84 |
| Docket Fees | $ 20.00 | No objection | $20.00 |
| TOTALS: | $ 492,371.85 | * $ 33,815.83 | $ 475,740.95 |

* The categories currently objected to by Medtronic have been shaded.

# EXHIBIT B

| DEPONENT | Deponent testified at trial | Deposition used at trial | Deposition used in support of motion | Deposition considered by testifying expert | Deponent identified on witness list |
|---|---|---|---|---|---|
| Barclay, Bruce | ✔ | ✔ | | ✔ | ✔ |
| Baumgardt, James | | | | ✔ | ✔ |
| Castro, Anthony | | | ✔ | ✔ | ✔ |
| Chao, Cecilia | | | | | ✔ |
| Collins, Art | ✔ | | | | ✔ |
| Dolan, Robert | ✔ | ✔ | | | ✔ |
| Dollens, Ron | | | | | ✔ |
| Evans, Larry | ✔ | ✔ | | | ✔ |
| Faleschini, Richard | ✔ | | | | ✔ |
| Gellert, Scott | | | | ✔ | ✔ |
| George, William | | | | ✔ | ✔ |
| Graham, Ginger | ✔ | | | ✔ | ✔ |
| Hartigan, William | | | | ✔ | |
| Hausman, Jerry | ✔ | ✔ | | | ✔ |
| Hermiller, James | ✔ | ✔ | | | ✔ |
| Huss, Beverly | ✔ | | | ✔ | ✔ |
| Johnson, Timothy | | | | | ✔ |
| Klepinski, Robert | ✔ | ✔ | ✔ | ✔ | ✔ |
| Knopf, William | | | | | ✔ |
| Lam, Sharon | | | | | ✔ |
| Latham, Daniel | ✔ | | ✔ | ✔ | ✔ |
| Lau, Lilip | | ✔ | | ✔ | ✔ |
| Lynch, Edward | ✔ | ✔ | | ✔ | ✔ |
| Manbeck, Harry | ✔ | | ✔ | | ✔ |

| DEPONENT | Deponent testified at trial | Deposition used at trial | Deposition used in support of motion | Deposition considered by testifying expert | Deponent identified on witness list |
|---|---|---|---|---|---|
| Murray, Mark | | | | ✔ | ✔ |
| Nagy, John | ✔ | ✔ | | ✔ | ✔ |
| Neels, Guido | | | | ✔ | |
| Patton, Harold | | | | ✔ | ✔ |
| Pearle, David | ✔ | ✔ | ✔ | ✔ | ✔ |
| Racano, Vincent | | | | | ✔ |
| Ramee, Stephen | | | ✔ | | ✔ |
| Schneiderman, Gary | ✔ | | | | ✔ |
| Shy, James | ✔ | | | ✔ | ✔ |
| Solano, Scott | | | | | ✔ |
| Spaulding, Ronald | | | | ✔ | |
| Swinehart, Gregory | ✔ | ✔ | | | ✔ |
| Van Sloun, Math | | | | ✔ | ✔ |
| Warnecke, Michael | ✔ | ✔ | ✔ | | ✔ |
| White, Christopher | ✔ (by video deposition) | ✔ | ✔ | ✔ | ✔ |
| Wiktor, Dominik | ✔ | | ✔ | ✔ | ✔ |
| Wolff, Rodney | ✔ | | | ✔ | ✔ |

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing:

**ADVANCED CARDIOVASCULAR SYSTEMS AND GUIDANT'S RESPONSE TO MEDTRONIC'S OBJECTIONS TO REPORT AND RECOMMENDATION ON BILL OF COSTS**

on February 27, 2002, by causing a copy to be sent via Federal Express overnight delivery in an envelope addressed as follows:

Michael V. Ciresi, Esq.
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015

James Juo