**TAXATION OF COSTS SUMMARY**

Civil No. 00-2117 (JMR/FLN)

Sunny Fresh Foods, Inc.,

v.

Michael Foods, Inc., and
North Carolina State University.

---

This matter involves a dispute about four patents claiming unpasteurized liquid egg products and methods for making the same. Sunny Fresh Foods, Inc. v. Michael Foods, Inc., 130 F.App'x. 459, 460 (Fed. Cir. 2005). Defendant North Carolina State University was, at all relevant times, the owner of the patents-in-suit, and had exclusively licensed such patents to Defendant Michael Foods, Inc. Sunny Fresh Foods, Inc. v. Michael Foods, Inc., 205 F.Supp. 1077, 1082 (D.Minn. 2002). On September 13, 2000, Plaintiff Sunny Fresh Foods, Inc., filed a Complaint seeking a declaratory judgment it had not infringed on any valid claims of Defendants' patents and, in the alternative, a declaration that the patents were invalid or unenforceable against Plaintiff. Compl., p. 14; [Docket No. 1]. Defendants filed an Answer which included Counterclaims alleging: 1) patent infringement; 2) breach of duty of good faith; 3) breach of contract; 4) fraud in the inducement; and 5) unfair competition in violation of North Carolina Statutes. Am. Answer, p. 8-11; [Docket No. 55].

On August 23, 2002, Defendants' Counterclaims II-V were dismissed on summary judgment. [Docket No. 152]. The matter proceeded to trial on the remaining issues, resulting in judgment in favor of Plaintiff on the issue of infringement, and judgment in favor of the

Defendants on the issues of validity and inequitable conduct. [Docket No. 329]. On April 15, 2005, the Federal Circuit Court of Appeals affirmed the judgment of no infringement of the patents-in-suit.[1] Sunny Fresh Foods, 130 F.App'x. at 465. Plaintiff now requests the taxation of costs under Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 for an amount totaling $486,858.14. [Docket No. 379.]

Defendants object to the Bill of Costs, primarily on the grounds that Plaintiff is not a prevailing party as set forth in Fed. R. Civ. P. 54(d)(1) and relevant Federal Circuit precedent. See Defs.' Opp., p. 4-7; [Docket No. 386.] Defendants argue that the relevant test set forth by the Federal Circuit as to whether a plaintiff prevails is whether "actual relief on the merits of [the plaintiff's] claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Id., p. 4 (quoting Manildra Milling Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1182 (Fed. Cir. 1996)). Applying the test set forth in Manildra Milling, Defendants argue that the ultimate disposition in this matter did not directly benefit either party as against the other party. See id., p. 5. In support of their argument, Defendants point out that they successfully defended the four patents at issue against claims of invalidity and inequitable conduct, and that the patents are still in effect and that Defendants continue to collect royalties from companies who practice the patented process. See id., p. 5-6.

In response, Plaintiff agrees that Manildra Milling sets forth the proper standard for determining whether a party is the prevailing party or not, but disagrees with Defendants' contention that the ultimate disposition in this matter did not materially alter the legal

[1] Plaintiff cross-appealed regarding the verdicts of in Defendants' favor regarding validity and inequitable conduct, but because the Federal Circuit affirmed the judgment of no infringement it did not reach the issues raised by Plaintiff. See Sunny Fresh Foods, 130 F.App'x. at 465.

relationship between the parties. See Pl.'s Resp., p. 6; [Docket No. 389]. Plaintiff argues that the ultimate disposition did, in fact, change the legal relationship between the parties in that Plaintiff "accomplished its fundamental goal in bringing this case – to clear its processes and products, and the customers that buy and use them, of the threat created by Defendants' *in terrorem* infringement allegations." Id. Plaintiff quotes Manildra Milling, which held that "[b]y removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit." 76 F.3d at 1183. Plaintiff also directs the Clerk to a recent decision of the Federal Circuit, in which the Court held that "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of litigation, and not on a count of the number of claims and defenses." Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005).

The Clerk agrees with Plaintiff's argument. Plaintiff obtained its primary objective in this matter: a declaratory judgment that it was not infringing upon the patents-in-suit. This matter is nearly on all fours with the Brooks Furniture case, and the rationale of the Federal Circuit in finding the plaintiff there to be a prevailing party applies with equal force to this matter. Defendants claim that a stalemate was achieved by virtue of their prevalence on the issues of invalidity and inequitable conduct is unavailing. Those issues were alternative defenses raised by Plaintiff in their protective filing, and the fact that they were unsuccessful does not change the fact that Plaintiff obtained an outcome in it's favor. See id. Applying the facts of this case to established Federal Circuit authority the Clerk finds that Plaintiff is a prevailing party within the meaning of Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920 and thus entitled to recover costs. Having reviewed the parties' submissions, the Clerk finds that it is

appropriate to award Plaintiff it's requested costs in full:

I. Fees of the Clerk

| | | | |
|---|---|---|---|
| Claimed | $380.00 | Allowed | $380.00 |

II. Fees of the Court Reporter

| | | | |
|---|---|---|---|
| Claimed | $158,963.32 | Allowed | $158,963.32 |

III. Fees for Witnesses

| | | | |
|---|---|---|---|
| Claimed | $13,786.22 | Allowed | $13,786.22 |

IV. Fees for Exemplification and Copies

| | | | |
|---|---|---|---|
| Claimed | $319,671.10 | Allowed | $319,671.10 |

V. Docket Fees Under 28 U.S.C. § 1923

| | | | |
|---|---|---|---|
| Claimed | $57.50 | Allowed | $319,671.10 |

**TOTAL ALLOWED: $486,858.14**

Dated: December 30, 2005